IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALAN E. ROBLES                      )
                                    )
        Plaintiff,                  )        CIVIL ACTION
                                    )        FILE NO.:
vs.                                 )
                                    )
QUIKTRIP CORPORATION                )
                                    )
        Defendant.                  )
_____)


**EXHIBIT "A"**

**TO NOTICE OF AND PETITION FOR REMOVAL**

 **CT Corporation**

**Service of Process Transmittal**
05/20/2016
CT Log Number 529200991

TO: Marshall Wells
QuikTrip Corporation
4705 S 129th East Ave
Tulsa, OK 74134-7008

RE: **Process Served in Georgia**

FOR: QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALAN E. ROBLES, Pltf. vs. QUIKTRIP CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint, Verification, Exhibit(s), Certificate, First Interrogatories, First Request |
| **COURT/AGENCY:** | Fulton County State Court, Fulton, GA<br>Case # 16EV002390 |
| **NATURE OF ACTION:** | Personal Injury - September 6, 2015, at approximately 11:00 p.m. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2016 at 11:21 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date the Summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Parag Y. Shah<br>The Shah Law Firm<br>1355 Peachtree Street, Suite 1800<br>Atlanta, GA 30309<br>(404) 844-4874 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2016, Expected Purge Date: 05/25/2016<br><br>Image SOP<br><br>Email Notification,  Marshall Wells  mwells@quiktrip.com<br><br>Email Notification,  Chris Western  cwestern@quiktrip.com<br><br>Email Notification,  Krissy Snow  ksnow@quiktrip.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361<br>404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State Court of Fulton County
**E-FILED**
16EV002390
5/19/2016 1:03:44 PM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. 16EV002390

Alan E. Robles

3650 Colonnade Ct.

Rex, GA 30273

Plaintiff's Name, Address, City, State, Zip Code

v

Quiktrip Corporation

CT Corporation, 1201 Peachtree St.

NE,   Atlanta, GA   30361

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | |
| | ********** |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:   Quiktrip Corporation

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Shah Law Firm

Address: 1355 Peachtree St, Suite 1800

City, State, Zip Code: Atlanta, Georgia 30309          Phone No.: 404-844-4874

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This 19th day of May, 2016          Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20____.
_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____.          _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
16EV002390
5/19/2016 1:03:44 PM
LeNora Ponzo, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. 16EV002390

Alan E. Robles

3650 Colonnade Ct.

Rex, GA 30273

Plaintiff's Name, Address, City, State, Zip Code

v

Quiktrip Corporation

CT Corporation, 1201 Peachtree St.

NE,    Atlanta, GA   30361

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:   Quiktrip Corporation

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Shah Law Firm

Address: 1355 Peachtree St, Suite 1800

City, State, Zip Code: Atlanta, Georgia 30309                Phone No.: 404-844-4874

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This 19th day of May, 2016

Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.    _____
                                                             DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

v.

QUIKTRIP CORPORATION,

    Defendant.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

### VERIFIED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, **ALAN E. ROBLES,** by and through undersigned counsel in the above-styled action, and hereby files this Verified Complaint for Damages against Defendant **QUIKTRIP CORPORATION** (hereinafter "Defendant"), as follows:

### PARTIES, VENUE & JURISDICTION

1.

Defendant is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business located at P.O. Box 3475, Tulsa, Oklahoma 74101 and doing business in Georgia under a certificate of authority from the Georgia Secretary of State. Defendant may be served with process through its registered agent for service, CT Corporation, 1201 Peachtree St., NE Atlanta, Fulton County, GA 30361.

2.

Plaintiff is a resident of the state of Georgia.

3.

Venue is proper in Fulton County, Georgia pursuant to O.C.G.A. §§ 9-10-31(b) and 14-2-510(b)(1).

## STATEMENT OF FACTS

### 4.

On September 6, 2015, at approximately 11:00 p.m., Plaintiff was lawfully an invitee at Quiktrip (hereinafter "the premises") located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274.

### 5.

Plaintiff went inside the convenience store with his brother, Cesar Robles, and purchased goods.

### 6.

Upon exiting the store, Plaintiff and his brother returned to their truck parked adjacent the convenience store in the parking lot less than fifty (50) feet from the front door of the store.

### 7.

Plaintiff and his brother were then victims of an armed robbery and aggravated assault with a deadly weapon, to wit, a handgun, by another individual in the parking lot.

### 8.

Plaintiff's brother was able to run inside the convenience store on the premises without being shot, whereupon he pleaded to Defendant, individually and/or by and through its agents, servants and/or employees to help his brother by calling the police.

### 9.

Despite Plaintiff's brother's repeated cries for help to call the police, Defendant, individually and/or by and through its agents, servants and/or employees actively ignored his requests and did nothing.

10.

When Plaintiff attempted to run inside for safety with his brother, he was shot in the neck a few feet away from the front entrance to the convenience store.

11.

At all times mentioned herein, Defendant was the owner, and/or occupier, and/or the possessor and/or manager of the premises and business entity located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274.

12.

By express or implied invitation, Defendant induced or led others, including Plaintiff, to come upon said premises for a lawful purpose, namely to either purchase gas from the gas pumps or goods from inside the convenience store.

13.

At the aforesaid time and place, Defendant, individually and/or by and through its agents, servants and/or employees maintained the premises including the pump area, parking lot adjacent to both the pumps and convenience store, walkways, means of egress and ingress from the premises, and inside the convenience store.

14.

At the aforesaid time and place, Defendant, individually and/or by and through its agents, servants and/or employees had both actual and constructive notice of a dangerous and hazardous condition, to wit, the absence of adequate and sufficient security measures, existing on the premises due to the police being called to that location hundreds of times[1], many of which in

---

[1] See Clayton County E-911 Response to Open Records Request for Prior CAD Reports Regarding 93 Upper Riverdale Road, Riverdale, Georgia 30274 attached as Exhibit A.

Robles' Verified Complaint for Damages, Page 3 of 26

reference to crimes violent in nature occurring on the premises in the last five (5) years leading up to this incident, including but not limited to the following:

| (1) | Armed Robbery[2] | 01/01/2012 |
| (2) | Robbery by Sudden Snatching[3] | 01/12/2013 |
| (3) | Armed Robbery[4] | 04/01/2013 |
| (4) | Aggravated Assault FV[5] | 05/23/2014 |
| (5) | Armed Robbery[6] | 07/14/2014 |
| (6) | Robbery by Force[7] | 07/21/2014 |
| (7) | Attempted Armed Robbery[8] | 08/05/2014 |
| (8) | Fight and Poss. Drugs WID[9] | 12/28/2014 |

15.

Defendant, and/or by and through its agents, servants and/or employees knowingly and with conscious disregard for the safety of others maintained the premises in a negligent manner, and without adequate and sufficient security measures.

16.

The acts or omissions of Defendant and/or by and through its agents, servants and/or employees caused a dangerous and hazardous condition to exist on the premises, to wit, the absence of adequate and sufficient security measures.

---

[2] See Incident Report attached as Exhibit B.
[3] See Incident Report attached as Exhibit C.
[4] See Incident Report attached as Exhibit D.
[5] See Incident Report attached as Exhibit E.
[6] See Incident Report attached as Exhibit F.
[7] See Incident Report attached as Exhibit G.
[8] See Incident Report attached as Exhibit H.
[9] See Incident Report attached as Exhibit I.

17.

At the aforesaid time and place, Defendant held out the premises as a "SAFE PLACE," a place where victims of physical violence could retreat for help, and knew or should have known that this would mislead invitees, such as Plaintiff, onto the premises believing it was safe when Defendant actually knew it was not.

18.

At the aforesaid time and place, Defendant had actual and constructive knowledge that an attack was taking place or about to take place on its premises against business invitee Plaintiff and did absolutely nothing to intervene to protect him.

19.

As a result, Plaintiff suffered severe and permanent injuries.

20.

At all times pertinent to the subject matter of this complaint, Plaintiff did not contribute to the cause of the dangerous and hazardous condition.

## COUNT ONE – NEGLIGENCE:

### WITH ACTUAL OR CONSTRUCTIVE KNOWLEDGE THAT AN ATTACK WAS TAKING OR GOING TO TAKE PLACE, DEFENDANT FAILED TO INTERVENE TO PROTECT PLAINTIFF[10]

21.

Plaintiff incorporates by reference Paragraphs 1-20 as if fully restated herein.

22.

At all times pertinent to the subject matter of this complaint, Plaintiff was a business invitee on the subject premises.

---

[10] See Baker v. Krishna Hospitality, Inc., 289 Ga. 565 (2011); Wade v. Findlay Mgmt., 253 Ga. App. 688 (2002); Shell Oil Co. et al. v. Diehl, 205 Ga. App. 367 (1992); Confetti Atlanta, Ltd. v. Gray, 202'Ga. App. 241 (1999).

23.

From the moment the aggravated assault with a deadly weapon and armed robbery began, the entire incident was captured on Defendant's security cameras and visible on the monitors inside the store.

24.

Defendant therefore had knowledge the attack was taking or about to take place and did nothing.

25.

Even if Defendant believes it had no knowledge the attack was taking or about to take place based upon the security footage, Defendant at least had knowledge that the attack was taking place at the moment Plaintiff's brother entered the store and pleaded for Defendant to call the police, and Defendant still did nothing.

26.

As an owner of a commercial establishment which solicits business invitees onto its premises, Defendant owed a duty of interference to protect Plaintiff from apparent and foreseeable danger.

27.

The danger here was apparent, foreseeable, and visible based upon the security footage in live-time on the interior monitors and Plaintiff's brother's cries for help.

28.

With actual knowledge that this was occurring or about to occur, Defendant breached its duty to intervene by failing to do anything until Plaintiff was shot several minutes later.

29.

Because Defendant failed to do anything to help Plaintiff when it knew or should have known that a shooting was about to take place, Defendant was a concurrent and proximate cause of the shooting and Plaintiff's resulting injuries.

## COUNT TWO – NEGLIGENCE:

## DEFENDANT FAILED TO EXERCISE ORDINARY CARE TO PROTECT PLAINTIFF ON ITS PREMISES FROM FORSEEABLE DANGEROUS CONDUCT OF OTHERS[11]

30.

Plaintiff incorporates by reference Paragraphs 1-29 as if fully restated herein.

31.

In the previous five years to this incident, police were called to Defendant's premises hundreds of times, many of which were for crimes violent in nature occurring or about to occur on the property.[12]

32.

Despite these prior violent crimes, Defendant took no security measures to protect its patrons or property.

33.

It was foreseeable to Defendant that this incident against Plaintiff – an armed robbery and aggravated assault with a deadly weapon – would occur based upon these prior incidents.

34.

Defendant owed a duty to Plaintiff to exercise ordinary care to protect him and other invitees on its premises from the foreseeable dangerous conduct of others.

---

[11] See Little-Thomas v. Select Specialty Hospital-Augusta, Inc., 333 Ga. App. 362 (2015).
[12] See Exhibits A-I.

35.

Despite the numerous criminal acts which occurred on the premises previously, Defendant breached its duty by doing nothing to guard Plaintiff against injury from dangerous or hazardous conditions likely to occur on the property.

36.

As a result of Defendant's failure to do any sort of modification to security to prevent crimes which occurred previously on its premises from occurring in the future including this incident, Defendant was a concurrent and proximate cause of the shooting and Plaintiff's resulting injuries.

## COUNT THREE – NEGLIGENCE:

### WITH ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF NUMEROUS PRIOR VIOLENT CRIMES OCCURRING ON ITS PREMISES, DEFENDANT MISLED THE PLAINTIFF INTO A BELIEF THAT THE DANGEROUS OR HAZARDOUS CONDITIONS HAD BEEN REMOVED[13]

37.

Plaintiff incorporates by reference Paragraphs 1-36 as if fully restated herein.

38.

At all times pertinent to the subject matter of this complaint, Defendant knowingly and actively held the subject premises out as a "SAFE PLACE"[14] where victims of physical violence could be protected, sheltered, and given help if necessary by police intervention.

---

[13] See Walker v. MARTA, 226 Ga. App. 793 (1997).
[14] See Sample Image of "SAFE PLACE" Sign Present on Storefront attached as Exhibit J.

38.

Despite the many prior violent crimes occurring on its premises in five years preceding this incident[15], Defendant chose not to warn its business invitees, including Plaintiff, of the known perils they would likely face once on their property.

39.

Instead, Defendant continued to designate the premises as a "SAFE PLACE".

40.

In openly advertising its premises as a "SAFE PLACE" to the public, Defendant knowingly misled Plaintiff and others into believing any previous danger had been removed and they could feel "safe" from harm once on the premises.

41.

Defendant's open advertising of "SAFE PLACE" created an elevated duty to institute reasonable security measures to protect Plaintiff from the foreseeable harm by others.

42.

At the very least, the adoption and use of the "SAFE PLACE" policy created a duty for Defendant to use ordinary care in keeping the premises and approaches safe.

43.

Defendant breached this duty by doing nothing when Plaintiff was actively being assaulted and robbed with a gun outside the store with the entire incident on the video monitors inside the store.

44.

Defendant breached this duty by doing nothing once Plaintiff's brother entered the store and pleaded for Defendant to call the police to help his brother.

---

[15] See e.g. Exhibits B-1.

45.

As a result of Defendant's assumption of an elevated duty to protect those from harm by openly advertising and holding itself out as a SAFE PLACE for those in fear of their safety, and failing to institute any reasonable security measures whatsoever to make the premises a safe place as evidenced by their failure to do anything once the crime against Plaintiff was about to or was occurring, Defendant was a concurrent and proximate cause of the shooting and Plaintiff's resulting injuries.

## COUNT FOUR – NEGLIGENCE PER SE

46.

Plaintiff incorporates by reference Paragraphs 1-45 as if fully restated herein.

47.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), knew, or in the exercise of reasonable care should have known, of the risks of injuries to its invitees from said dangerous and hazardous condition existing on its premises, they did not take reasonable precautions to guard against the said condition(s) and failed to protect its invitees therefrom, including Plaintiff.

48.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), had actual knowledge of the dangerous and hazardous condition existing in its premises through the direct knowledge of its agent(s) and/or employee(s).

49.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), had constructive knowledge of the dangerous and hazardous condition existing in its premises through the constructive knowledge of its agent(s) and/or employee(s).

50.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), had actual and/or constructive knowledge of the dangerous and hazardous condition on the property which was superior to the knowledge Plaintiff had of said condition(s).

51.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), negligently failed to implement and/or follow appropriate policies and procedures regarding the inspection, maintenance and safety of the subject premises, including the area where Plaintiff was robbed and shot.

52.

If appropriate policies, procedures, and/or other security measures were implemented to prevent the type of harm which occurred against Plaintiff on the premises, Defendant chose not to enforce or follow these policies.

53.

Defendant, individually and/or by and through their agent(s), servant(s), and/or employee(s), was familiar with the type of dangerous and hazardous condition existing on its premises and had actual or constructive knowledge of the dangerous and hazardous condition.

54.

One or more of the Defendants, individually and/or by and through their agent(s), servant(s), and/or employee(s), was negligent and said negligence proximately caused Plaintiff's injuries in one or more of the following ways:

a) Failing to use ordinary care to keep the premises safe in violation of O.C.G.A. §51-3-1;

b) Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned premises;

c) Failure to provide adequate and sufficient security;

d) Failure to intervene with knowledge that an attack was taking place or going to take place on its premises against one of its invitees;

e) Failure to warn Plaintiff and other persons lawfully on said premises of the dangerous and hazardous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

f) Misleading Plaintiff and other persons lawfully on said premises into a belief that said dangerous and hazardous conditions had been removed by designating said premises a "SAFE PLACE"; and,

g) Was otherwise careless and negligent in the operation of its premises.

55.

At all times relative to this incident, Plaintiff was exercising ordinary care and diligence.

56.

Defendant's negligence, individually and/or by and through its agent(s), servant(s), and/or employee(s), was the concurrent and proximate cause of the armed robbery and shooting of Plaintiff and resulting injuries

## COUNT FIVE - DAMAGES

57.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 56 above as if fully restated.

58.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered multiple physical and emotional injuries and will continue to suffer physical and emotional injuries in the future, including bodily injury, pain and mental suffering.

59.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial.

60.

As a direct and proximate result of Defendant's negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial.

61.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred lost wages, in an amount to be proven at trial.

62.

As a direct and proximate result of Defendant's negligence, Plaintiff's earning capacity and capacity to labor has diminished, in an amount to be proven at trial.

63.

Defendants' negligence is the concurrent and proximate cause of Plaintiff's injuries.

## COUNT SIX – PUNITIVE DAMAGES

64.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 63 above as if fully restated.

65.

Defendant demonstrated willful misconduct, malice, wantonness, or the entire want of care which would raise the presumption of conscious indifference to consequences by failing exercise due care in keeping the premises safe in conjunction with prior acts, entitling Plaintiff to punitive damages in the instant action.

**WHEREFORE,** Plaintiff prays that the Court award the following relief against Defendant:

a) That process be issued and served upon Defendant;

b) That reasonable damages to be proven at trial be granted to Plaintiff and against Defendant for past, present, and future general and special damages;

c) That Plaintiff recover punitive damages;

d) That this case be tried before a jury of twelve; and

e) That Plaintiff be awarded such other relief as this Court deems just and proper.

This, the 18th day of May, 2016.

Respectfully Submitted,

Parag Y. Shah, esq.
Georgia Bar No. 648177
Keith N. Evra, esq.
Georgia Bar No. 810271
Attorneys for Plaintiffs

The Shah Law Firm
1355 Peachtree Street, Suite 1800
Atlanta, Georgia 30309
(404) 844-4874
(404) 433-1136 (cell)
(404) 410-6933 (fax)
Shah@ShahLawFirm.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN ROBLES,                                      CIVIL ACTION FILE NO.

     Plaintiff,

     v.

QUIKTRIP CORPORATION,

     Defendant.

## VERIFICATION

Personally appeared before the undersigned attesting officer, duly authorized by law to administer oaths, Alan Robles, who after being duly sworn, deposes and on oath says under penalty of perjury, that the facts contained in the within and foregoing claim are true and correct to the best of his personal knowledge and belief.

This 18th day of May, 2016.

_____
Alan Robles

Sworn and subscribed before me

This, the 18 day of May, 2016.

_____
Notary Public

Expiration: 7-28-16

Alan Robles' Verification of Complaint, Page 1 of 1

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

## EXHIBIT A

| CADCALL | CaseNum | Signal | Unicode | Disp | Date | Beat | DispTime | StreetNum | StreetName | StreetDir |
|---|---|---|---|---|---|---|---|---|---|---|
| 110020504 | 11000271 | 114 | TPO | 22 | 1/2/11 | 127 | 185226 | 93 | UPPER RIVERDALE | SW |
| 110080173 | 11001273 | 69 | PERARM | 21 | 1/8/11 | 127 | 82824 | 93 | UPPER RIVERDALE | SW |
| 110090529 | 11001447 | 114 | TPO | 22 | 1/9/11 | 127 | 190505 | 93 | UPPER RIVERDALE | SW |
| 110400476 | 11006154 | 54 | SUSPER | 21 | 2/9/11 | 127 | 122812 | 93 | UPPER RIVERDALE | SW |
| 110410066 | 11006278 | 53 | SUICIDE | 21 | 2/10/11 | 127 | 54446 | 93 | UPPER RIVERDALE | SW |
| 110410634 | 11006373 | 41 | ACC | 10 | 2/10/11 | 127 | 160036 | 93 | UPPER RIVERDALE | SW |
| 110450745 | 11007064 | 41 | ACC | 10 | 2/14/11 | 127 | 161715 | 93 | UPPER RIVERDALE | SW |
| 110551109 | 11008969 | 114 | TPO | 22 | 2/24/11 | 127 | 225318 | 93 | UPPER RIVERDALE | SW |
| 110590214 | 11009472 | 41 | ACC | 10 | 2/28/11 | 127 | 84708 | 93 | UPPER RIVERDALE | SW |
| 110601013 | 11009827 | 43 | HITRUN | 10 | 3/1/11 | 127 | 213254 | 93 | UPPER RIVERDALE | SW |
| 110860570 | 11014469 | 224 | 86INFO | 21 | 3/27/11 | 127 | 195529 | 93 | UPPER RIVERDALE | SW |
| 110890919 | 11015013 | 43 | HITRUN | 10 | 3/30/11 | 127 | 215729 | 93 | UPPER RIVERDALE | SW |
| 110910207 | 11015277 | 43 | HITRUN | 10 | 4/1/11 | 127 | 82612 | 93 | UPPER RIVERDALE | SW |
| 111020558 | 11017260 | 41 | ACC | 10 | 4/12/11 | 127 | 141819 | 93 | UPPER RIVERDALE | SW |
| 111050708 | 11017824 | 41 | ACC | 10 | 4/15/11 | 127 | 165843 | 93 | UPPER RIVERDALE | SW |
| 111150686 | 11019533 | 141 | ACCINJ | 10 | 4/25/11 | 127 | 152913 | 93 | UPPER RIVERDALE | SW |
| 111160832 | 11019752 | 114 | TPO | 21 | 4/26/11 | 127 | 181532 | 93 | UPPER RIVERDALE | SW |
| 111170360 | 11019848 | 41 | ACC | 10 | 4/27/11 | 127 | 103611 | 93 | UPPER RIVERDALE | SW |
| 111250411 | 11021234 | 41 | ACC | 10 | 5/5/11 | 127 | 114138 | 93 | UPPER RIVERDALE | SW |
| 111410831 | 11024274 | 41 | ACC | 10 | 5/21/11 | 127 | 201912 | 93 | UPPER RIVERDALE | SW |
| 111420071 | 11024302 | 23 | BADCHILD | 21 | 5/22/11 | 127 | 13031 | 93 | UPPER RIVERDALE | SW |
| 111510699 | 11026019 | 141 | ACCINJ | 10 | 5/31/11 | 127 | 145105 | 93 | UPPER RIVERDALE | SW |
| 111521062 | 11026318 | 57 | NOISE | 21 | 6/1/11 | 127 | 230542 | 93 | UPPER RIVERDALE | SW |
| 111530833 | 11026456 | 56 | MISPER | 21 | 6/2/11 | 127 | 155935 | 93 | UPPER RIVERDALE | SW |
| 111530853 | 11026454 | 45 | THEFT | 21 | 6/2/11 | 127 | 162311 | 93 | UPPER RIVERDALE | SW |
| 111600084 | 11027619 | 54 | SUSPER | 21 | 6/9/11 | 127 | 30919 | 93 | UPPER RIVERDALE | SW |
| 111600101 | 11027620 | 52 | STOLEN | 21 | 6/9/11 | 127 | 35241 | 93 | UPPER RIVERDALE | SW |
| 111620397 | 11028108 | 41 | ACC | 10 | 6/11/11 | 127 | 122843 | 93 | UPPER RIVERDALE | SW |
| 111670679 | 11029169 | 41 | ACC | 10 | 6/16/11 | 127 | 162841 | 93 | UPPER RIVERDALE | SW |
| 111720222 | 11029977 | 224 | 86INFO | 21 | 6/21/11 | 127 | 85357 | 93 | UPPER RIVERDALE | SW |
| 111741101 | 11030526 | 225 | 65INFO | 21 | 6/23/11 | 127 | 233725 | 93 | UPPER RIVERDALE | SW |
| 111790671 | 11031332 | 225 | 65INFO | 21 | 6/28/11 | 127 | 161842 | 93 | UPPER RIVERDALE | SW |
| 111790743 | 11031343 | 65 | DISTURB | 21 | 6/28/11 | 127 | 174847 | 93 | UPPER RIVERDALE | SW |
| 111870834 | 11033000 | 41 | ACC | 10 | 7/6/11 | 127 | 170643 | 93 | UPPER RIVERDALE | SW |
| 111890109 | 11033283 | 65 | DISTURB | 21 | 7/8/11 | 127 | 34213 | 93 | UPPER RIVERDALE | SW |
| 111920208 | 11033752 | 45 | THEFT | 21 | 7/11/11 | 127 | 74750 | 93 | UPPER RIVERDALE | SW |
| 111980708 | 11035083 | 87 | VANDAL | 21 | 7/17/11 | 127 | 220503 | 93 | UPPER RIVERDALE | SW |
| 112110736 | 11037323 | 45 | THEFT | 21 | 7/30/11 | 127 | 190332 | 93 | UPPER RIVERDALE | SW |
| 112250120 | 11039826 | 114 | TPO | 21 | 8/13/11 | 127 | 31105 | 93 | UPPER RIVERDALE | SW |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 112260929 | 11040076 | 141 | ACCINJ | 10 | 8/14/11 | 127 | 235953 | 93 UPPER RIVERDALE | SW |
| 112270586 | 11040177 | 141 | ACCINJ | 10 | 8/15/11 | 127 | 143607 | 93 UPPER RIVERDALE | SW |
| 112271107 | 11040254 | 43 | HITRUN | 10 | 8/15/11 | 127 | 235245 | 93 UPPER RIVERDALE | SW |
| 112320013 | 11040998 | 54 | SUSPER | 21 | 8/20/11 | 127 | 1650 | 93 UPPER RIVERDALE | SW |
| 112320310 | 11041046 | 24 | DEMENTED | 21 | 8/20/11 | 127 | 111327 | 93 UPPER RIVERDALE | SW |
| 112330783 | 11041308 | 65 | DISTURB | 21 | 8/21/11 | 127 | 223059 | 93 UPPER RIVERDALE | SW |
| 112430822 | 11043076 | 23 | BADCHILD | 21 | 8/31/11 | 127 | 173856 | 93 UPPER RIVERDALE | SW |
| 112450848 | 11043489 | 225 | 65INFO | 21 | 9/2/11 | 127 | 181243 | 93 UPPER RIVERDALE | SW |
| 112501145 | 11044413 | 114 | TPO | 22 | 9/7/11 | 127 | 235041 | 93 UPPER RIVERDALE | SE |
| 112530773 | 11044888 | 41 | ACC | 10 | 9/10/11 | 127 | 204908 | 93 UPPER RIVERDALE | SW |
| 112550679 | 11045146 | 99 | DRUGS | 21 | 9/12/11 | 127 | 164717 | 93 UPPER RIVERDALE | SW |
| 112550725 | 11045170 | 54 | SUSPER | 21 | 9/12/11 | 127 | 174317 | 93 UPPER RIVERDALE | SW |
| 112600186 | 11045930 | 24 | DEMENTED | 21 | 9/17/11 | 127 | 80059 | 93 UPPER RIVERDALE | SW |
| 112620818 | 11046324 | 114 | TPO | 22 | 9/19/11 | 127 | 173117 | 93 UPPER RIVERDALE | SE |
| 112640066 | 11046589 | 45 | THEFT | 21 | 9/21/11 | 127 | 25807 | 93 UPPER RIVERDALE | SW |
| 112661051 | 11047122 | 30 | DUI | 21 | 9/23/11 | 127 | 230023 | 93 UPPER RIVERDALE | SW |
| 112670514 | 11047198 | 41 | ACC | 10 | 9/24/11 | 127 | 155557 | 93 UPPER RIVERDALE | SW |
| 112700592 | 11047703 | 41 | ACC | 10 | 9/27/11 | 127 | 152138 | 93 UPPER RIVERDALE | SW |
| 112701012 | 11047765 | 114 | TPO | 22 | 9/27/11 | 127 | 230913 | 93 UPPER RIVERDALE | SW |
| 112750078 | 11048492 | 100 | ASTMOTOR | 21 | 10/2/11 | 127 | 24108 | 93 UPPER RIVERDALE | SW |
| 112780112 | 11048992 | 43 | HITRUN | 10 | 10/5/11 | 127 | 34149 | 93 UPPER RIVERDALE | SW |
| 112851149 | 11050337 | 54 | SUSPER | 21 | 10/12/11 | 127 | 233736 | 93 UPPER RIVERDALE | SW |
| 112880364 | 11050741 | 41 | ACC | 10 | 10/15/11 | 127 | 112645 | 93 UPPER RIVERDALE | SW |
| 112900725 | 11051134 | 141 | ACCINJ | 10 | 10/17/11 | 127 | 171219 | 93 UPPER RIVERDALE | SW |
| 112960674 | 11052124 | 225 | 65INFO | 21 | 10/23/11 | 127 | 210328 | 93 UPPER RIVERDALE | SW |
| 112970983 | 11052352 | 65 | DISTURB | 21 | 10/24/11 | 127 | 223603 | 93 UPPER RIVERDALE | SW |
| 113070317 | 11054083 | 64 | SELLING | 21 | 11/3/11 | 127 | 85125 | 93 UPPER RIVERDALE | SW |
| 113110980 | 11054860 | 114 | TPO | 22 | 11/7/11 | 127 | 210343 | 93 UPPER RIVERDALE | SW |
| 113230058 | 11056673 | 45 | THEFT | 21 | 11/19/11 | 127 | 23405 | 93 UPPER RIVERDALE | SW |
| 113330604 | 11058470 | 114 | TPO | 22 | 11/29/11 | 127 | 131217 | 93 UPPER RIVERDALE | SW |
| 113331026 | 11058556 | 45 | THEFT | 21 | 11/29/11 | 127 | 193314 | 93 UPPER RIVERDALE | SW |
| 113340447 | 11058646 | 45 | THEFT | 21 | 11/30/11 | 127 | 101311 | 93 UPPER RIVERDALE | SE |
| 113391163 | 11060008 | 43 | HITRUN | 10 | 12/5/11 | 127 | 203639 | 93 UPPER RIVERDALE | SW |
| 113490487 | 11062288 | 34 | STOLEVEH | 21 | 12/15/11 | 127 | 112209 | 93 UPPER RIVERDALE | SW |
| 113500011 | 11062480 | 114 | TPO | 21 | 12/16/11 | 127 | 1207 | 93 UPPER RIVERDALE | SW |
| 113570683 | 11064005 | 41 | ACC | 10 | 12/23/11 | 127 | 183414 | 93 UPPER RIVERDALE | SW |
| 113630866 | 11065043 | 43 | HITRUN | 10 | 12/29/11 | 127 | 191421 | 93 UPPER RIVERDALE | SW |
| 120010153 | 12000025 | 129 | 44PED | 21 | 1/1/12 | 127 | 11903 | 93 UPPER RIVERDALE | SW |
| 120040372 | 12000478 | 45 | THEFT | 21 | 1/4/12 | 127 | 94207 | 93 UPPER RIVERDALE | SW |
| 120310439 | 12006193 | 114 | TPO | 22 | 1/31/12 | 127 | 110836 | 93 UPPER RIVERDALE | SW |
| 120330007 | 12006633 | 41 | ACC | 10 | 2/2/12 | 127 | 1346 | 93 UPPER RIVERDALE | SW |
| 120340444 | 12006964 | 41 | ACC | 10 | 2/3/12 | 127 | 113550 | 93 UPPER RIVERDALE | SW |
| 120341014 | 12007115 | 30 | DUI | 21 | 2/3/12 | 127 | 210403 | 93 UPPER RIVERDALE | SW |
| 120470405 | 12009750 | 45 | THEFT | 21 | 2/16/12 | 127 | 101524 | 93 UPPER RIVERDALE | SW |
| 120710411 | 12015034 | 41 | ACC | 10 | 3/11/12 | 127 | 161712 | 93 UPPER RIVERDALE | SW |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 120820362 | 12017345 | 87 VANDAL | 21 | 3/22/12 | 127 | 100239 | 93 UPPER RIVERDALE | SW |
| 120860634 | 12018160 | 34 STOLEVEH | 21 | 3/26/12 | 127 | 141758 | 93 UPPER RIVERDALE | SW |
| 120880037 | 12018514 | 86 DOMESTIC | 21 | 3/28/12 | 127 | 13313 | 93 UPPER RIVERDALE | SW |
| 121100652 | 12023873 | 45 THEFT | 21 | 4/19/12 | 127 | 141210 | 93 UPPER RIVERDALE | SW |
| 121170365 | 12025397 | 45 THEFT | 21 | 4/26/12 | 127 | 95958 | 93 UPPER RIVERDALE | SW |
| 121220741 | 12026592 | 45 THEFT | 21 | 5/1/12 | 127 | 151845 | 93 UPPER RIVERDALE | SW |
| 121420391 | 12030803 | 54 SUSPER | 21 | 5/21/12 | 127 | 104055 | 93 UPPER RIVERDALE | SW |
| 121450148 | 12031565 | 41 ACC | 10 | 5/24/12 | 127 | 65051 | 93 UPPER RIVERDALE | SW |
| 121450755 | 12031702 | 225 65INFO | 21 | 5/24/12 | 127 | 152534 | 93 UPPER RIVERDALE | SW |
| 121610693 | 12035218 | 43 HITRUN | 10 | 6/9/12 | 127 | 175433 | 93 UPPER RIVERDALE | SW |
| 121790715 | 12039189 | 52 STOLEN | 21 | 6/27/12 | 127 | 153325 | 93 UPPER RIVERDALE | SW |
| 121900596 | 12041885 | 65 DISTURB | 21 | 7/8/12 | 127 | 184459 | 93 UPPER RIVERDALE | SW |
| 121980346 | 12043403 | 83 WANTEDP | 21 | 7/16/12 | 127 | 95609 | 93 UPPER RIVERDALE | SW |
| 121991227 | 12043813 | 114 TPO | 10 | 7/17/12 | 127 | 234144 | 93 UPPER RIVERDALE | SW |
| 122180027 | 12048111 | 45 THEFT | 21 | 8/5/12 | 127 | 4959 | 93 UPPER RIVERDALE | SW |
| 122350269 | 12052069 | 41 ACC | 10 | 8/22/12 | 127 | 90217 | 93 UPPER RIVERDALE | SW |
| 122670174 | 12059379 | 54 SUSPER | 21 | 9/23/12 | 127 | 70351 | 93 UPPER RIVERDALE | SW |
| 122680618 | 12059617 | 49 RAPE | 21 | 9/24/12 | 127 | 131117 | 93 UPPER RIVERDALE | SE |
| 122780024 | 12061805 | 86 DOMESTIC | 21 | 10/4/12 | 127 | 4857 | 93 UPPER RIVERDALE | SW |
| 122820479 | 12062627 | 54 SUSPER | 21 | 10/8/12 | 127 | 112833 | 93 UPPER RIVERDALE | SW |
| 122980662 | 12066453 | 41 ACC | 10 | 10/24/12 | 127 | 124549 | 93 UPPER RIVERDALE | SW |
| 122990433 | 12066717 | 114 TPO | 22 | 10/25/12 | 127 | 111648 | 93 UPPER RIVERDALE | SW |
| 122990730 | 12066822 | 41 ACC | 10 | 10/25/12 | 127 | 145347 | 93 UPPER RIVERDALE | SW |
| 123080111 | 12068782 | 54 SUSPER | 21 | 11/3/12 | 127 | 34858 | 93 UPPER RIVERDALE | SW |
| 123090272 | 12069034 | 34 STOLEVEH | 21 | 11/4/12 | 127 | 90732 | 93 UPPER RIVERDALE | SW |
| 123110738 | 12069437 | 129 44PED | 21 | 11/6/12 | 127 | 152709 | 93 UPPER RIVERDALE | SW |
| 123130732 | 12069868 | 114 TPO | 21 | 11/8/12 | 127 | 145200 | 93 UPPER RIVERDALE | SW |
| 123170949 | 12070623 | 54 SUSPER | 21 | 11/12/12 | 127 | 181434 | 93 UPPER RIVERDALE | SW |
| 123260054 | 12072671 | 43 HITRUN | 10 | 11/21/12 | 127 | 14718 | 93 UPPER RIVERDALE | SW |
| 123261172 | 12072977 | 114 TPO | 21 | 11/21/12 | 127 | 223448 | 93 UPPER RIVERDALE | SW |
| 123410680 | 12076750 | 41 ACC | 10 | 12/6/12 | 127 | 150016 | 93 UPPER RIVERDALE | SW |
| 123550102 | 12079504 | 34 STOLEVEH | 21 | 12/20/12 | 127 | 54428 | 93 UPPER RIVERDALE | SW |
| 130010134 | 13000025 | 41 ACC | 10 | 1/1/13 | 127 | 11902 | 93 UPPER RIVERDALE | SW |
| 130030615 | 13000515 | 45 THEFT | 21 | 1/3/13 | 127 | 135849 | 93 UPPER RIVERDALE | SW |
| 130111116 | 13002406 | 41 ACC | 10 | 1/11/13 | 127 | 205535 | 93 UPPER RIVERDALE | SE |
| 130120113 | 13002455 | 65 DISTURB | 21 | 1/12/13 | 127 | 34743 | 93 UPPER RIVERDALE | SW |
| 130240439 | 13005038 | 45 THEFT | 21 | 1/24/13 | 127 | 112524 | 93 UPPER RIVERDALE | SW |
| 130370062 | 13007787 | 65 DISTURB | 21 | 2/6/13 | 127 | 30737 | 93 UPPER RIVERDALE | SW |
| 130380912 | 13008139 | 76 SICKP | 21 | 2/7/13 | 127 | 202835 | 93 UPPER RIVERDALE | SW |
| 130450399 | 13009253 | 65 DISTURB | 21 | 2/14/13 | 127 | 111315 | 93 UPPER RIVERDALE | SW |

## COMMUNICATIONS

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 01/01/2013 01 | 13000025 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/03/2013 13 | 13000515 | 93 UPPER RIVERDALE RD | THEFT |
| 01/12/2013 03 | 13002455 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 01/24/2013 11 | 13005038 | 93 UPPER RIVERDALE RD | THEFT |
| 02/06/2013 03 | 13007787 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 02/07/2013 20 | 13008139 | 93 UPPER RIVERDALE RD | SICK CALL LEVEL 1 |
| 02/14/2013 11 | 13009253 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 03/08/2013 08 | | 93 UPPER RIVERDALE RD | THEFT |
| 03/08/2013 09 | 13013949 | 93 UPPER RIVERDALE RD | THEFT |
| 03/10/2013 04 | 13014395 | 93 UPPER RIVERDALE RD | TPO |
| 03/11/2013 17 | 13014705 | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 03/12/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 03/13/2013 09 | 13015029 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 03/20/2013 03 | | 93 UPPER RIVERDALE RD | 6106 AREA SURVEILLANCE |
| 03/23/2013 10 | 13017119 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/24/2013 11 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 03/25/2013 16 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 03/27/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 03/28/2013 18 | 13018361 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/30/2013 01 | | 93 UPPER RIVERDALE RD | 6106 AREA SURVEILLANCE |
| 03/30/2013 02 | | 93 UPPER RIVERDALE RD | 6106 AREA SURVEILLANCE |
| 03/30/2013 15 | 13018643 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/31/2013 15 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 03/31/2013 15 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 04/01/2013 02 | 13018815 | 93 UPPER RIVERDALE RD | SIGNAL 36 HOLDUP IN PROGRESS |
| 04/01/2013 03 | | 93 UPPER RIVERDALE RD | ROBBERY IDCALL |
| 04/02/2013 01 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 04/03/2013 12 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/08/2013 02 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/10/2013 15 | | 93 UPPER RIVERDALE RD | SIGNAL 25 FIREARMS DISCHARGED |
| 04/10/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 04/10/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/15/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 38D   DRUG VIOLATION |
| 04/16/2013 17 | 13022399 | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 04/18/2013 00 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 04/19/2013 12 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 04/19/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/23/2013 16 | 13024051 | 93 UPPER RIVERDALE RD | TPO |
| 04/25/2013 01 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/25/2013 19 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 04/26/2013 04 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 04/27/2013 04 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 04/30/2013 02 | 13025393 | 93 UPPER RIVERDALE RD | TPO |
| 04/30/2013 16 | 13025648 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/01/2013 03 | | 93 UPPER RIVERDALE RD | FLAGDOWN |
| 05/05/2013 20 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 05/05/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/08/2013 08 | | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 05/09/2013 02 | 13027556 | 93 UPPER RIVERDALE RD | THEFT |
| 05/13/2013 01 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 05/19/2013 19 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/19/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 56 MISSING PERSON |
| 05/20/2013 17 | 13029770 | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 05/21/2013 09 | 13029892 | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 05/23/2013 08 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 05/23/2013 10 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 05/26/2013 14 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 05/27/2013 12 | 13031279 | 93 UPPER RIVERDALE RD | THEFT |
| 05/29/2013 14 | 13031907 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/30/2013 00 | | 93 UPPER RIVERDALE RD | SIGNAL 76 SICK CALL NEEDING PD |
| 06/01/2013 22 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/14/2013 04 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/15/2013 21 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/17/2013 10 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 06/19/2013 00 | 13036451 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/19/2013 15 | 13036627 | 93 UPPER RIVERDALE RD | THEFT |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 06/19/2013 16 | 13036641 | 93 UPPER RIVERDALE RD | THEFT |
| 06/23/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/25/2013 06 | 13037682 | 93 UPPER RIVERDALE RD | TPO |
| 06/30/2013 21 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 07/07/2013 21 | | 93 UPPER RIVERDALE RD | 6105 STAKEOUT |
| 07/12/2013 21 | 13041836 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 07/15/2013 19 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 07/17/2013 14 | 13042865 | 93 UPPER RIVERDALE RD | TPO |
| 07/17/2013 14 | 13042866 | 93 UPPER RIVERDALE RD | TPO |
| 07/17/2013 21 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 07/18/2013 22 | 201319901 | 93 UPPER RIVERDALE RD | TPO |
| 07/19/2013 19 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 07/19/2013 19 | 201320003 | 93 UPPER RIVERDALE RD | TPO |
| 07/20/2013 15 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 07/22/2013 12 | 13043857 | 93 UPPER RIVERDALE RD | THEFT |
| 07/25/2013 19 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 07/25/2013 20 | | 93 UPPER RIVERDALE RD | TPO |
| 07/27/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 07/30/2013 19 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 08/06/2013 16 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 08/07/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 08/08/2013 03 | | 93 UPPER RIVERDALE RD | THEFT |
| 08/08/2013 16 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 08/12/2013 08 | 13048501 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 08/12/2013 17 | 13048634 | 93 UPPER RIVERDALE RD | THEFT |
| 08/12/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/13/2013 08 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 08/13/2013 11 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 08/15/2013 09 | | 93 UPPER RIVERDALE RD | SIGNAL 39 INFO FOR OFFICER |
| 08/17/2013 01 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 08/18/2013 23 | 13049862 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 08/20/2013 14 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 08/22/2013 11 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/27/2013 10 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 08/27/2013 16 | 13051942 | 93 UPPER RIVERDALE RD | TPO |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 08/27/2013 22 | | 93 UPPER RIVERDALE RD | SIGNAL 44 PEDESTRIAN ROBBED |
| 08/28/2013 03 | 13052029 | 93 UPPER RIVERDALE RD | TPO |
| 08/29/2013 17 | | 93 UPPER RIVERDALE RD | TPO |
| 08/31/2013 13 | 13052804 | 93 UPPER RIVERDALE RD | THEFT |
| 09/01/2013 18 | 13053060 | 93 UPPER RIVERDALE RD | THEFT |
| 09/03/2013 06 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 09/08/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 09/10/2013 14 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 09/12/2013 16 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 09/12/2013 18 | 13055807 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 09/14/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 09/22/2013 03 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 09/22/2013 12 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 09/23/2013 20 | 13058131 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 09/30/2013 04 | 13059609 | 93 UPPER RIVERDALE RD | TPO |
| 10/02/2013 18 | 13060372 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 10/02/2013 23 | 201327502 | 93 UPPER RIVERDALE RD | TPO |
| 10/03/2013 04 | | 93 UPPER RIVERDALE RD | SIGNAL 38D   DRUG VIOLATION |
| 10/04/2013 01 | 13060722 | 93 UPPER RIVERDALE RD | TPO |
| 10/12/2013 18 | 13062620 | 93 UPPER RIVERDALE RD | SIGNAL 34 STOLEN VEHICLE |
| 10/13/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 10/15/2013 12 | 13063157 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 10/16/2013 21 | | 93 UPPER RIVERDALE RD | FLAGDOWN |
| 10/18/2013 18 | 13063948 | 93 UPPER RIVERDALE RD | THEFT |
| 10/18/2013 21 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 10/20/2013 23 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 10/21/2013 02 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 10/24/2013 01 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 10/24/2013 17 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 10/28/2013 14 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 10/29/2013 09 | | 93 UPPER RIVERDALE RD | TPO |
| 11/02/2013 22 | 201330601 | 93 UPPER RIVERDALE RD | TPO |
| 11/03/2013 00 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 11/03/2013 03 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 11/04/2013 11 | 201330800 | 93 UPPER RIVERDALE RD | TPO |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 11/04/2013 21 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 11/07/2013 11 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 11/19/2013 10 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 11/20/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 11/22/2013 22 | | 93 UPPER RIVERDALE RD | TPO |
| 11/23/2013 08 | | 93 UPPER RIVERDALE RD | SIGNAL 56 MISSING PERSON LOCAT |
| 11/27/2013 22 | | 93 UPPER RIVERDALE RD | SIGNAL 38D   DRUG VIOLATION |
| 11/29/2013 19 | | 93 UPPER RIVERDALE RD | SIGNAL 40 INJURED ANIMAL |
| 11/29/2013 20 | 201333302 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/05/2013 20 | | 93 UPPER RIVERDALE RD | TPO |
| 12/16/2013 23 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 12/17/2013 04 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/22/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 12/22/2013 20 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 12/23/2013 09 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 12/24/2013 20 | 13076313 | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 01/01/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 01/03/2014 09 | 14000421 | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 01/08/2014 05 | | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 01/19/2014 00 | 14003343 | 93 UPPER RIVERDALE RD | THEFT |
| 01/21/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 01/21/2014 06 | 14003674 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/21/2014 22 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 01/24/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 01/29/2014 19 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 02/04/2014 10 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 02/06/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 02/07/2014 04 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 02/09/2014 01 | | 93 UPPER RIVERDALE RD | FLAGDOWN |
| 02/09/2014 22 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 02/12/2014 09 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 02/14/2014 04 | 14007854 | 93 UPPER RIVERDALE RD | CASE NUMBER ISSUED IN ERROR |
| 02/17/2014 11 | 14008426 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 02/23/2014 00 | 14009684 | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 02/24/2014 08 | | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |

| Call Time | Rpt # | Street | Nature |
|-----------|-------|--------|--------|
| 02/28/2014 12 | 14010896 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/04/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 03/06/2014 15 | 14011985 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/07/2014 19 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 03/09/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 03/11/2014 09 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 03/12/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 03/14/2014 02 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 03/14/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 03/14/2014 19 | 14013745 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/18/2014 10 | 14014355 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/19/2014 14 | | 93 UPPER RIVERDALE RD | SIGNAL 25 FIREARMS DISCHARGED |
| 03/19/2014 14 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 03/19/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 03/21/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 03/21/2014 22 | | 93 UPPER RIVERDALE RD | SIGNAL 39 INFO FOR OFFICER |
| 03/22/2014 14 | 14015518 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/30/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 03/30/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/04/2014 10 | | 93 UPPER RIVERDALE RD | TPO |
| 04/06/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 04/09/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/10/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 64 .PANHANDLING SOLICITI |
| 04/11/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 04/12/2014 00 | | 93 UPPER RIVERDALE RD | TPO |
| 04/14/2014 00 | | 93 UPPER RIVERDALE RD | TPO |
| 04/14/2014 09 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/15/2014 16 | | 93 UPPER RIVERDALE RD | TPO |
| 04/18/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/20/2014 15 | 14021611 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/20/2014 16 | 14021618 | 93 UPPER RIVERDALE RD | TPO |
| 04/21/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 05/01/2014 15 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 05/08/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 05/08/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |

| Call Time | Rpt # | Street | Nature |
|-----------|-------|--------|--------|
| 05/12/2014 10 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 05/13/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 30 DUI |
| 05/14/2014 08 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 05/14/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 88 FOLLOWUP INVESTIGATI |
| 05/15/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 05/17/2014 00 | 14027863 | 93 UPPER RIVERDALE RD | TPO |
| 05/23/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 76 SICK CALL NEEDING PD |
| 05/23/2014 10 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 05/23/2014 11 | 14029278 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/23/2014 13 | 14029296 | 93 UPPER RIVERDALE RD | SIGNAL 58 MAN BEATING WOMAN |
| 05/23/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 05/23/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/24/2014 12 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 05/25/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 05/28/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 05/28/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 06/01/2014 15 | | 93 UPPER RIVERDALE RD | FLAGDOWN |
| 06/02/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 06/12/2014 21 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/14/2014 10 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/14/2014 11 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/14/2014 15 | 14034026 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/16/2014 15 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 06/16/2014 23 | 14034488 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/17/2014 06 | 14034516 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/18/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/23/2014 09 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/27/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 06/28/2014 21 | 14037148 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 06/28/2014 23 | 14037162 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 06/29/2014 00 | 14037167 | 93 UPPER RIVERDALE RD | SIGNAL 83 WANTED PERSON OR WAR |
| 06/29/2014 14 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 07/01/2014 19 | | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 07/03/2014 03 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 07/04/2014 12 | 14038486 | 93 UPPER RIVERDALE RD | THEFT |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 07/05/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 07/08/2014 04 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 07/09/2014 01 | | 93 UPPER RIVERDALE RD | DEMENTED PERSON EMS CALL |
| 07/09/2014 05 | 14039349 | 93 UPPER RIVERDALE RD | TPO |
| 07/09/2014 15 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 07/10/2014 21 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 07/14/2014 03 | 14040232 | 93 UPPER RIVERDALE RD | SIGNAL 44 INVESTIGATE HOLDUP |
| 07/14/2014 18 | | 93 UPPER RIVERDALE RD | TPO |
| 07/16/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 07/18/2014 19 | | 93 UPPER RIVERDALE RD | THEFT |
| 07/21/2014 15 | | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 07/21/2014 20 | 14041895 | 93 UPPER RIVERDALE RD | SIGNAL 44 PEDESTRIAN ROBBED |
| 07/24/2014 16 | | 93 UPPER RIVERDALE RD | THEFT |
| 07/24/2014 16 | 14042645 | 93 UPPER RIVERDALE RD | THEFT |
| 08/05/2014 00 | 14045137 | 93 UPPER RIVERDALE RD | FLAGDOWN |
| 08/05/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 08/08/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/11/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 08/13/2014 14 | 14047260 | 93 UPPER RIVERDALE RD | THEFT |
| 08/14/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 49 INVESTIGATE RAPE |
| 08/15/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/16/2014 17 | 14047997 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 08/16/2014 19 | | 93 UPPER RIVERDALE RD | SIGNAL 40 INJURED ANIMAL |
| 08/20/2014 23 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 08/22/2014 21 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 08/23/2014 05 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 08/27/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/27/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 08/27/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 76 SICK CALL NEEDING PD |
| 08/31/2014 03 | 14051220 | 93 UPPER RIVERDALE RD | SIGNAL 83 WANTED PERSON OR WAR |
| 08/31/2014 22 | 14051328 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 09/02/2014 18 | 14051746 | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 09/15/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 09/19/2014 06 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 09/22/2014 04 | | 93 UPPER RIVERDALE RD | SIGNAL 88 FOLLOWUP INVESTIGATI |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 09/27/2014 20 | 14057658 | 93 UPPER RIVERDALE RD | THEFT |
| 09/29/2014 15 | 14058051 | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 10/02/2014 19 | 14058941 | 93 UPPER RIVERDALE RD | SIGNAL 39 INFO FOR OFFICER |
| 10/02/2014 22 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 10/05/2014 01 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 10/05/2014 16 | 14059517 | 93 UPPER RIVERDALE RD | SIGNAL 53 SUICIDE ATTEMPT |
| 10/05/2014 20 | | 93 UPPER RIVERDALE RD | TPO |
| 10/05/2014 21 | 14059554 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 10/09/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 10/20/2014 02 | 14063060 | 93 UPPER RIVERDALE RD | SIGNAL 44 PEDESTRIAN ROBBED |
| 10/24/2014 00 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 10/27/2014 10 | 14064740 | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 11/03/2014 17 | 14066348 | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 11/03/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 11/08/2014 20 | | 93 UPPER RIVERDALE RD | TPO |
| 11/11/2014 22 | 201431502 | 93 UPPER RIVERDALE RD | TPO |
| 11/14/2014 11 | 14068827 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 11/14/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 46 PERSON HIT BY VEH |
| 11/15/2014 10 | 14069014 | 93 UPPER RIVERDALE RD | TPO |
| 11/17/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 11/18/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 11/19/2014 13 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 11/23/2014 21 | 14070907 | 93 UPPER RIVERDALE RD | TPO |
| 11/25/2014 23 | | 93 UPPER RIVERDALE RD | TPO |
| 11/29/2014 07 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 11/30/2014 01 | 14072060 | 93 UPPER RIVERDALE RD | TPO |
| 11/30/2014 03 | | 93 UPPER RIVERDALE RD | TPO |
| 12/03/2014 08 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/03/2014 11 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/03/2014 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/05/2014 09 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 12/10/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/10/2014 16 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 12/11/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 28 DRUNK PERSON |
| 12/18/2014 07 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 12/18/2014 17 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 12/19/2014 11 | 14075582 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 12/20/2014 16 | 14075802 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 12/22/2014 18 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 12/24/2014 01 | | 93 UPPER RIVERDALE RD | TPO |
| 12/27/2014 23 | 14076945 | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 01/01/2015 05 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 01/01/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 01/01/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 01/03/2015 07 | 15000372 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 01/06/2015 11 | 15000955 | 93 UPPER RIVERDALE RD | SIGNAL 87 VANDALISM |
| 01/11/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 01/13/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 01/14/2015 12 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 01/26/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 01/26/2015 19 | 15005301 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/26/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/29/2015 10 | 15005880 | 93 UPPER RIVERDALE RD | 6101 DETAIL |
| 01/30/2015 09 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/31/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 02/01/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 87 VANDALISM |
| 02/02/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 02/07/2015 14 | 15008036 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 02/09/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 02/13/2015 00 | | 93 UPPER RIVERDALE RD | TPO |
| 02/16/2015 09 | | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 02/16/2015 16 | | 93 UPPER RIVERDALE RD | TPO |
| 02/18/2015 23 | 15010488 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 02/19/2015 20 | 15010705 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 02/23/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 02/24/2015 08 | | 93 UPPER RIVERDALE RD | SIGNAL 40 INJURED ANIMAL |
| 02/25/2015 20 | 15012112 | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 02/25/2015 20 | 201505600 | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 02/27/2015 12 | 15012443 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 02/27/2015 15 | | 93 UPPER RIVERDALE RD | SIGNAL 83 WANTED PERSON OR WAR |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 03/03/2015 15 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 03/03/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/12/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 03/16/2015 18 | 15016607 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 03/27/2015 04 | 15018899 | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 03/30/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 04/01/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 56 MISSING PERSON LOCAT |
| 04/01/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/01/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 04/02/2015 00 | 15020225 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/04/2015 09 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 04/06/2015 16 | 15021220 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/06/2015 17 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/06/2015 17 | 15021229 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/06/2015 17 | 15021232 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/09/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 04/11/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 04/16/2015 05 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 04/20/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 04/20/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 04/20/2015 22 | | 93 UPPER RIVERDALE RD | SIGNAL 47 PERINJ PD CALL |
| 04/21/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 04/22/2015 08 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 04/24/2015 19 | 15025789 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 04/26/2015 19 | | 93 UPPER RIVERDALE RD | TPO |
| 04/27/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 04/29/2015 05 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/05/2015 00 | | 93 UPPER RIVERDALE RD | THEFT |
| 05/05/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/06/2015 23 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/07/2015 23 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/08/2015 07 | 15029098 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/08/2015 13 | 15029197 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 05/08/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 05/09/2015 06 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 05/12/2015 09 | | 93 UPPER RIVERDALE RD | SIGNAL 23 BADCHILD |
| 05/13/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 91 HANGUP OR OPENLINE |
| 05/13/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 05/13/2015 22 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 05/14/2015 21 | 15031068 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 05/16/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 69 PERSON ARMED |
| 05/19/2015 09 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 05/19/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 28 DRUNK PERSON |
| 05/19/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 88 FOLLOWUP INVESTIGATI |
| 05/21/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 05/21/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 05/21/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 05/22/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 05/30/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 06/04/2015 06 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 06/05/2015 09 | | 93 UPPER RIVERDALE RD | THEFT |
| 06/05/2015 09 | 15036846 | 93 UPPER RIVERDALE RD | THEFT |
| 06/05/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 88 FOLLOWUP INVESTIGATI |
| 06/06/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 06/08/2015 12 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/08/2015 17 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 06/09/2015 18 | 15037987 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 06/10/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 06/11/2015 03 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 06/12/2015 04 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 06/14/2015 23 | | 93 UPPER RIVERDALE RD | TPO |
| 06/17/2015 13 | 15039842 | 93 UPPER RIVERDALE RD | SIGNAL 43 HIT AND RUN ACCIDENT |
| 06/18/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 06/18/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 06/18/2015 14 | 15040051 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 06/20/2015 04 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 06/21/2015 18 | 15040646 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 06/23/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 06/23/2015 04 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 07/04/2015 15 | 15043926 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 07/05/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 81 STREET HAZARD OBSTRU |
| 07/07/2015 13 | 15044710 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 07/10/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 07/10/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 07/10/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 89 PROPERTY CHECK |
| 07/10/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 07/12/2015 18 | | 93 UPPER RIVERDALE RD | THEFT |
| 07/15/2015 17 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 07/16/2015 02 | 15046968 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 07/16/2015 20 | 15047223 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 07/17/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 07/18/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 30 DUI |
| 07/19/2015 23 | 15047857 | 93 UPPER RIVERDALE RD | SIGNAL 34 STOLEN VEHICLE |
| 07/20/2015 06 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 07/20/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 07/22/2015 07 | 15048507 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 07/25/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 07/26/2015 10 | | 93 UPPER RIVERDALE RD | VEHICLE FIRE |
| 07/31/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 07/31/2015 23 | | 93 UPPER RIVERDALE RD | SIGNAL 40 ANIMAL |
| 08/03/2015 15 | | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 08/03/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 34 STOLEN VEHICLE |
| 08/03/2015 18 | 15051786 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 08/05/2015 14 | | 93 UPPER RIVERDALE RD | TPO |
| 08/10/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 08/12/2015 17 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 08/14/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS VEHICLE |
| 08/16/2015 01 | 201522800 | 93 UPPER RIVERDALE RD | TPO |
| 08/18/2015 22 | 15055482 | 93 UPPER RIVERDALE RD | TPO |
| 08/19/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 08/19/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 08/20/2015 12 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 08/20/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 08/21/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 08/24/2015 07 | 15056732 | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 08/24/2015 20 | 15056926 | 93 UPPER RIVERDALE RD | SIGNAL 53 SUICIDE ATTEMPT |
| 08/26/2015 12 | | 93 UPPER RIVERDALE RD | TPO |
| 08/28/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 29 FIGHT |
| 08/29/2015 04 | | 93 UPPER RIVERDALE RD | 6202 COURTESY RUN |
| 08/31/2015 13 | 15058593 | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 08/31/2015 17 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 09/01/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 09/06/2015 23 | 15060438 | 93 UPPER RIVERDALE RD | SIGNAL 50 INV PERSON SHOT |
| 09/06/2015 23 | | 93 UPPER RIVERDALE RD | SIGNAL 50 INV PERSON SHOT |
| 09/06/2015 23 | 1501531 | 93 UPPER RIVERDALE RD | IDCALL |
| 09/08/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 09/08/2015 16 | 15060848 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 09/08/2015 16 | 201525100 | 93 UPPER RIVERDALE RD | TPO |
| 09/09/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 09/10/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 09/11/2015 18 | | 93 UPPER RIVERDALE RD | 6201 ASSIST STRANDED MOTORIST |
| 09/11/2015 19 | | 93 UPPER RIVERDALE RD | 6201 ASSIST STRANDED MOTORIST |
| 09/11/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 91 HANGUP OR OPENLINE |
| 09/11/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 76 SICK CALL NEEDING PD |
| 09/11/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 76 SICK CALL NEEDING PD |
| 09/14/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 09/18/2015 10 | 15063235 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 09/18/2015 19 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 09/21/2015 23 | | 93 UPPER RIVERDALE RD | TPO |
| 09/22/2015 08 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 09/23/2015 11 | | 93 UPPER RIVERDALE RD | TPO |
| 09/24/2015 10 | | 93 UPPER RIVERDALE RD | THEFT |
| 09/30/2015 14 | | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 09/30/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 09/30/2015 22 | | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 10/01/2015 11 | | 93 UPPER RIVERDALE RD | THEFT |
| 10/01/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 10/06/2015 12 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 10/06/2015 22 | 201527900 | 93 UPPER RIVERDALE RD | TPO |
| 10/09/2015 00 | | 93 UPPER RIVERDALE RD | 6201 ASSIST STRANDED MOTORIST |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 10/10/2015 05 | 15068133 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 10/15/2015 18 | 15069247 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 10/15/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 10/16/2015 19 | 15069535 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 10/17/2015 19 | 15069717 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 10/21/2015 18 | | 93 UPPER RIVERDALE RD | TPO |
| 10/22/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 10/22/2015 18 | 15070824 | 93 UPPER RIVERDALE RD | SIGNAL 24 DEMENTED PERSON |
| 10/23/2015 04 | | 93 UPPER RIVERDALE RD | SIGNAL 28 DRUNK PERSON |
| 10/23/2015 04 | | 93 UPPER RIVERDALE RD | SIGNAL 67 PERSON DOWN |
| 10/25/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 10/31/2015 19 | 15072786 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 11/02/2015 13 | | 93 UPPER RIVERDALE RD | SIGNAL 55 INV TROUBLE UNKNOWN |
| 11/03/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 11/08/2015 01 | 15074264 | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 11/08/2015 18 | | 93 UPPER RIVERDALE RD | SIGNAL 91 HANGUP OR OPENLINE |
| 11/12/2015 09 | 15075162 | 93 UPPER RIVERDALE RD | THEFT |
| 11/19/2015 12 | 15076721 | 93 UPPER RIVERDALE RD | TPO |
| 11/21/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 56 MISSING PERSON |
| 11/22/2015 12 | | 93 UPPER RIVERDALE RD | SIGNAL 86 MINOR 86 |
| 11/23/2015 15 | 15077588 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 11/25/2015 11 | | 93 UPPER RIVERDALE RD | SIGNAL 69 PERSON ARMED |
| 11/26/2015 00 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 11/27/2015 08 | 15078333 | 93 UPPER RIVERDALE RD | SIGNAL 41 W REPORTED INJURIES |
| 11/27/2015 23 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 11/28/2015 16 | 15078581 | 93 UPPER RIVERDALE RD | TPO |
| 11/28/2015 16 | | 93 UPPER RIVERDALE RD | TPO |
| 11/28/2015 18 | | 93 UPPER RIVERDALE RD | TPO |
| 12/03/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 12/03/2015 02 | | 93 UPPER RIVERDALE RD | TPO |
| 12/04/2015 16 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 12/09/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 59 MEET OFFICER |
| 12/09/2015 05 | 15080909 | 93 UPPER RIVERDALE RD | SIGNAL 65 MINOR DISTURB/STBY |
| 12/09/2015 20 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/11/2015 00 | 15081442 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |

| Call Time | Rpt # | Street | Nature |
|---|---|---|---|
| 12/11/2015 10 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/13/2015 04 | 15081843 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/13/2015 04 | 15081845 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/15/2015 04 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 12/15/2015 20 | | 93 UPPER RIVERDALE RD | THEFT |
| 12/15/2015 20 | 15082467 | 93 UPPER RIVERDALE RD | THEFT |
| 12/16/2015 04 | | 93 UPPER RIVERDALE RD | TPO |
| 12/16/2015 04 | 15082527 | 93 UPPER RIVERDALE RD | TPO |
| 12/16/2015 04 | 15082528 | 93 UPPER RIVERDALE RD | TPO |
| 12/18/2015 14 | 15083077 | 93 UPPER RIVERDALE RD | SIGNAL 44 PEDESTRIAN ROBBED |
| 12/18/2015 16 | 15083101 | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 12/23/2015 02 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 12/24/2015 01 | | 93 UPPER RIVERDALE RD | SIGNAL 95 COMMUNITY TIME MGMT |
| 12/24/2015 15 | | 93 UPPER RIVERDALE RD | SIGNAL 54 SUSPICIOUS PERSON |
| 12/26/2015 21 | | 93 UPPER RIVERDALE RD | SIGNAL 64 PANHANDLING SOLICITI |
| 12/28/2015 10 | | 93 UPPER RIVERDALE RD | VEHICLE FIRE |
| 12/29/2015 04 | 15084847 | 93 UPPER RIVERDALE RD | SIGNAL 34 RECOVERED STOLEN VEH |
| 12/29/2015 12 | 15084906 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |
| 01/04/2016 01 | | 93 UPPER RIVERDALE RD | SIGNAL 86 DOMESTIC VIOLENCE |
| 01/06/2016 08 | 201600600 | 93 UPPER RIVERDALE RD | TPO |
| 01/08/2016 16 | | 93 UPPER RIVERDALE RD | SIGNAL 65 DISTURBANCE |
| 01/12/2016 11 | 16002415 | 93 UPPER RIVERDALE RD | SIGNAL 41 VEHICLE ACCIDENT |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

## EXHIBIT B

AGENCY ID (ORI): GA0310100

CASE NUMBER: 12000025

# CLAYTON COUNTY POLICE INCIDENT REPORT

☐ CORRECTED REPORT

INCIDENT TYPE: Armed Robbery — IF BURGLARY WAS ENTRY FORCED? YES ☐ NO ☐

INCIDENT CODE: 16-08-41 — COUNTS: 1

PREMISE TYPE: ☒ CONVENIENCE STORE

INCIDENT LOCATION: 93 Upper Riverdale Rd., Riverdale, Georgia 30296

INCIDENT DATE: 01/01/2012 — TIME: 0128

STRANGER TO STRANGER: ☒ — ZONE: S1

WEAPON TYPE: ☒ GUN

COMPLAINANT'S NAME: Same as Victim

VICTIM'S NAME: Doster, Bridgette — RACE: B — SEX: F — AGE: 35

STREET ADDRESS: 5738 Old dixie Hwy

CITY: Forest Park — STATE: Ga. — ZIP CODE: 30297

BUSINESS NUMBER: N/A

EMPLOYER OR OCCUPATION: —

PROPERTY — CURRENCY, NOTES: STOLEN 300 — TOTAL: STOLEN 300

REPORT DATE: 01/01/2011

REPORTING OFFICER: L. Ekure #22401 / A. Marbury — NUMBER: 21562

APPROVED OFFICER: [signature] — NUMBER: 11611

| AGENCY ID (ORI) | CLAYTON COUNTY POLICE | CASE NUMBER | 12000025 |
| --- | --- | --- | --- |
| GA0310100 | NARRATIVE REPORT | | CORRECTED REPORT |

00100501

| X | ORIGINAL NARRATIVE | | SUPPLEMENTAL NARRATIVE | | Page 2 of 2 |

## INCIDENT SYNOPSIS

On 01/01/2012 at approximately 0128 hours, I responded to the QuikTrip located at 93 Upper Riverdale Rd., Riverdale, Georgia 30274 in reference to a armed robbery call. A description was obtained and dispatched to all units.

## OFFICER'S OBSERVATIONS/ACTIONS

I met with Doster, Bridgett (Victim)
I obtained a written statement from Doster, Bridgett (Victim)
I obtained a description of the Suspect.
A search of the area was conducted with negative results.

## COMPLAINANT/VICTIM STATEMENTS ☒ See attached statement

Doster, Bridgette (Victim) stated:
- While she was at the incident location using the Blockbuster Instant kiosk
- An unidentified black male approached her.
- The unidentified man pointed a .22 caliber revolver and demanded her to give up all her money.
- She was in fear for her life.
- She gave the unidentified black male $300.00 (USD).
- She described the unidentified black man as
- 507 feet tall, approximately 140 to 150 lbs, looks like the rapper Lil Wayne, and is dark skinned.

## INVESTIGATION OF THE SCENE

- A copy of the QuikTrip surveillance footage may be obtained during normal business hours.

## DISPOSITION

I interviewed Doster, Bridgette (Victim) and I obtained a look out of the suspect a was placed by Clayton County Communications (Dispatch). I advised the victim to contact Clayton County if he has any additional information regarding this incident.

- - - Nothing Further.

REPORT DATE
01/01/2012

| CASE STATUS | X | ACTIVE | CLEARED BY ARREST | | EX. CLEARED | | DEPT. CLEARED | | UNFOUNDED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| REPORTING OFFICER | | | | | NUMBER | | APPROVING OFFICER | | | | NUMBER |
| L. Ekure #22401 / A. Marbury | | | | | 21562 | | | | | | 11871 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

---

### EXHIBIT C

---

| AGENCY ID (ORI) | | | | CASE NUMBER | 13002455 |
|---|---|---|---|---|---|
| **GA** | GA0310100 | **CLAYTON COUNTY POLICE INCIDENT REPORT** | | | ☐ CORRECTED REPORT |

| INCIDENT TYPE | INCIDENT CODE | COUNTS | | PREMISE TYPE | |
|---|---|---|---|---|---|
| Robbery By Sudden Snatching | 16-08-40(3) | 1 | HIGHWAY | | SERVICE STATION |
| Theft By Shoplifting | 16-08-14 | 1 | X CONVENIENCE STORE | | BANK |
| Financial Transaction Card Theft | 16-09-31 | 2 | COMMERCIAL | | RESIDENCE |
| | | | SCHOOL/CAMPUS | | ALL OTHER |

| INCIDENT LOCATION | CITY | STATE | ZIP CODE | WEAPON TYPE | |
|---|---|---|---|---|---|
| 93 Upper Riverdale Rd, Riverdale, Ga 30274 | | | | GUN | KNIFE/CUTTING TOOL |
| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER | ZONE | HANDS/FIST/ETC. | OTHER |
| 01/12/2013 | 0337 | TO | | YES X NO UNK | 1 | | |

**COMPLAINANT**

| COMPLAINANT'S NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| Victim 2 | | | | | | |
| STREET ADDRESS | | RESIDENCE NUMBER | | | BUSINESS NUMBER | |
| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | | EMPLOYER OR OCCUPATION | |

**VICTIM**

| VICTIM'S NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| Quik Trip | | | | | | |
| STREET ADDRESS | | RESIDENCE NUMBER | | | BUSINESS NUMBER | |
| 93 Upper Riverdale Rd. | | | | | 770-996-5825 | |
| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | | EMPLOYER OR OCCUPATION | |
| Riverdale | Ga | 30274 | | | Gas Station | |

**OFFENDER #1**

| NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| | Head, Frankie Roger | | B | M | 44 | |
| WANTED | STREET ADDRESS | | HEIGHT | WEIGHT | HAIR | EYES |
| | Homeless | | 503 | 200 | Blk | Bro |
| WARRANT | CITY | STATE | ZIP CODE | LIC. # / STATE ISSUED | | |
| | | Ga | | | | |

| ARREST X | CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION | |
|---|---|---|---|---|---|
| | Theft By Shoplifting | 1 | 16-08-14 | 2 | 2 | 1. CITY<br>2. COUNTY<br>3. STATE<br>4. OUT OF STATE<br>5. UNKNOWN |

| TOTAL NUMBER ARRESTED | ARRESTED AT OR NEAR OFFENSE SCENE | OFFENSE DATE | |
|---|---|---|---|
| 1 | YES X NO | 01/12/2013 | |

00100401

**VEHICLE**

| | TAG NUMBER | STATE | YEAR | VEHICLE IDENTIFICATION NUMBER (V.I.N.) | PLATE | VIN PLATE ONLY |
|---|---|---|---|---|---|---|
| ABANDONED | | | | | | |
| STOLEN | PD3GSI | GA | 2013 | 4T3ZF13C1WU037256 | | |
| RECOVERED | YEAR | MAKE | MODEL | STYLE | COLOR | |
| X SUSPECT'S | 1998 | TOYOTA | SIENNA | VAN | BLUE | |
| VICTIM'S | MOTOR SIZE (CID) | TRANSMISSION | AUTO MAN. SPD. | INSURED BY | | |
| LOST ARTICLE | | | | | | |

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | IF RECOVERY REPORT, JURISDICTION OF THEFT | |
|---|---|---|---|---|---|---|
| STOLEN | | | | | | |
| RECOVERED | | | | | | |
| | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS | DATE OF THEFT | |
| STOLEN | 500 | 75 | | | | |
| RECOVERED | 300 | | | | | |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL | |
| STOLEN | | 55 | | | 630 | STOLEN |
| RECOVERED | | 55 | | | 355 | RECOVERED |

**ADDL**

| GCIC ENTRY | WARRANT | MISSING PERSONS | VEHICLE | ARTICLE | BOAT | GUN | SECURITIES |
|---|---|---|---|---|---|---|---|

**CLEAR**

| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | CLEARED BY ARREST | EXCEPTIONALLY CLEARED | DEPT. CLEARED | UNFOUNDED | 01/12/2013 | |
|---|---|---|---|---|---|---|
| | DATE OF CLEARANCE | 01/12/2013 | X ADULT | JUVENILE | REPORT DATE | |

**NARRATIVE**

See Page 2.

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER |
|---|---|---|---|
| C. Milewski | 22506 | Sgt. K. Thrift | 18106 |

| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | 050702 |

| | AGENCY ID (ORI) | | | **CLAYTON COUNTY POLICE** | CASE NUMBER | 13002455 |
|---|---|---|---|---|---|---|
| 8A | GA0310100 | 00100501 | | **SUPPLEMENTAL REPORT** | CORRECTED REPORT | |
| | | | | [X] ORIGINAL REPORT   [ ] SUPPLEMENTAL REPORT | PAGE 2 OF 4 | |

On 01/12/2013 I responded to 93 Upper Riverdale Rd., Ga30274 ( Quik Trip Gas Station/ Victim 1) in reference to a robbery call. While en route to the incident location, dispatch advised that suspect 1 had taken the clerk's purse from behind the counter. Myself and Ofc. Davis were already traveling on Upper Riverdale Rd and advised dispatch that we would be at the location in less than a minute. As myself and Ofc. Davis were pulling into the parking lot at the incident location, I observed victim 2 walking on the sidewalk in front of the Quik Trip. I made contact with victim 2 who advised me that suspect 1 was traveling East on Upper Riverdale towards Southern Regional Medical Center on foot. Dispatch then came over the radio and advised us that suspect 1 left in a blue mini van. I turned around on Upper Riverdale to try and locate suspect 1. I checked the immediate area ( Southern Regional and CVS) not finding suspect 1 and went back to the incident location to make contact with victim 2.

When I arrived back at the incident location and met with victim 2, she identified the blue van ( 1998 Toyota Sienna Ga Tag PD3GSI) along with a black male (Offender) and 2 black females (suspect 2 and suspect 3). I quickly recognized the van and offender along with suspects 2 and 3 from a previous call off of Roundtree Rd. Victim 2 identified and advised me that suspect 1 came to the location with the offender and suspects 2 and 3 in said van. I observed the offender in the parking lot yelling " I didn't do anything" pacing back and forth. I made contact with the offender and suspects 2 and 3 and quickly detained them searching them for weapons and contraband. I then secured their hands behind their backs and placed them in the back of my previously searched patrol car and advised them that at this time they were just being detained until I could investigate what was occurred.

Victim 2 advised me that she was in the back side of the store cleaning up around the fountain drinks when she observed suspect 1 enter the store. Victim 2 stated that suspect 1 was walking around the store and stood out, acting very suspiciously. Victim 2 advised me that she then went to walk towards the checkout counter and make contact with suspect 1 to see if he needed anything. It was at this time that victim 2 observed that suspect 1 had what looked to be a purse tucked underneath his Jacket. Victim 2 stated that she walked behind the counter to check to see if her purse was still inside the drawer she left it in. Victim 2 advised me that when she looked behind the counter her purse was missing valued at $300.00. Victim 2 stated that suspect 1 had walked outside the store at this time and was entering into the van in the parking lot. Victim 2 stated that she walked up to the van and observed that the purse suspect 1 had in his possession was her purse that was missing from behind the counter. Victim 2 stated that she confronted suspect 1 along with the offender and suspect 2 and 3 that the purse belonged to her and yelled " I am calling police". Victim 2 advised me that at this time suspect 1 started yelling and threw her purse at her but had taken her $200.00 Dolce & Gabbana wallet out and was holding it in his hand. Victim 2 stated that at this time suspect 1 made her feel in danger of receiving serious bodily harm from suspect 1. Victim 2 advised me that her wallet contained both her kids social security cards along with her own and two credit cards from Capital One inside. Victim 2 stated that when she was picking up her purse and calling 911 she observed suspect 1 run off with her wallet and head East on Upper Riverdale Rd. Victim 2 stated that while she was standing by the van waiting on police she observed several 12 packs of coke and a case of water sitting inside the van with the offender and suspects 2 and 3. Victim 2 stated that she turned around to the drink display sitting outside in front of the store and noticed several 12 packs of cokes were missing. Victim 2 stated that she asked the offender where the drinks

| CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE 13002455 | |
|---|---|---|---|---|---|---|
| REPORTING OFFICER C. Milewski | | NUMBER 22506 | APPROVING OFFICER Sgt. K. Thrift | | 484 | NUMBER 18106 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT [ ] | | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| GA0310100 | 00100501 | SUPPLEMENTAL REPORT | | |

☒ ORIGINAL REPORT   ☐ SUPPLEMENTAL REPORT     PAGE 3 OF 4

came from inside the van and the offender started yelling at her trying to back out of the parking spot and leave the incident location at which time she stood there blocking them in until police arrived.

Victim 2 advised me that the manager was on the way to the store already to checked the surveillance footage outside the store where the display was sitting and on the inside covering the counter. The manager ( witness 1) arrived at the store and Ofc. Davis went inside to review the footage while I remained outside with the offender and suspects 2 and 3. See Ofc. Davis's supplemental report. Ofc. Davis walked outside at which time he advised me that he could clearly see suspect 1 walk behind the counter and duck down where victim 2's purse was located and stand back up with something tucked inside his jacket. Ofc. Davis then advised that when he saw the footage of suspect 1 walking out of the store that there was a clear picture of suspect 1's face (Ofc. Davis stated that he identified suspect 1 as being one of the four individuals we were out with on the earlier call off Roundtree Rd). Ofc. Davis then informed me that when the manager switched to the footage outside the store covering the drink display that he could clearly see and identify the offender making multiple trips back and forth to the van loading up 12 packs from the display while suspect 1 was inside the store. Ofc. Davis stated that in the footage the offender never enters the store in an attempt to pay for said 12 packs but instead stays outside in the van waiting on suspect 1 to come back outside. Ofc. Davis and victim 2 both advised me that suspects 2 and 3 did not get out of the van and help either the offender or suspect 1 at any time during the incident.

I then walked over to the offender and advised him he was being placed under arrest at this time for theft by shoplifting for taking the drinks from the display and not making an effort to walk inside and pay for said items. The offender then started yelling " I will take this to court and fight this, you don't have me on tape taking anything from here". I then advised suspect 2 and suspect 3 that they were being released at this point due to the fact that during my investigation I did not find any crime that they committed. I advised both suspect's 2 and 3 that a detective would be in touch with them for further information. I advised the manager that I would need a copy of the footage from the store from were suspect 1 entered and took victim 2's purse and also were the offender stole the drinks from the display. The manager complied with my request and provided me with three DVD's containing the information and footage I requested. Inside the vehicle I recovered the 14 12 packs of coke and case of water valued at $56 and a property receipt was filled out to the manager returning said items to the store. Victim 2 advised me that in her wallet she also had a memory chip valued at $75 dollars that suspect 1 took that contained pictures of her and her children. Victim 2 did recover her Dolce & Gabbana purse from were suspect 1 threw it at her before police arrived.

| CASE STATUS ☒ ACTIVE | ☐ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE 01/12/2013 |
|---|---|---|---|---|---|
| REPORTING OFFICER C. Milewski | NUMBER 22506 | APPROVED OFFICER Sgt. K. Thrift | | 484 | 18106 |
| WHITE/RECORDS | CANARY/COMPUTER | PINK/CID | GOLDENROD/CLEARANCE REPORT | | |

| GA0101000 | 00100301 | CLAYTON COUNTY POLICE | | CASE NUMBER |
|---|---|---|---|---|
| AGENCY ORI / DATE | | SUPPLEMENTAL REPORT | | 13002455 |
| | | [X] ORIGINAL REPORT  [ ] SUPPLEMENTAL REPORT  [ ] CORRECTED REPORT | | PAGE 4 OF 4 |

Victim 2 provided a written statement on the events that occurred and she also stated to me that when she confronted suspect 1

about her purse he began to yell to her to be in fear of receiving serious bodily harm from him. I

advised Victim 2 a case number for the incident along with the manager for the store ( victim ) for the shoplifting). The offender

along with suspect 1 and 3 have issued a criminal trespass warning from the location per the manager's request. I advised

victim 1 to place a fraud alert on her and her children's social security numbers as well as to contact Capital One in regards to

shutting off her credit cards.

I then completed the proper arrest paperwork for the offender on the shoplifting charge and advised my supervisor of the

situation. The offender was then transported to the Clayton County Jail where he was turned over into their custody. I then

placed the 3 surveillance DVD's into evidence. I do know that when I asked all four parties earlier this date on the call at

Roundtree Rd to the whereabouts of where they live, all 4 parties stated that they are homeless at this time. I will attempt to

obtain warrants for suspect 1 on Theft by Taking at a later time. Everything was recovered but victim 2's wallet and its

contents. No further Inbper information was obtained at this time.

REPORT - NARRATIVE

| CLEAR | CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE |
|---|---|---|---|---|---|---|
| | | | | | | 01/12/2013 |
| | REPORTING OFFICER | APPROVING OFFICER | | | |
| | Sgt. K. Theft | | | | |
| | 22506 | 18106 | | | 070101 |

[ ] WHITE/RECORDS   [ ] CANARY/COMPUTER   [ ] PINK/CID   [ ] GOLDENROD/CLEARANCE REPORT

| AGENCY ID (ORI) | | | | **CLAYTON COUNTY POLICE** | CASE NUMBER | 13002455 |
|---|---|---|---|---|---|---|
| 6A | GA0310100 | 00100501 | | **SUPPLEMENTAL - PERSONS** | CORRECTED REPORT | |
| | | | | [X] ORIGINAL REPORT   [ ] SUPPLEMENTAL REPORT | PAGE 5 OF 5 | |

[ ] SUSPECT INFORMATION   [ ] JUVENILE INFORMATION   [ ] OTHER CONFIDENTIAL

**PERSON # Victim 2**

| SUSPECT | NAME | | | | RACE B | SEX F | AGE 24 | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| | Merritt, Marissa | | | | | | | |
| OFFENDER | STREET ADDRESS | | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | 223 Peachtree Glen Drive | | | | | | 770-996-5825 | |
| VICTIM [x] | CITY | STATE | ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | | EMPLOYER OR OCCUPATION | |
| | Ellenwood | Ga | 30294 | | | | Clerk | |
| WITNESS | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | | | |
| COMPLAINANT | ADDITIONAL INFORMATION: | | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | |
| JUVENILE | | | | | HEIGHT | WEIGHT | HAIR | EYES |
| WANTED | OFFENDER CHARGES / ADDITIONAL CHARGES | | | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION | |
| WARRANT | | | | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN | |
| ARREST | | | | | | | | |

**PERSON # Witness**

| SUSPECT | NAME | | | | RACE B | SEX M | AGE 22 | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| | Williams, De'Anthony M. | | | | | | | |
| OFFENDER | STREET ADDRESS | | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | 961 Rolling Meadows | | | | | | 770-996-5825 | |
| VICTIM | CITY | STATE | ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | | EMPLOYER OR OCCUPATION | |
| | Loganville | Ga | 30052 | | | | Manager | |
| WITNESS [x] | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | | | |
| COMPLAINANT | ADDITIONAL INFORMATION: | | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | |
| JUVENILE | | | | | HEIGHT | WEIGHT | HAIR | EYES |
| WANTED | OFFENDER CHARGES / ADDITIONAL CHARGES | | | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION | |
| WARRANT | | | | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN | |
| ARREST | | | | | | | | |

**ADDITIONAL INFORMATION**

| | | | | | | REPORT DATE |
|---|---|---|---|---|---|---|
| CASE STATUS [x] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | | 03/12/2013 |
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | | NUMBER |
| C. Milewski | | 22506 | Sgt. K. Thrift | | | 18106 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT [ ] | | |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| GA0310100 | 00100501 | SUPPLEMENTAL REPORT | | ☐ CORRECTED REPORT |
| | | ☐ ORIGINAL REPORT   ☒ SUPPLEMENTAL REPORT | | PAGE  1  OF  1 |

On 011313 at approx. 0052 I responded to 617 Roundtree Rd. to meet with other officers in reference to searching the area for an individual that was involved with a theft earlier this date. Shortly after meeting with officers we then began to drive East bound from Hwy. 85 on Roundtree Rd. Once making it past Pine Hills Apartments myself and another officer observed a black male walking West bound on Roundtree Rd. towards us. While observing the male walking towards us I was informed by the other officer that the height and weight of the male in front of us matched the ones of the individual that we were looking for.

Myself and another officer then began to approach the male at which time the primary officer then asked the male (who was the individual that we had been looking for to place his hands on his vehicle. I then assumed the role of the cover officer while the primary officer began to search the offender for weapons and illegal contraband. During the search the offender was told multiple times to keep his hands on the vehicle and quit moving around. Once the offender was placed in handcuffs and placed in the rear of the primary officers patrol vehicle I then began to head back to the Clayton County North Precinct to assist in the arrest paperwork. While en route to the North Precinct I contacted the primary officer and asked if he could take a picture of the offender and send that photo to me so that I could drive to the incident location of the theft that had taken place earlier to see if the victim could identify him. Once at the incident location I showed the victim the picture of the offender at which time she informed me that he was indeed the individual that stole her wallet and its contents.

After speaking with the victim on this matter I then returned to the North Precinct were I was asked by the primary officer if I would do a more thorough search of the offender. While conducting the search of the offender I found a glass pipe commonly used for smoking crack cocaine in the right side breast pocket of the offender's jacket. Along with the pipe I also found a small see through green baggy that had a small white rock inside of it along with a segment of a metal hanger that had been charred and was bent.

I then was told by the primary officer that the some of the victims belongings (GA drivers license, SSN card, her childrens's SSN cards and other personal misc. cards) were found inside the offender's wallet. I then retrieved a drug test kit at which time I then tested the white rock found inside the small see through baggy at which time it tested positive for crack cocaine. After testing the small white rock I then assisted in the completion of the arrest paperwork.

After the paperwork was completed I then gathered the victim's personal's belongings that were found on the offender and transported them to her place of work (93 Upper Riverdale Rd. / Incident location) where a property sheet was completed and all property belonging to her was turned over to her. Copies of the property receipt are attached this report.

NOTHING FURTHER.

| CASE STATUS: ☐ ACTIVE | ☒ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE 011313 |
|---|---|---|---|---|---|
| REPORTING OFFICER Davis, C. | | NUMBER 12539 | APPROVING OFFICER Sgt. K. Thrift | NUMBER 484 | 18106 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| BA | GA0310100   00100501 | SUPPLEMENTAL - PERSONS | CORRECTED REPORT | |
| | | ORIGINAL REPORT [X] SUPPLEMENTAL REPORT | PAGE 1 OF 2 | |

**[X] SUSPECT INFORMATION**  **[ ] JUVENILE INFORMATION**  **[ ] OTHER CONFIDENTIAL**

### Person & Suspect 1

| SUSPECT [X] | NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| | Weaver, Demarco Ronetas | | | B | M | 37 | |
| OFFENDER | STREET ADDRESS | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | 950 Lake Ridge Pkwy Apt 8206 | | | | | Unk | |
| VICTIM | CITY | STATE | ZIP CODE | LICENSE OR I.D. (STATE ISSUED) | | EMPLOYER OR OCCUPATION | |
| | Riverdale | Ga | 30274 | | | Unk | |
| WITNESS | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | | |

COMPLAINANT ADDITIONAL INFORMATION:
Advised he is now homeless
Does frequent 685 Roundtree Rd Pinehill Town homes
Also hangs out at Quick Trip on Hwy 85 and Roundtree Rd.

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| 506 | 200 | Blk | Bro |

| WANTED | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST | JURISDICTION |
|---|---|---|---|---|---|
| WARRANT | | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN |
| ARREST | | | | | |

### Person & Suspect 2

| SUSPECT [X] | NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|
| | Barnhill, Kandice Bonita | | | B | F | 32 | |
| OFFENDER | STREET ADDRESS | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | 617 Roundtree Rd | | | | | N/A | |
| VICTIM | CITY | STATE | ZIP CODE | LICENSE OR I.D. (STATE ISSUED) | | EMPLOYER OR OCCUPATION | |
| | Riverdale | Ga | 30274 | | | N/A | |
| WITNESS | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | | |

COMPLAINANT ADDITIONAL INFORMATION:
Hangs out with Suspect 1

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| 504 | 100 | Blk | Bro |

| WANTED | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST | JURISDICTION |
|---|---|---|---|---|---|
| WARRANT | | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN |
| ARREST | | | | | |

ADDITIONAL INFORMATION

| CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE 01/12/2013 |
|---|---|---|---|---|---|
| REPORTING OFFICER C. Milewski | NUMBER 22506 | APPROVING OFFICER Sgt. K. Thrift | | | NUMBER 18106 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT [ ] | | 070101 |

AGENCY ID (ORI) BA GA0310100 00100501

# CLAYTON COUNTY POLICE
## SUPPLEMENTAL - PERSONS

CASE NUMBER: 13002455
☐ CORRECTED REPORT
☐ ORIGINAL REPORT ☒ SUPPLEMENTAL REPORT
PAGE 2 OF 2

☒ SUSPECT INFORMATION ☐ JUVENILE INFORMATION ☐ OTHER CONFIDENTIAL

**PERSON # Suspect 3**

| Field | Value |
|---|---|
| ☒ SUSPECT / ☐ OFFENDER / ☐ VICTIM / ☐ WITNESS / ☐ COMPLAINANT / ☐ JUVENILE / ☐ WANTED / ☐ WARRANT / ☐ ARREST | |
| NAME | Anderson, Courtney |
| RACE | B |
| SEX | F |
| AGE | 38 |
| DATE OF BIRTH | |
| STREET ADDRESS | Homeless |
| RESIDENCE NUMBER | |
| BUSINESS NUMBER | None |
| CITY | Unk |
| STATE | Ga |
| ZIP CODE | Unk |
| LICENSE OR I.D. #/STATE ISSUED | |
| EMPLOYER OR OCCUPATION | None |
| IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | |
| ADDITIONAL INFORMATION | Hangs Out around Roundtree Rd with Suspect 1 and 2 |
| HEIGHT | 508 |
| WEIGHT | 160 |
| HAIR | Blk |
| EYES | Bro |
| OFFENDER CHARGES / ADDITIONAL CHARGES | |
| COUNTS / OFFENSE CODE / OFFENSE/ARREST JURISDICTION (1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN) | |

**PERSON #** (blank)

SUSPECT / OFFENDER / VICTIM / WITNESS / COMPLAINANT / JUVENILE / WANTED / WARRANT / ARREST — NAME, RACE, SEX, AGE, DATE OF BIRTH, STREET ADDRESS, RESIDENCE NUMBER, BUSINESS NUMBER, CITY, STATE, ZIP CODE, LICENSE OR I.D. #/STATE ISSUED, EMPLOYER OR OCCUPATION, IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:, ADDITIONAL INFORMATION, COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY: HEIGHT, WEIGHT, HAIR, EYES, OFFENDER CHARGES / ADDITIONAL CHARGES, COUNTS, OFFENSE CODE, OFFENSE/ARREST JURISDICTION (1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN)

ADDITIONAL INFORMATION

CLEAR
CASE STATUS: ☒ ACTIVE ☐ CLEARED BY ARREST ☐ EX. CLEARED ☐ DEPT. CLEARED ☐ UNFOUNDED
REPORT DATE: 01/12/2013
REPORTING OFFICER: C. Milewski NUMBER: 22506
APPROVING OFFICER: Sgt. K. Thrift NUMBER: 18106

WHITE/RECORDS ☐ CANARY/COMPUTER ☐ PINK/CID ☐ GOLDENROD/CLEARANCE REPORT ☐ 078101

| | AGENCY ID (ORI) | | | **CLAYTON COUNTY POLICE** | CASE NUMBER | 13002455 |
|---|---|---|---|---|---|---|
| BA | GA0310100 | 00100501 | | **SUPPLEMENTAL REPORT** | | CORRECTED REPORT |
| | | | ORIGINAL REPORT | [X] SUPPLEMENTAL REPORT | | PAGE **1** OF **3** |

On 01/12/2013 at 2300 hours I attempted to go to Magistrate Court and obtain warrants for Weaver, Demarco R. DOB

02/13/1975. I arrived at Magistrate court at 2325 hours and when I walked up to the second floor the on Judge Brown had

already left. I advised my supervisor of the situation.


After checking with the Clayton County Dispatch in regards to Weaver's most recent address I advised them that he hangs out

in the area of Roundtree Rd. Dispatch checked history for Weaver in the area and advised me that the last address Weaver

showed to be familiar with was 617 Roundtree Rd.


Myself and Ofc. Davis arrived in the area of 617 Roundtree Rd around 0058 hours on 01/13/2012 to try and locate Weaver. As

soon as we arrived, I observed Weaver standing at the end of the driveway at 617 Roundtree Rd at which time he started

walking down the street. I advised Ofc. Davis of the radio that I was going to drive up and make contact with him to confirm

that it was in fact Weaver. As I drove up I got out of my marked patrol car and announced " Clayton County Police, sir  can you

come over here and talk to me for a minute". After I announced my presence Weaver stated " Its me Demarco, Officer, you

know me". Weaver then approached me stating " I saw you last night up the street". Weaver then put out his right hand in

attempt to shake my hand. I advised Weaver to turn around and place his hands on the truck of my patrol car at which time

Weaver complied. I then searched Weaver for weapons and contraband and placed both his hands behind his back securing

them in handcuffs. I then placed Weaver in the back of my previously searched patrol car and advised him he was be placed

under arrest for Robbery By Snatching and Financial Transaction Card Theft for the incident at 93 Upper Riverdale Rd ( Quik

Trip Gas Station that occurred on 01/12/2013 at 0337 hours.


After checking Weaver's back right pocket, I located victim 2's driver license and social security cards for her and her

childrens's inside of Weaver's wallet along with several other credit cards with other people's names on them. Due to the high

volume of traffic I transported Weaver to the north precinct to continue the investigation for my safety and his; preventing us

from being struck by a passerby.


Once we arrived at the north precinct I read Weaver his Maranda Rights at which time Weaver agreed to talk to me without a

lawyer being present.

| CASE STATUS | ACTIVE | [X] CLEARED BY ARREST | EX CLEARED | DEPT. CLEARED | UNFOUNDED | REPORT DATE 01/13/2013 |
|---|---|---|---|---|---|---|
| REPORTING OFFICER | | | NUMBER | APPROVING OFFICER | | NUMBER |
| C. Milewski | | | 22506 | Sgt. K. Thrift | | 18106 |
| WHITE/RECORDS | | CANARY/COMPUTER | | PINK/CID | GOLDENROD/CLEARANCE REPORT | (7/01/01) |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| SA | GA0310100 | SUPPLEMENTAL REPORT | | CORRECTED REPORT |
| | 00100501 | ORIGINAL REPORT  [x] SUPPLEMENTAL REPORT | PAGE 2 OF 3 | |

Weaver advised me that he was at the incident 93 Upper Riverdale On 01/12/2013 around 0337 hours along with Heard and

suspect 2 and 3. Weaver stated that Heard needed to be arrested for stealing 12 packs of coke from the display outside the

location at which time I advised Weaver that Heard was arrested last night for taking the 12 packs without paying and charged

with Theft by Shoplifting. I also advised Weaver that we reviewed the video surveillance and identified him from past contact

we have had with Weaver as suspect 1 who took the purse from behind the counter that belonged to victim 2. Weaver looked at

me and stated " I know I took the purse, I was doing no good. I just slipped up".


Inside Weaver's wallet I also located Victim 2's medical insurance card along with three other credit cards with three separate

names on the cards. Inside Weaver's jeans pocket Ofc. Davis located both victim 2's Capitol One credit cards. Ofc. Davis also

located 1 small crack rock cocaine with a small glass pipe, 1 small metal rod and a steel pad used to clean the glass crack pipe.

Weaver advised myself and Ofc. Davis that he smoked 1 "rock" about 10 minutes before we made contact with him on

Roundtree Rd. That he bought from inside Pinehill Town Homes ( 685 Roundtree Rd. Riverdale, Ga 30274).


I then advised Weaver that he was also being charged with VGCSA for possession of the crack rock and possession of drug

related objects. Weaver advised me that he knows the system and will beat all charges even if he is one video taking the purse.


I completed the proper arrest paperwork which my supervisor reviewed. I then placed Weaver in the back of my patrol car and

transported him to the Clayton County Jail were he was turned over into their custody. I then placed said crack rock, glass

crack pipe, 1 small metal rod, steel pad, three other victim's credit cards into evidence. Ofc. Davis returned victim 2's property

that we recovered to her at the incident location. Weaver did not advise us on the location of victim 2's wallet that was still

missing. Ofc. Davis filled out a property receipt for returning victim 2's items. See Ofc. Davis supplemental report. No further.

| CASE STATUS: ☐ ACTIVE | [x] CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE 01/13/2013 |
|---|---|---|---|---|---|
| REPORTING OFFICER C. Milewski | NUMBER 22506 | APPROVING OFFICER Sgt. K. Thrift | | | NUMBER 18106 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT | | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| BA | GA0310100   00100501 | SUPPLEMENTAL - PERSONS | | CORRECTED REPORT |
| | | ORIGINAL REPORT   [X] SUPPLEMENTAL REPORT | | PAGE  3  OF  3 |

☐ SUSPECT INFORMATION     ☐ JUVENILE INFORMATION     ☐ OTHER CONFIDENTIAL

**PERSON 2 / Offender 2**

| | NAME | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|
| SUSPECT | Weaver, Demarco Ronetas | B | M | 37 | |
| OFFENDER [X] | STREET ADDRESS | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | 506 Sable Chase Blvd | | | None | |
| VICTIM | CITY          STATE      ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION | |
| | McDonough   Ga      30253 | ~ | | None | |
| WITNESS | IS INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | |
| COMPLAINANT | ADDITIONAL INFORMATION: | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | |
| JUVENILE | | HEIGHT   WEIGHT   HAIR   EYES | | | |
| | | 506     200     Blk   Bro | | | |

| | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST   JURISDICTION |
|---|---|---|---|---|
| WANTED | Robbery By Sudden Snatching | 1 | 16-08-40(3) | 2  2 |
| WARRANT | Financial Transaction Card Theft | 2 | 16-09-31 | 2  2   1. CITY |
| | VGCSA Crack Cocaine | 1 | 16-13-30(D) | 2  2   2. COUNTY  3. STATE |
| ARREST [X] | Possession Of Drug Related Items | 1 | 16-13-32.2 | 2  2   4. OUT OF STATE  5. UNKNOWN |

**PERSON 3**

| | NAME | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|
| SUSPECT | | | | | |
| OFFENDER | STREET ADDRESS | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| VICTIM | CITY          STATE      ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION | |
| WITNESS | IS INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | |
| COMPLAINANT | ADDITIONAL INFORMATION: | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | |
| JUVENILE | | HEIGHT   WEIGHT   HAIR   EYES | | | |

| | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST   JURISDICTION |
|---|---|---|---|---|
| WANTED | | | | |
| WARRANT | | | | 1. CITY  2. COUNTY  3. STATE |
| ARREST | | | | 4. OUT OF STATE  5. UNKNOWN |

**ADDITIONAL INFORMATION**

| | | | | | | REPORT DATE |
|---|---|---|---|---|---|---|
| CASE STATUS: ☐ ACTIVE   [X] CLEARED BY ARREST   ☐ EX CLEARED   ☐ DEPT. CLEARED   ☐ UNFOUNDED | | | | | | 01/13/2013 |
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER K.C. | | | NUMBER |
| C. Milewski | | 22506 | Sgt. K. Thrift | | | 18106 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE SUPPLEMENTAL REPORT | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| SA | GA0310100  00100501 | ORIGINAL REPORT  X SUPPLEMENTAL REPORT | CORRECTED REPORT | PAGE 1 OF 2 |

On 011213 at approx. 0349 hours I was dispatched to the Quick Trip Gas Station at 93 Upper Riverdale Rd. Riverdale GA 30274 in reference to a theft call. While en route to the incident location dispatched advised that suspect had taken a clerk's purse from behind the counter. Myself and the primary unit were right up the road and informed dispatch that we would be on scene in less than one minute. As myself and the other unit pulled into the location I advised the primary unit to enter the Quick Trip via the first entrance on Upper Riverdale Rd. And that I would enter in the other entrance on Roy Huie Rd. In case the suspects attempted to leave in a vehicle.

Once I pulled into the gas station I was advised by a passer by that the suspect had left the incident location and was heading East on Upper Riverdale Rd towards Tara Blvd. Myself and the primary unit then exited the incident location to look for the suspect. As I exited the gas station dispatched advised that the suspect had left the scene in a vehicle (Blue Sienna Van). I then searched the area of Upper Riverdale Rd. To the Texaco Gas Station (6331 Tara Blvd.). Once I checked the Texaco Gas Station I then traveled South on Tara Blvd. Towards Arrow Head Blvd. And searched that area from Tara Blvd. back to Upper Riverdale Rd. While I continued to search the area for the suspect the primary unit went back to the incident location to speak with the victim and obtain a more accurate account of what had taken place. I was then requested back to the incident location to bring the primary unit another set of handcuffs.

I then arrived back on scene to assist the primary officer during that time I completed the vehicle inventory sheet on the vehicle that the suspects had arrived in so that Sosebees Wrecker Service could come and impound the vehicle. While completing the inventory sheet the victim informed me that the Quick Trips manager was en route to the gas station so that we could check the store surveillance videos to try and obtain video footage of the crime that had taken place.

A short time later the manager arrived on scene at which time I followed him into the store to look at the surveillance videos. ON the video you could see the suspect that is still outstanding walking around the stations counter continuing to check for anyone near by. I then observed the suspect walk behind a stand full of merchandise where it appears that he ducked down behind the counter. A short time later you can see a drawer behind the stations counter open and then close again. You can then see the suspect stand back in the same place that he had ducked down and walked towards a cooler full of drinks along the back of the store and open his jacket and place something under his right arm.

I was then informed by the victim that the suspect then walks back and talks to her. The victim stated that she saw what to her looked like the strap that was on her purse sticking out from under the suspects jacket.

CONTINUED ON PAGE 2

| CASE STATUS: X ACTIVE | CLEARED BY ARREST | EX. CLEARED | ADM.T. CLEARED | UNFOUNDED | REPORT DATE  011213 |
|---|---|---|---|---|---|
| REPORTING OFFICER  Davis, C. | | NUMBER  22529 | APPROVED OFFICER | | |
| WHITE/RECORDS | CANARY/COMPUTER | PINK/CID | GOLDENROD/CLEARANCE REPORT | | |

| AGENCY ID [ORI] | 00100501 | **CLAYTON COUNTY POLICE** | CASE NUMBER | 13002455 |
|---|---|---|---|---|
| BA  GA0310100 | | **SUPPLEMENTAL REPORT** | CORRECTED REPORT | |
| | | ORIGINAL REPORT  [X] SUPPLEMENTAL REPORT | PAGE **2** OF **2** | |

When the victim asked the suspect what the strap was that was under his jacket she stated that he told her to step outside and he would show her. On the video you can again see the victim and the suspect arguing at the front door to the store. The victim stated that she then followed him outside where she observed another man attempting to place a 24 pack of water into the vehicle named above. However when the individual attempting to place the water in the van was scene by the victim he then placed the water back where he obtained it from.

I then asked the manager if there were any more views on the camera that could possible show the stand of sodas and waters that was stacked up outside. The manager then changed cameras where on the video you can see the second suspect walk up to the stack of sodas and waters and begin to grab multiple twelve packs of soda. The video also shows this same subject making multiple trips from the stand of drinks back to the above blue van.

The manager then advised that there was one more camera that is located at the front door that he believed would have a very good image of the suspects face. I then asked the manager if he could make copies of three of the videos that I had observed so that they could be placed into evidence.

Once obtaining the copies of the security videos and turning them over to the primary officer he asked me to release one of the females while he released the other. I was then present when the primary officer gave both female subjects a criminal trespass warning. I was then requested by a third unit to respond to Southern Regional Medical Center in reference to that unit believing that he had located the suspect that had taken the clerks purse. Once arriving at the hospital I informed the third unit that the subject he believed was the suspect was actually not the one we were looking for. I then returned back to the incident location to complete a property receipt for the sodas and waters that were in the Blue Van.

NOTHING FURTHER.

| CASE STATUS: [X] ACTIVE | CLEARED BY ARREST | EX. CLEARED | DEPT. CLEARED | UNFOUNDED | REPORT DATE 011213 |
|---|---|---|---|---|---|
| REPORTING OFFICER  Davis, C. | | NUMBER  22529 | APPROVING OFFICER | | NUMBER |
| WHITE/RECORDS | CANARY/COMPUTER | | PINK/CID | GOLDENROD/CLEARANCE REPORT | 070101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

## EXHIBIT D

| AGENCY ID (ORI) | | | | | | | | CASE NUMBER | | 13018815 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| [SA] **GA0310100** | **CLAYTON COUNTY POLICE INCIDENT REPORT** | | | | | | | | ☐ CORRECTED REPORT | | |

**EVENT**

| INCIDENT TYPE | | | | INCIDENT CODE | COUNTS | PREMISE TYPE | |
|---|---|---|---|---|---|---|---|
| Armed Robbery | | | | 16-8-41 | 1 | HIGHWAY | SERVICE STATION |
| | | | | | | X CONVENIENCE STORE | BANK |
| | | | | | | COMMERCIAL | RESIDENCE |
| INCIDENT LOCATION | | CITY | STATE | ZIP CODE | | SCHOOL/CAMPUS | ALL OTHER |
| 93 Upper Riverdale Rd. (Quik Trip)   Riverdale, Ga 30274 | | | | | | WEAPON TYPE | |
| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER | ZONE | GUN | KNIFE/CUTTING TOOL |
| 04-01-13 | 0228 | TO | | YES X NO UND | 13 | HANDS/FIST/ETC. | OTHER |

**COMPLAINANT**

| COMPLAINANT'S NAME | | | | | | RACE B | SEX M | AGE 45 | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|---|
| Parker, Jason Elliott (Trainer) | | | | | | | | | |
| STREET ADDRESS | | | | RESIDENCE NUMBER | | | BUSINESS NUMBER | | |
| 93 Upper Riverdale Rd. | | | | | | | 770-996-5825 | | |
| CITY | STATE | ZIP CODE | | LICENSE OR I.D. # / STATE ISSUED | | EMPLOYER OR OCCUPATION | | | |
| Riverdale | GA | 30274 | | | | QT | | | |

**VICTIM**

| VICTIM'S NAME | | | | | KA/JR | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| Quik Trip | | | | | | | | |
| STREET ADDRESS | | | | RESIDENCE NUMBER | | BUSINESS NUMBER | | |
| 93 Upper Riverdale Rd | | | | | | | | |
| CITY | STATE | ZIP CODE | | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION | | | |
| Riverdale | GA | 30274 | | | | | | |

**OFFENDER #1**

| NAME | | | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| WANTED STREET ADDRESS | | | | | HEIGHT | WEIGHT | HAIR | EYES |
| WARRANT CITY | | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | | | | |
| ARREST CHARGES | | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION | | | |
| | | | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN | | |
| TOTAL NUMBER ARRESTED | ARRESTED AT OR NEAR OFFENSE SCENE YES ☐ NO ☐ | | OFFENSE DATE | | 00100401 | | | |

**VEHICLE**

| ABANDONED | TAG NUMBER | STATE | YEAR | VEHICLE IDENTIFICATION NUMBER (V.I.N.) | | PLATE | VIN PLATE ONLY |
|---|---|---|---|---|---|---|---|
| STOLEN | | | | | | | |
| RECOVERED | YEAR | MAKE | | MODEL | STYLE | | COLOR |
| SUSPECTS | | | | | | | |
| VICTIM'S | MOTOR SIZE (CID) | | AUTO MAN SPD TRANSMISSION ☐ ☐ ☐ | | INSURED BY | | |
| LOST ARTICLE | | | | | | | |

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | IF RECOVERY REPORT, JURISDICTION OF THEFT | |
|---|---|---|---|---|---|---|
| STOLEN | | 207 | | | | |
| RECOVERED | | | | | | |
| | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS | DATE OF THEFT | |
| STOLEN | | | | | | |
| RECOVERED | | | | | | |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL 257 | STOLEN |
| STOLEN | | 50 | | | | RECOVERED |
| RECOVERED | | | | | | |

**CLEAR**

| UCR ENTRY | WARRANT | MISSING PERSONS | VEHICLE | ARTICLE | BOAT | GUN | SECURITIES |
|---|---|---|---|---|---|---|---|
| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | ☐ CLEARED BY ARREST | ☐ EXCEPTIONALLY CLEARED | ☐ DEPT. CLEARED | | ☐ UNFOUNDED | 04-01-13 | |
| | DATE OF CLEARANCE | | ☐ ADULT | ☐ JUVENILE | | REPORT DATE | |

**NARRATIVE**

See Page 2 for Narrative

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER |
|---|---|---|---|
| Snell, M | 23251 | Sgt. K. Thrift | 484 | 18106 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | PINK/CID ☐   GOLDENROD/CLEARANCE REPORT ☐ | |

AGENCY ID (ORI) GA0310100 | 00100501

**CLAYTON COUNTY POLICE**

**SUPPLEMENTAL REPORT**

CASE NUMBER 13018815

[ ] CORRECTED REPORT

[X] ORIGINAL REPORT [ ] SUPPLEMENTAL REPORT

PAGE 2 OF 3

REPORT - NARRATIVE

On 04-01-13 at 0228 hours I was dispatched to the incident location in reference to an armed robbery. Upon arrival I made contact with victim(1) who advised she was standing outside the counter reading a book when an unknown black male, 5'10, 160lbs, wearing a black/charcoal face mask, dark colored shirt, black denim pants came up to her pointing a black small handgun(380) at her demanding all the money and she yelled. The complainant (Trainer) who advised he and victim (2) were in the back when they heard victim (1) yelling. At that time they started towards victim's (1) location and was approached by the suspect who ordered them to open the cash register. The victim(2) went behind the counter and opened the register and the suspect took the money from the drawer and said "this is not enough money open the other drawer." The complainant opened the other drawer and the suspect took the money and eight packs of Newport cigarettes and ordered all of them to the floor and ran out the store towards Roy Huie Rd. A BOLO was given of the suspect and last known direction. I.D. was notified and crime scene was secured. A copy of the video (2 disks) was submitted into evidence.

Responding units checked the surrounding area with negative results.

CLEAR

CASE STATUS: [X] ACTIVE [ ] CLEARED BY ARREST [ ] EX. CLEARED [ ] DEPT. CLEARED [ ] UNFOUNDED

REPORT DATE 04-01-13

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER |
|---|---|---|---|
| Snell, M | 33251 | Sgt. K. Thrift 484 | 18106 |

WHITE/RECORDS [ ] CANARY/COMPUTER [ ] PINK/CID [ ] GOLDENROD/CLEARANCE REPORT [ ] (070131)

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 13018815 |
|---|---|---|---|---|
| [8A] GA0310100 | 00100501 | **SUPPLEMENTAL - PERSONS** | | ☐ CORRECTED REPORT |
| | | [X] ORIGINAL REPORT   ☐ SUPPLEMENTAL REPORT | | PAGE  3  OF  3 |

☐ SUSPECT INFORMATION     ☐ JUVENILE INFORMATION     ☐ OTHER CONFIDENTIAL

**PERSON # 1**

| | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| SUSPECT ☐ | NAME  Perkins, Astascia | | B | F | 25 | |
| OFFENDER ☐ | STREET ADDRESS  3745 Radcliffe Blvd | | RESIDENCE NUMBER | | BUSINESS NUMBER  770-996-5825 | |
| VICTIM ☐ | CITY  Decatur | STATE  GA   ZIP CODE  30034 | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION  QT | |

WITNESS ☐   IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

COMPLAINANT ☐  ADDITIONAL INFORMATION:

JUVENILE ☐

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| | | | |

WANTED ☐   OFFENDER CHARGES / ADDITIONAL CHARGES

WARRANT ☐

ARREST ☐

| COUNTS | OFFENSE CODE | OFFENSE/ARREST | JURISDICTION |
|---|---|---|---|
| | | | 1. CITY |
| | | | 2. COUNTY |
| | | | 3. STATE |
| | | | 4. OUT OF STATE |
| | | | 5. UNKNOWN |

**PERSON # 2**

| | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| SUSPECT ☐ | NAME  Cosper, Michael Ward | | W | M | 43 | |
| OFFENDER ☐ | STREET ADDRESS  880 Hulet Dr | | RESIDENCE NUMBER | | BUSINESS NUMBER  770-996-5825 | |
| VICTIM [X] | CITY  McDonough | STATE  Ga   ZIP CODE  30252 | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION  QT | |

WITNESS ☐   IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

COMPLAINANT ☐  ADDITIONAL INFORMATION:

JUVENILE ☐

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| | | | |

WANTED ☐   OFFENDER CHARGES / ADDITIONAL CHARGES

WARRANT ☐

ARREST ☐

| COUNTS | OFFENSE CODE | OFFENSE/ARREST | JURISDICTION |
|---|---|---|---|
| | | | 1. CITY |
| | | | 2. COUNTY |
| | | | 3. STATE |
| | | | 4. OUT OF STATE |
| | | | 5. UNKNOWN |

ADDITIONAL INFORMATION

| CASE STATUS: [X] ACTIVE | ☐ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE  04-01-13 |
|---|---|---|---|---|---|
| REPORTING OFFICER  Snell, M | | NUMBER  23151 | APPROVING OFFICER  Sgt. K. Thrift | NUMBER  484 | NUMBER  18106 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | 070101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

## EXHIBIT E

**CLAYTON COUNTY POLICE INCIDENT REPORT**

| AGENCY ID (ORI) | | CASE NUMBER |
|---|---|---|
| GA | GA0310100 | 14029296 |

[X] **REPORT OF FAMILY VIOLENCE**    [ ] CORRECTED REPORT

**INCIDENT**    IF BURGLARY, WAS ENTRY FORCED? [ ] YES [ ] NO

| INCIDENT | | INCIDENT CODE | COUNTS | PREMISE TYPE | |
|---|---|---|---|---|---|
| Aggravated Assault-FV | | 16-5-21(f) | 1 | HIGHWAY | SERVICE STATION |
| | | | | CONVENIENCE STORE | BANK |
| | | | | COMMERCIAL | RESIDENCE |
| INCIDENT LOCATION | CITY | STATE | ZIP CODE | SCHOOL/CAMPUS | [X] ALL OTHER |
| 93 Upper Riverdale Road | Riverdale | GA | 30274 | | |

| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER | ZONE | NUMBER OF WEAPONS AND TYPE | |
|---|---|---|---|---|---|---|---|
| 5-23-14 | 13:15 | TO | | YES NO [X] UNK | 14 | GUN | KNIFE/CUTTING TOOL |
| | | | | | | [X] HANDS/FISTS/ETC. | OTHER |

**VICTIM**

| VICTIM'S NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| Matthews, Glenda | | | B | F | 43 | |
| STREET ADDRESS | | RESIDENCE NUMBER | | | BUSINESS | |
| 6170 Hilliandale Dr | | | | | | |
| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION | | |
| Lithonia | GA | 30058 | 043217990/GA | Medical | | |

**OFFENDER**

| NAME | | | RACE | SEX | AGE | DATE OF |
|---|---|---|---|---|---|---|
| PRIMARY AGGRESSOR Newton, Kenneth Lamar | | | B | M | 44 | |
| STREET ADDRESS | | | HEIGHT | WEIGHT | HAIR | EYES |
| [X] 1610 Mill Acres Drive | | | 602 | 220 | Blk/Gry | Bro |
| WANTED CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | | | |
| [X] Atlanta | GA | 30311 | | | | |

| WARRANT CHARGES | | COUNTS | OFFENSE CODE | UPON/EXTRADITION | JURISDICTION |
|---|---|---|---|---|---|
| [X] Aggravated Assault-FV | | 1 | 16-5-21(f) | | 1. CITY |
| | | | | | 2. COUNTY |
| ARREST | | | | | 3. STATE |
| | | | | | 4. OUT OF STATE |
| | | | | | 5. LOCKDOWN |

| TOTAL NUMBER ARRESTED | ARRESTED AT OR NEAR OFFENSE SCENE | OFFENSE DATE | |
|---|---|---|---|
| | YES [ ] NO [ ] | | |

**VEHICLE**

| | ABANDONED | TAG NUMBER | STATE | YEAR | VEHICLE IDENTIFICATION NUMBER (V.I.N.) | PLATE ONLY | VIN PLATE ONLY |
|---|---|---|---|---|---|---|---|
| | STOLEN | | | | | | |
| | RECOVERED | YEAR | MAKE | MODEL | STYLE | COLOR | |
| | SUSPECT'S | | | | | | |
| | VICTIM'S | MOTOR SIZE (CID) | AUTO MAN. SPD. TRANSMISSION | INSURED BY | | | |
| | LOST ARTICLE | | | | | | |

**PROPERTY**

| | | MOTOR VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | IF RECOVERY REPORT, JURISDICTION OF THEFT |
|---|---|---|---|---|---|---|
| | STOLEN RECOVERED | | | | | |
| | STOLEN RECOVERED | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS | DATE OF THEFT |
| | STOLEN RECOVERED | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |

| GCIC ENTRY | [X] WARRANT | MISSING PERSONS | VEHICLE | ARTICLE | BOAT | GUN | | STOLEN RECOVERED SECURITIES |
|---|---|---|---|---|---|---|---|---|

**FAMILY VIOLENCE SECTION**

1. WERE CHILDREN INVOLVED? ___ YES [X] NO
2. WAS ACT COMMITTED WITH CHILDREN PRESENT? ___ YES [X] NO
3. NUMBER OF PREVIOUS COMPLAINTS AS ADVISED BY VICTIM: ___ 0 [X] 1-5 ___ 6-10 ___ MORE THAN 10 ___ UNKNOWN
4. EXISTENCE OF PRIOR COURT ORDERS: ___ YES [X] NO ___ UNKNOWN
5. WAS VICTIM ADVISED OF AVAILABLE REMEDIES AND SERVICES? [X] YES ___ NO

FOR THE FOLLOWING ITEMS CHECK ALL THAT APPLY

6. TYPE AND EXTENT OF ALLEGED ABUSE BY THE PRIMARY AGGRESSOR: ___ 1-FATAL INJURY ___ 2- PERMANENT PHYSICAL DISABILITY ___ 3-TEMPORARY DISABILITY ___ 4-BROKEN BONES ___ 5-GUNSHOT WOUNDS [X] 5-SUPERFICIAL INJURIES ___ 7-PROPERTY DAMAGE/THEFT ___ 8-THREATS ___ 9-ABUSIVE LANGUAGE ___ 10-SEXUAL ABUSE [X] 11-OTHER

7. POLICE ACTION TAKEN: ___ 1-ARREST ___ 2-CITATION ___ 3-SEPARATION ___ 4-MEDIATION [X] 5-OTHER ___ 6-NONE

8. IF NO ARREST MADE, WHY NOT? ___ 1-JUVENILE [X] 2- PRIMARY AGGRESSOR NOT AT SCENE ___ 3- INSUFFICIENT PROBABLE CAUSE ___ 4- OTHER REASON(S)

9. HOW WAS PRIMARY AGGRESSOR IDENTIFIED? ___ 1-PHYSICAL EVIDENCE [X] 2-TESTIMONIAL EVIDENCE ___ 3-OTHER

9. DID INVESTIGATION INDICATE THAT SUBSTANCE ABUSE WAS INVOLVED? ___ YES [X] NO

IF YES, INDICATE SUBSTANCES USED BY PRIMARY AGGRESSOR (A) AND/OR VICTIM (V): (A) ___ 1-DRUGS ___ 2-ALCOHOL (V) ___ 1-DRUGS ___ 2-ALCOHOL

10. RELATIONSHIP OF PRIMARY AGGRESSOR TO VICTIM IS: ___ 1- PRESENT SPOUSE ___ 2-FORMER SPOUSE ___ 3-PARENT ___ 4-CHILD ___ 5-STEP PARENT ___ 5-STEP CHILD ___ 7- FOSTER PARENT ___ 8-FOSTER CHILD [X] 9- NONE OF THE ABOVE, BUT RELATIONSHIP COMPLIES WITH O.C.G.A. 19-13-1

**CLEAR**

| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | [ ] CLEARED BY ARREST | [ ] EXCEPTIONALLY CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | 5-23-14 |
|---|---|---|---|---|---|
| | DATE OF CLEARANCE | | ADULT JUVENILE | | REPORT DATE |

| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | NUMBER |
|---|---|---|---|---|---|
| D. Reid | | 22507 | Sgt. [signature] | | |

| WHITE/RECORDS | CANARY/COMPUTER | (PINK/CID) | GOLDENROD/CLEARANCE REPORT | |
|---|---|---|---|---|

| AGENCY ID (ORI) | CLAYTON COUNTY POLICE | CASE NUMBER | 14029296 |
|---|---|---|---|

**9A  GA0310100**

**CLAYTON COUNTY POLICE**
**SUPPLEMENTAL REPORT**

☐ CORRECTED REPORT

☒ ORIGINAL REPORT    ☐ SUPPLEMENTAL REPORT    PAGE **2** OF **3**

On 5-23-13 I was dispatched to 93 Upper Riverdale Road (Quiktrip) in reference to a disturbance. I was advised by dispatch that a male was physically assaulting a female at this location. Dispatch received multiple calls on the incident. As I approached the area, I was advised that the male had left the location in his vehicle. I searched the area in an attempt to find the male in his vehicle but was unable to. I then went to 93 Upper Riverdale Road to meet with the victim.

Upon arrival I met with the victim, Ms. Glenda Matthews, who stated that the male who assaulted her was her ex-boyfriend, Mr. Kenneth Lamar Newton. Ms. Matthews said that she worked at 81 Upper Riverdale Road and was coming to the gas station here to get gas. She told me that she cannot see out of her right eye and this fact was known to Mr. Newton. She said as she exited her vehicle, she was struck on the right side of her face. When she turned around, she observed that it was Mr. Newton who had struck her. She said that Mr. Newton slammed her against her vehicle and she began to scream for help. She said he was on the phone at the time and Mr. Newton grabbed her phone and asked her who she was talking to. She refused to answer and then Mr. Newton began to choke her. She said as he was choking her, she pleaded for help but nobody came. Eventually concerned citizens did arrive and told Mr. Newton to stop.

Ms. Matthews said that she was going to run to the Quiktrip, when she observed Mr. Newton run toward her vehicle. She said that she was concerned that he was going to take her vehicle, since she still had the keys inside, so she went back and he struck her again. Finally after a witness, Mr. Rashaad Horton, came to her aid, Mr. Newton left the location. Ms. Matthews did not see where he left specifically but said that he went down Roy Huie Rd. Upon speaking with the witness, Mr. Horton, he said that he observed Mr. Newton approached Ms. Matthews as she was exiting her vehicle. He then observed Mr. Newton put his hands around her neck. He said he went to the incident to stop Mr. Newton and he finally left.

Ms. Matthews advised me that she and Mr. Newton did not have children together and were never married. She said that they lived together in the past for approximately seven years. I transported Ms. Matthews to Southern Regional Medical Center so that she could be evaluated and treated. I advised Ms. Matthews that she needed to seek a restraining order against Mr. Newton but that I would also attempt to obtain warrants for Mr. Newton's arrest. Warrant #2014CW09163 was obtained. At this time no further.

| CASE STATUS: ☒ ACTIVE | ☐ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE 5-23-14 |
|---|---|---|---|---|---|
| REPORTING OFFICER D. Reid | | NUMBER 22507 | APPROVING OFFICER _Sgt. Williams +._ | | NUMBER |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | 070101 |

| AGENCY ID (ORI) | | CASE NUMBER | 14029296 |
|---|---|---|---|
| BA  GA0310100    00100501 | CLAYTON COUNTY POLICE | | ☐ CORRECTED REPORT |
| | SUPPLEMENTAL - PERSONS | | PAGE _3_ OF _3_ |
| | ☒ ORIGINAL REPORT   ☐ SUPPLEMENTAL REPORT | | |

☐ SUSPECT INFORMATION    ☐ JUVENILE INFORMATION    ☐ OTHER CONFIDENTIAL

| | NAME | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| SUSPECT ☐ | Horton, Rashaud Cheerse | | B | M | 39 | |
| OFFENDER ☐ | STREET ADDRESS | RESIDENCE NUMBER | | | BUSINESS NUMBER | |
| | 7735 Tara Blvd #5 | | | | None | |
| VICTIM ☐ | CITY        STATE        ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION | | |
| | Jonesboro    GA    30236 | | | - | | |
| WITNESS ☒ | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | |
| COMPLAINANT ☐ | ADDITIONAL INFORMATION: | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | | |
| | | HEIGHT | WEIGHT | HAIR | EYES | |
| JUVENILE ☐ | | | | | | |
| WANTED ☐ | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST  JURISDICTION | | |
| WARRANT ☐ | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN | | |
| ARREST ☐ | | | | | | |

| | NAME | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|
| SUSPECT ☐ | | | | | | |
| OFFENDER ☐ | STREET ADDRESS | RESIDENCE NUMBER | | | BUSINESS NUMBER | |
| VICTIM ☐ | CITY        STATE        ZIP CODE | LICENSE OR I.D. #/STATE ISSUED | | EMPLOYER OR OCCUPATION | | |
| WITNESS ☐ | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | |
| COMPLAINANT ☐ | ADDITIONAL INFORMATION: | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | | | |
| | | HEIGHT | WEIGHT | HAIR | EYES | |
| JUVENILE ☐ | | | | | | |
| WANTED ☐ | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST  JURISDICTION | | |
| WARRANT ☐ | | | | 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN | | |
| ARREST ☐ | | | | | | |

ADDITIONAL INFORMATION

| CASE STATUS: ☒ ACTIVE | ☐ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE 5-23-14 |
|---|---|---|---|---|---|
| REPORTING OFFICER  D. Reid | NUMBER  22507 | APPROVING OFFICER  Sgt. Williams, F. | | | NUMBER  17765 |
| WHITE/RECORDS ☐ | CANARY/COMPUTER ☐ | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT | | 070101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

## EXHIBIT F

Robles' Verified Complaint for Damages, Page 21 of 26

# CLAYTON COUNTY POLICE INCIDENT REPORT

AGENCY ID (ORI): GA0310100

CASE NUMBER: 14040232

☐ CORRECTED REPORT

**EVENT**

| INCIDENT TYPE | INCIDENT CODE | COUNTS |
|---|---|---|
| Armed Robbery | 16-8-41 | 1 |
| Aggravated Assault | 16-5-21 | 1 |
| | | |

PREMISE TYPE: ☐ HIGHWAY ☐ SERVICE STATION [X] CONVENIENCE STORE ☐ BANK ☐ COMMERCIAL ☐ RESIDENCE ☐ SCHOOL/CAMPUS ☐ ALL OTHER

| INCIDENT LOCATION | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 93 Upper Riverdale Rd | Riverdale | GA | 30274 |

WEAPON TYPE: [X] GUN ☐ KNIFE/CUTTING TOOL ☐ HANDS/FIST/ETC. ☐ OTHER

INCIDENT DATE: 071414 TIME: 0352 TO DATE: TIME:

STRANGER TO STRANGER: ☐ YES ☐ NO [X] UNK ZONE: 14

**COMPLAINANT**

| COMPLAINANT'S NAME | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|
| Allen, Brandon (victim 2) | B | M | 22 | |

| STREET ADDRESS | RESIDENCE NUMBER | BUSINESS NUMBER |
|---|---|---|
| 2148 Cold Springs Circle | | 7703681616 |

| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION |
|---|---|---|---|---|
| Lithonia | GA | 30058 | | Quicktrip |

**VICTIM**

| VICTIM'S NAME | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|
| Quicktrip | *** | *** | *** | ******** |

| STREET ADDRESS | RESIDENCE NUMBER | BUSINESS NUMBER |
|---|---|---|
| 93 Upper Riverdale Rd | ************* | 7703681616 |

| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION |
|---|---|---|---|---|
| Riverdale | GA | 30274 | ************* | Quicktrip |

**OFFENDER #1**

NAME: RACE: SEX: AGE: DATE OF BIRTH:

☐ WANTED STREET ADDRESS: HEIGHT: WEIGHT: HAIR: EYES:

☐ WARRANT CITY: STATE: ZIP CODE: LICENSE OR I.D. # / STATE ISSUED:

☐ ARREST CHARGES: COUNTS: OFFENSE CODE: OFFENSE/ARREST JURISDICTION: 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN

TOTAL NUMBER ARRESTED: ARRESTED AT OR NEAR OFFENSE SCENE: ☐ YES ☐ NO OFFENSE DATE:

00100401

**VEHICLE**

☐ ABANDONED ☐ STOLEN ☐ RECOVERED ☐ SUSPECTS ☐ VICTIMS ☐ LOST ARTICLE

TAG NUMBER: STATE: YEAR: VEHICLE IDENTIFICATION NUMBER (V.I.N.): ☐ PLATE ☐ VIN PLATE ONLY

YEAR: MAKE: MODEL: STYLE: COLOR:

MOTOR SIZE (CID): TRANSMISSION: ☐ AUTO ☐ MAN. ☐ SPD. INSURED BY:

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS |
|---|---|---|---|---|
| STOLEN | | 150 | | |
| RECOVERED | | | | |

IF RECOVERY REPORT, JURISDICTION OF THEFT:

DATE OF THEFT:

| | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS |
|---|---|---|---|---|
| STOLEN | | | | |
| RECOVERED | | | | |

| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |
|---|---|---|---|---|---|
| STOLEN | | | | 56 | 206 |
| RECOVERED | | | | | |

**ADM.**

OCIC ENTRY ☐ WARRANT ☐ MISSING PERSONS ☐ VEHICLE ☐ ARTICLE ☐ BOAT ☐ GUN ☐ SECURITIES

**CLEAR**

REQUIRED DATA FIELDS FOR CLEARANCE REPORT ☐ CLEARED BY ARREST ☐ EXCEPTIONALLY CLEARED ☐ DEPT. CLEARED ☐ UNFOUNDED

DATE OF CLEARANCE: ☐ ADULT ☐ JUVENILE

REPORT DATE: 071414

**NARRATIVE**

See page 2

REPORTING OFFICER: FTO K. Fannin / Unit 98 / Russell, D 24147 NUMBER: 22349

APPROVING OFFICER: [signature] NUMBER: 14148

☐ WHITE/RECORDS ☐ CANARY/COMPUTER ☐ PINK/CID ☐ GOLDENROD/CLEARANCE REPORT

050702

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 14040232 |
|---|---|---|---|---|
| [5A] GA0310100 | 00100S01 | SUPPLEMENTAL REPORT | | CORRECTED REPORT |
| | | [X] ORIGINAL REPORT    [ ] SUPPLEMENTAL REPORT | | PAGE  2  OF  3 |

On 071414, this unit responded to 93 Upper Riverdale Rd in reference to a possible theft. Upon arrival I met with Brandon Allen who advised that a dark skinned black male/suspect entered the store while he was located at the counter assisting another customer while Zeania Knox (witness) was in the parking lot pressure washing the lot. Allen spoke to the suspect as he entered, but continued helping the customer in front of him because nothing seemed suspicious. Knox also advised she spoke to the suspect (in the parking lot) as he entered the store, but did not think anything seemed suspicious, so she continued to pressure wash the outside area. The suspect had on a dark in color Burger King hat, dark in color Burger King shirt, black pants with a stocky build standing about 601 in height. The suspect walked straight to the back toward the rest rooms after entering the store (per complainant). The complainant continued to work behind the counter while the suspect was inside the rear of the store. The complainant then saw the suspect return walking from the back, down beside the cooler area headed toward the counter. The suspect now had a bandana (dark in color) covering most of his face. The suspect was holding a black in color handgun (possibly semiautomatic) in his right hand. Once the suspect reached the counter, he pointed the handgun at Allen and demanded that he give him all the money from the registers. The victim advised he removed the cash drawers, but the suspect removed the cash from the cash drawers. The victim advised the suspect appeared to be between the age of 24 and 36. The suspect also demanded Allen give him the money from the safe in his $20's. Allen then told the suspect that he can only get one bill at a time, and that it takes about 3 min for the next bill to come out. Allen then advised the suspect asked him if he had a key, and he replied "no". The suspect then pointed the gun at Allen and said "don't lie to me". Allen told the suspect that he was not lying and the suspect replied "fine". The suspect stole a total of $150 in cash from the two registers and (2) cartons of Newport 100's (value of $56) located behind the counter, then exited the business heading toward Roy Hule Rd on foot. Video camera footage was observed (from different cameras/angles) of the suspect entering and exiting the store. The cameras could not observe the suspect while he was in the back of the store. Allen advised the suspect did not wear gloves, nor did he touch any surfaces inside the store (including door). The camera observed the suspect using his forearm to enter while a customer was leaving allowing him to exit (bandana still on face). The victim advised he was not injured during this incident, but he was in fear for his life. Copies of video footage (4 DVD's) was taken and placed into evidence. Allen submitted a written statement (statement attached). A copy of this report was emailed to the notification list. No further.

*Stolen Items*

$150 Cash from cash drawers

(2) Cartons of New Port 100's (value of $56)

| CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED NUMBER | [ ] DEPT. CLEARED APPROVING OFFICER | [ ] UNFOUNDED | REPORT DATE 071414 |
|---|---|---|---|---|---|
| REPORTING OFFICER FTO K. Fanain / Unit 96 / Russell, D 24147 | | 22349 | Sgt. T. Reliever #485 | | NUMBER 9148 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT | | 070101 |

| AGENCY ID (ORI) | | | **CLAYTON COUNTY POLICE** | CASE NUMBER | 14040232 |
| SA | GA0310100 | 00100501 | **SUPPLEMENTAL - PERSONS** | | CORRECTED REPORT |
| | | | [X] ORIGINAL REPORT   [ ] SUPPLEMENTAL REPORT | | PAGE _3_ OF _3_ |

| | [ ] SUSPECT INFORMATION | [ ] JUVENILE INFORMATION | [ ] OTHER CONFIDENTIAL |

## PERSON # 1

| SUSPECT [ ] | NAME | Knox, Zsania | | RACE **B** | SEX **F** | AGE **20** | DATE OF BIRTH |
| OFFENDER [ ] | STREET ADDRESS | 7424 Pine Rd | | RESIDENCE NUMBER | | BUSINESS NUMBER **7703681616** |
| VICTIM [ ] | CITY **Riverdale** | STATE **GA** | ZIP CODE **30274** | LICENSE OR I.D. & STATE ISSUED | | EMPLOYER OR OCCUPATION **Quicktrip** |
| WITNESS [X] | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW. | | | | | |
| COMPLAINANT [ ] | ADDITIONAL INFORMATION: | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | |
| | | | | HEIGHT | WEIGHT | HAIR | EYES |
| JUVENILE [ ] | | | | | | | |
| WANTED [ ] | OFFENDER CHARGES / ADDITIONAL CHARGES | | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION |
| WARRANT [ ] | | | | | | 1. CITY  2. COUNTY  3. STATE  4. OUT OF STATE  5. UNKNOWN |
| ARREST [ ] | | | | | | |

## PERSON # 2

| SUSPECT [ ] | NAME | | | RACE | SEX | AGE | DATE OF BIRTH |
| OFFENDER [ ] | STREET ADDRESS | | | RESIDENCE NUMBER | | BUSINESS NUMBER |
| VICTIM [ ] | CITY | STATE | ZIP CODE | LICENSE OR I.D. & STATE ISSUED | | EMPLOYER OR OCCUPATION |
| WITNESS [ ] | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | | | |
| COMPLAINANT [ ] | ADDITIONAL INFORMATION: | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | | |
| | | | | HEIGHT | WEIGHT | HAIR | EYES |
| JUVENILE [ ] | | | | | | | |
| WANTED [ ] | OFFENDER CHARGES / ADDITIONAL CHARGES | | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION |
| WARRANT [ ] | | | | | | 1. CITY  2. COUNTY  3. STATE  4. OUT OF STATE  5. UNKNOWN |
| ARREST [ ] | | | | | | |

### ADDITIONAL INFORMATION

| | | | | | | REPORT DATE |
| CASE STATUS: [X] ACTIVE   [ ] CLEARED BY ARREST   [ ] EX. CLEARED   [ ] DEPT. CLEARED   [ ] UNFOUNDED | | | | | | 071414 |
| REPORTING OFFICER FTO K. Fannin / Unit 98 / Russell, D 24147 | | NUMBER 22349 | APPROVING OFFICER Sgt. L. Retuval #485 | | | NUMBER 9148 |
| WHITE/RECORDS [ ]   CANARY/COMPUTER [ ]   PINK/GID [ ]   GOLDENROD/CLEARANCE REPORT | | | | | | 070101 |

**CLAYTON COUNTY POLICE**
**SUPPLEMENTAL - PERSONS**

AGENCY ID (ORI): GA0310100
00100501

CASE NUMBER: 14040232
CORRECTED REPORT

ORIGINAL REPORT [ ]   SUPPLEMENTAL REPORT [X]

PAGE 1 OF 1

[X] SUSPECT INFORMATION   [ ] JUVENILE INFORMATION   [ ] OTHER CONFIDENTIAL

## PERSON # (first block)

SUSPECT [X]
OFFENDER [ ]
VICTIM [ ]
WITNESS [ ]
COMPLAINANT [ ]
JUVENILE [ ]

NAME: Ukn
RACE: B   SEX: M   AGE: Ukn   DATE OF BIRTH: Ukn

STREET ADDRESS: Ukn
RESIDENCE NUMBER: Ukn
BUSINESS NUMBER: Ukn

CITY: Ukn   STATE: Ukn   ZIP CODE: Ukn
LICENSE OR I.D. #/STATE ISSUED: Ukn
EMPLOYER OR OCCUPATION: Ukn

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

ADDITIONAL INFORMATION: Dark in color Burger King shirt and hat with black pants

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT: 601   WEIGHT: 220+   HAIR: Ukn   EYES: Ukn

WANTED [ ]
WARRANT [ ]
ARREST [ ]

OFFENDER CHARGES / ADDITIONAL CHARGES
COUNTS   OFFENSE CODE   OFFENSE/ARREST   JURISDICTION
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

## PERSON # (second block)

SUSPECT [ ]
OFFENDER [ ]
VICTIM [ ]
WITNESS [ ]
COMPLAINANT [ ]
JUVENILE [ ]

NAME:
RACE:   SEX:   AGE:   DATE OF BIRTH:

STREET ADDRESS:
RESIDENCE NUMBER:
BUSINESS NUMBER:

CITY:   STATE:   ZIP CODE:
LICENSE OR I.D. #/STATE ISSUED:
EMPLOYER OR OCCUPATION:

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

ADDITIONAL INFORMATION:

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT:   WEIGHT:   HAIR:   EYES:

WANTED [ ]
WARRANT [ ]
ARREST [ ]

OFFENDER CHARGES / ADDITIONAL CHARGES
COUNTS   OFFENSE CODE   OFFENSE/ARREST   JURISDICTION
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

## ADDITIONAL INFORMATION

(blank)

## CLEAR

CASE STATUS: [X] ACTIVE   [ ] CLEARED BY ARREST   [ ] EX. CLEARED   [ ] DEPT. CLEARED   [ ] UNFOUNDED

REPORT DATE: 0714141

REPORTING OFFICER: FTO Fannin, K / Russell, D 24147
NUMBER: 22349
APPROVED OFFICER: Sgt. Bradenson   #495
NUMBER: 9148

WHITE/RECORDS [ ]   CANARY/COMPUTER [ ]   PINK/CID [ ]   GOLDENROD/CLEARANCE REPORT [ ]
070101

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

EXHIBIT G

**CLAYTON COUNTY POLICE INCIDENT REPORT**

| AGENCY ID (ORI) | | | CASE NUMBER | 14041895 |
|---|---|---|---|---|
| 9A | GA0310100 | | | CORRECTED REPORT |

| INCIDENT TYPE | INCIDENT CODE | COUNTS | PREMISE TYPE | |
|---|---|---|---|---|
| Robbery By Force | 16-8-40(A)1 | 1 | HIGHWAY | SERVICE STATION |
| | | | X CONVENIENCE STORE | BANK |
| | | | COMMERCIAL | RESIDENCE |
| | | | SCHOOL/CAMPUS | ALL OTHER |

**EVENT**

| INCIDENT LOCATION | CITY | STATE | ZIP CODE | WEAPON TYPE | |
|---|---|---|---|---|---|
| 93 Upper Riverdale Rd (Quik Trip) | Riverdale | Ga | 30274 | GUN | KNIFE/CUTTING TOOL |
| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER | ZONE | X HANDS/FIST/ETC. | OTHER |
| 07-21-14 | 2052 | TO | | YES NO X UNK | 14 | | |

**COMPLAINANT**

| COMPLAINANT'S NAME | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|
| Same as victim | | | | | |
| STREET ADDRESS | RESIDENCE NUMBER | | BUSINESS NUMBER | | |
| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION | |

**VICTIM**

| VICTIM'S NAME | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|
| Juvenile | | | | | |
| STREET ADDRESS | RESIDENCE NUMBER | | BUSINESS NUMBER | | |
| CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED | EMPLOYER OR OCCUPATION | |

**OFFENDER # 1**

| NAME | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|
| WANTED | STREET ADDRESS | | | | |
| WARRANT | CITY | STATE | ZIP CODE | HEIGHT | WEIGHT | HAIR | EYES |
| | | | | LICENSE OR I.D. # / STATE ISSUED | | | |
| ARREST | CHARGES | | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION |

JURISDICTION: 1. CITY  2. COUNTY  3. STATE  4. OUT OF STATE  5. UNKNOWN

| TOTAL NUMBER ARRESTED | ARRESTED AT OR NEAR OFFENSE SCENE | OFFENSE DATE |
|---|---|---|
| | YES NO | |

60100401

**VEHICLE**

| ABANDONED | TAG NUMBER | STATE | YEAR | VEHICLE IDENTIFICATION NUMBER (V.I.N.) | PLATE | VIN PLATE ONLY |
|---|---|---|---|---|---|---|
| STOLEN | | | | | | |
| RECOVERED | YEAR | MAKE | MODEL | STYLE | COLOR | |
| SUSPECTS | | | | | | |
| VICTIMS | MOTOR SIZE (CID) | | AUTO MAN. SPD | INSURED BY | | |
| LOST ARTICLE | TRANSMISSION | | | | | |

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | IF RECOVERY REPORT, JURISDICTION OF THEFT |
|---|---|---|---|---|---|
| STOLEN | | | | | |
| RECOVERED | | | | | |
| | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS | DATE OF THEFT |
| STOLEN | | | | | |
| RECOVERED | | | | | |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |
| STOLEN | | | | 2 | 2 STOLEN |
| RECOVERED | | | | | RECOVERED |

**ADDL**

| GDC ENTRY | WARRANT | MISSING PERSONS | VEHICLE | ARTICLE | BOAT | GUN | SECURITIES |

**CLEAR**

| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | CLEARED BY ARREST | EXCEPTIONALLY CLEARED | DEPT. CLEARED | UNFOUNDED | 07-21-14 |
|---|---|---|---|---|---|
| | DATE OF CLEARANCE | | ADULT JUVENILE | | REPORT DATE |

**NARRATIVE**

(See page two)

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | | NUMBER |
|---|---|---|---|---|
| K. Samuel | 22345 | Sgt. T. Griffin | | 18924 |
| WHITE/RECORDS | CANARY/COMPUTER | PINK/CID | GOLDENROD/CLEARANCE REPORT | |

| AGENCY ID (ORI) | | **CLAYTON COUNTY POLICE** | CASE NUMBER | 14041895 |
| --- | --- | --- | --- | --- |
| 8A | GA0310100 | 00100501 **SUPPLEMENTAL REPORT** | | CORRECTED REPORT |
| | | [X] ORIGINAL REPORT   [ ] SUPPLEMENTAL REPORT | | PAGE __2__ OF __2__ |

On July 21, 2014 at 2057 hours, I responded to 93 Upper Riverdale Rd (Quik Trip), Riverdale, Ga 30274 in reference to a pedestrian robbed. Upon my arrival, I made contact with the juvenile victim.

The juvenile victim stated he was walking out of the incident location when he was approached by juvenile suspect #1 and juvenile suspect #2. The juvenile victim stated juvenile suspect #1 asked him "do you want to buy some weed". The juvenile victim stated he told juvenile suspect #1 "I don't have any money" and that's when juvenile suspect #2 punched him in the face twice causing him to fall. The juvenile victim stated juvenile suspect #2 took a cola and wild berry mixed slushy (valued at $2), went through the juvenile victim's pockets then both juvenile suspect #1 and juvenile suspect #2 ran away north bound on Roy Hule Rd. The juvenile victim stated he recognized the juvenile suspects from Charles Drew H.S. however, he does not know the names of the suspects.

I observed the juvenile victim to have a swollen right eye and bruised lower lip. Clayton County Engine #1 came out to the scene and checked the juvenile victim however, he refused to be transported. Sgt. Griffin responded to the scene and obtained photos of the juvenile victim's injuries. The victim's mother came to the scene and the juvenile victim was released to the parent. I did attempt to check the store video for the robbery however, the store video did not capture the robbery due to the store not having a camera covering the area of the robbery. A description of the juvenile suspect's was put out on the radio and the area was searched for the juvenile suspects however, the juvenile suspects were not located.

No further.

| | | | | | | REPORT DATE |
| --- | --- | --- | --- | --- | --- | --- |
| CASE STATUS [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | | 07-21-14 |
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | | NUMBER |
| K. Samuel | | 22345 | Sgt. T. Griffin | | | 18924 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT | | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 1404189S |
|---|---|---|---|---|
| GA0310100 | 00100501 | SUPPLEMENTAL - PERSONS | | CORRECTED REPORT |
| | | ORIGINAL REPORT  [X] SUPPLEMENTAL REPORT | PAGE | 1  OF  1 |

[X] SUSPECT INFORMATION   [X] JUVENILE INFORMATION   [ ] OTHER CONFIDENTIAL

### PERSON # 1

| SUSPECT [X] | NAME | | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| | Unk | | | | B | F | 15-16 | Unk |
| OFFENDER [ ] | STREET ADDRESS | | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | Unk | | | | Unk | | Unk | |
| VICTIM [ ] | CITY | | STATE | ZIP CODE | LICENSE OR I.D. &STATE ISSUED | | EMPLOYER OR OCCUPATION | |
| | Unk | | Unk | Unk | Unk | | Charles Drew H.S. | |

WITNESS [ ]   IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

COMPLAINANT [ ]   ADDITIONAL INFORMATION:
Braids past her shoulder
The victim stated he know the suspect from Charles Drew H.S.
This suspect is a student at Charles Drew H.S. as per the victim.

JUVENILE [X]

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| 511 | 150 | Blk | Bro |

WANTED [ ]   OFFENDER CHARGES / ADDITIONAL CHARGES

WARRANT [ ]

ARREST [ ]

| | COUNTS | OFFENSE CODE | OFFENSE/ARREST   JURISDICTION |
|---|---|---|---|
| | | | 1. CITY |
| | | | 2. COUNTY |
| | | | 3. STATE |
| | | | 4. OUT OF STATE |
| | | | 5. UNKNOWN |

### PERSON # 2

| SUSPECT [X] | NAME | | | | RACE | SEX | AGE | DATE OF BIRTH |
|---|---|---|---|---|---|---|---|---|
| | Unk | | | | B | M | 15-16 | Unk |
| OFFENDER [ ] | STREET ADDRESS | | | | RESIDENCE NUMBER | | BUSINESS NUMBER | |
| | Unk | | | | Unk | | Unk | |
| VICTIM [ ] | CITY | | STATE | ZIP CODE | LICENSE OR I.D. &STATE ISSUED | | EMPLOYER OR OCCUPATION | |
| | Unk | | Unk | Unk | Unk | | Unk | |

WITNESS [ ]   IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

COMPLAINANT [ ]   ADDITIONAL INFORMATION:
Low hair cut
The victim stated he know the suspect from Charles Drew H.S.
This suspect is a student at Charles Drew H.S. as per the victim.

JUVENILE [X]

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

| HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|
| 505 | 130 | Blk | Bro |

WANTED [ ]   OFFENDER CHARGES / ADDITIONAL CHARGES

WARRANT [ ]

ARREST [ ]

| | COUNTS | OFFENSE CODE | OFFENSE/ARREST   JURISDICTION |
|---|---|---|---|
| | | | 1. CITY |
| | | | 2. COUNTY |
| | | | 3. STATE |
| | | | 4. OUT OF STATE |
| | | | 5. UNKNOWN |

ADDITIONAL INFORMATION

| CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE  07-21-14 |
|---|---|---|---|---|---|
| REPORTING OFFICER | NUMBER | APPROVING OFFICER | | | NUMBER |
| K. Samuel | 22345 | SGT. GRIFFIN, T | | | #18924 |
| WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT | | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 14041895 |
|---|---|---|---|---|
| (GA) GA0310100   00100501 | | SUPPLEMENTAL - PERSONS | ☐ CORRECTED REPORT | |
| | | ☐ ORIGINAL REPORT   ☒ SUPPLEMENTAL REPORT | PAGE 1 OF 1 | |

☐ SUSPECT INFORMATION   ☒ JUVENILE INFORMATION   ☐ OTHER CONFIDENTIAL

**PERSON #**

| | | | | | |
|---|---|---|---|---|---|
| SUSPECT ☐ | NAME | | RACE **B** | SEX **M** | AGE **16** | DATE OF BIRTH |
| OFFENDER ☐ | STREET ADDRESS 6687 Wolf River Rd | | RESIDENCE NUMBER | | BUSINESS NUMBER 678-827-3170 |
| VICTIM ☒ | CITY Riverdale | STATE Ga | ZIP CODE 30274 | LICENSE OR I.D. AND ST. ISSUED None | EMPLOYER OR OCCUPATION Charles Drew H.S. |
| WITNESS ☐ | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: Hall, Angela ( | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | |
| COMPLAINANT ☐ | ADDITIONAL INFORMATION: | | | HEIGHT   WEIGHT   HAIR   EYES | |
| JUVENILE ☒ | | | | | |

| | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION |
|---|---|---|---|---|
| WANTED ☐ | | | | 1. CITY |
| WARRANT ☐ | | | | 2. COUNTY 3. STATE |
| ARREST ☐ | | | | 4. OUT OF STATE 5. UNKNOWN |

**PERSON #**

| | | | | | |
|---|---|---|---|---|---|
| SUSPECT ☐ | NAME | | RACE | SEX | AGE | DATE OF BIRTH |
| OFFENDER ☐ | STREET ADDRESS | | RESIDENCE NUMBER | | BUSINESS NUMBER |
| VICTIM ☐ | CITY | STATE | ZIP CODE | LICENSE OR I.D. AND STATE ISSUED | EMPLOYER OR OCCUPATION |
| WITNESS ☐ | IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW: | | | COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY | |
| COMPLAINANT ☐ | ADDITIONAL INFORMATION: | | | HEIGHT   WEIGHT   HAIR   EYES | |
| JUVENILE ☐ | | | | | |

| | OFFENDER CHARGES / ADDITIONAL CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION |
|---|---|---|---|---|
| WANTED ☐ | | | | 1. CITY |
| WARRANT ☐ | | | | 2. COUNTY 3. STATE |
| ARREST ☐ | | | | 4. OUT OF STATE 5. UNKNOWN |

**ADDITIONAL INFORMATION**

| | | | | | |
|---|---|---|---|---|---|
| CASE STATUS: ☒ ACTIVE   ☐ CLEARED BY ARREST   ☐ EX. CLEARED   ☐ DEPT. CLEARED   ☐ UNFOUNDED | | | | | REPORT DATE 07-21-14 |
| REPORTING OFFICER K. Samuel | | NUMBER 22345 | APPROVING OFFICER SGT. GRIFFIN; T | | NUMBER #18924 |
| WHITE/RECORDS ☐   CANARY/COMPUTER ☐ | | | PINK/CID ☐ | GOLDENROD/CLEARANCE REPORT ☐ | 070101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

## EXHIBIT H

# CLAYTON COUNTY POLICE INCIDENT REPORT

AGENCY ID (ORI): GA0310100 (SA)

CASE NUMBER: 14045137

[ ] REPORT OF FAMILY VIOLENCE [ ] CORRECTED REPORT

## EVENT

INCIDENT: Criminal Attempt Armed Robbery

IF BURGLARY, WAS ENTRY FORCED? [ ] YES [ ] NO

INCIDENT CODE: 16-04-01F | COUNTS: 2

PREMISE TYPE: [ ] HIGHWAY [X] CONVENIENCE STORE [ ] COMMERCIAL [ ] SCHOOL/CAMPUS [ ] SERVICE STATION [ ] BANK [ ] RESIDENCE [ ] ALL OTHER

INCIDENT LOCATION / CITY / STATE / ZIP CODE: 93 Upper Riverdale Road, Riverdale, Georgia 30274

NUMBER OF WEAPONS AND TYPE: GUN [ ] HANDS/FIST/ETC. [ ] KNIFE/CUTTING TOOL [ ] OTHER [ ]

INCIDENT DATE: 08/05/2014 TIME: 0000 TO DATE: TIME:

STRANGER TO STRANGER: YES [X] NO [ ] UNK [ ] ZONE: 14

## VICTIM

VICTIM'S NAME: Bush, Antonius Mujahid Labib | RACE: B | SEX: M | AGE: 20 | DATE OF BIRTH:

STREET ADDRESS: 2600 Bentley Road # 1903 | RESIDENCE NUMBER: | BUSINESS NUMBER: 770-996-5825

CITY: Marietta | STATE: Georgia | ZIP CODE: 30067 | LICENSE OR I.D. # / STATE ISSUED: | EMPLOYER OR OCCUPATION: Quik Trip

## OFFENDER

PRIMARY AGGRESSOR: NAME | RACE | SEX | AGE | DATE OF BIRTH

STREET ADDRESS | HEIGHT | WEIGHT | HAIR | EYES

WANTED: CITY | STATE | ZIP CODE | LICENSE OR I.D. # / STATE ISSUED

WARRANT: CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST JURISDICTION: 1. CITY 2. COUNTY 3. STATE 4. OUT OF STATE 5. UNKNOWN

ARREST

TOTAL NUMBER ARRESTED | ARRESTED AT OR NEAR OFFENSE SCENE YES [ ] NO [ ] | OFFENSE DATE

## VEHICLE

[ ] ABANDONED [ ] STOLEN [ ] RECOVERED [ ] SUSPECTS [ ] VICTIMS [ ] LOST ARTICLE

TAG NUMBER | STATE | YEAR | VEHICLE IDENTIFICATION NUMBER (V.I.N.) | PLATE ONLY | VIN PLATE ONLY

YEAR | MAKE | MODEL | STYLE | COLOR

MOTOR SIZE (CID) | TRANSMISSION: AUTO [ ] MAN. [ ] SPD. [ ] | INSURED BY

## PROPERTY

| | MOTOR VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS |
|---|---|---|---|---|
| STOLEN | | | | |
| RECOVERED | | | | |

| | CLOTHING | OFFICE EQUIPMENT | TV, RADIO, ETC. | HOUSEHOLD GOODS |
|---|---|---|---|---|
| STOLEN | | | | |
| RECOVERED | | | | |

| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |
|---|---|---|---|---|---|
| STOLEN | | | | | |
| RECOVERED | | | | | |

IF RECOVERY REPORT, JURISDICTION OF THEFT:

DATE OF THEFT:

## ADM.

GCIC ENTRY [ ] WARRANT [ ] MISSING PERSONS [ ] VEHICLE [ ] ARTICLE [ ] BOAT [ ] GUN [ ] SECURITIES

## FAMILY VIOLENCE SECTION

1. WERE CHILDREN INVOLVED? __YES __NO
2. WAS ACT COMMITTED WITH CHILDREN PRESENT? __YES __NO
3. NUMBER OF PREVIOUS COMPLAINTS AS ADVISED BY VICTIM: __0 __1-5 __6-10 __MORE THAN 10 __UNKNOWN
4. EXISTENCE OF PRIOR COURT ORDERS: __YES __NO __UNKNOWN
5. WAS VICTIM ADVISED OF AVAILABLE REMEDIES AND SERVICES? __YES __NO

00000001

FOR THE FOLLOWING ITEMS CHECK ALL THAT APPLY

6. TYPE AND EXTENT OF ALLEGED ABUSE BY THE PRIMARY AGGRESSOR: __1-FATAL INJURY __2-PERMANENT PHYSICAL DISABILITY __3-TEMPORARY DISABILITY __4-BROKEN BONES __5-GUN/KNIFE WOUNDS __6-SUPERFICIAL INJURIES __7-PROPERTY DAMAGE/THEFT __8-THREATS __9-ABUSIVE LANGUAGE __10-SEXUAL ABUSE __11-OTHER
7. POLICE ACTION TAKEN: __1-ARREST __2-CITATION __3-SEPARATION __4-MEDIATION __5-OTHER __6-NONE
   IF NO ARREST MADE, WHY NOT? __1-JUVENILE __2-PRIMARY AGGRESSOR NOT AT SCENE __3-INSUFFICIENT PROBABLE CAUSE __4-OTHER REASON(S)
8. HOW WAS PRIMARY AGGRESSOR IDENTIFIED? __1-PHYSICAL EVIDENCE __2-TESTIMONIAL EVIDENCE __3-OTHER
9. DID INVESTIGATION INDICATE THAT SUBSTANCE ABUSE WAS INVOLVED? __YES __NO
   IF YES, INDICATE SUBSTANCE(S) USED BY PRIMARY AGGRESSOR (A) AND/OR VICTIM (V): (A) __1-DRUGS __2-ALCOHOL (V) __1-DRUGS __2-ALCOHOL
10. RELATIONSHIP OF PRIMARY AGGRESSOR TO VICTIM(S): __1-PRESENT SPOUSE __2-FORMER SPOUSE __3-PARENT __4-CHILD __5-STEP PARENT __6-STEP CHILD __7-FOSTER PARENT __8-FOSTER CHILD __9-NONE OF THE ABOVE, BUT RELATIONSHIP COMPLIES WITH O.C.G.A. 19-13-1

## CLEAR

REQUIRED DATA FIELDS FOR CLEARANCE REPORT: [ ] CLEARED BY ARREST [ ] EXCEPTIONALLY CLEARED [ ] DEPT. CLEARED [ ] UNFOUNDED

REPORT DATE: 08/05/2014

DATE OF CLEARANCE: [ ] ADULT [ ] JUVENILE

REPORTING OFFICER: Ekure, L | NUMBER: 22401 | APPROVING OFFICER: Sgt. F. Latimore #484 | NUMBER: 19148

WHITE/RECORDS [ ] CANARY/COMPUTER [ ] PINK/CID [ ] GOLDENROD/CLEARANCE REPORT [ ] 052104

| AGENCY ID (ORI) | CLAYTON COUNTY POLICE | CASE NUMBER | 14045137 |
|---|---|---|---|
| 8A   GA0310100 | SUPPLEMENTAL REPORT | | CORRECTED REPORT |
| | [X] ORIGINAL REPORT   [ ] SUPPLEMENTAL REPORT | | PAGE 2 OF 2 |

On 08/05/2014 at approximately 0000 hours, while conducting a check on the Quik Trip gas station located at 93 Upper Riverdale Road, Riverdale, Georgia 30274 an employee advised me that two unknown males tried to rob him.

The employee was identified as Bush, Antonious (victim), he stated while walking to get his vehicle that was parked behind the store, two unknown B/M's on bicycles approached him with a knife (unknown color), demanded him to empty his pockets. Bush stated he ignored the demand and stated shouldn't you be getting ready for school in a couple of days at which point the suspects rode off in separate directions. Bush stated he initially did not intend to report the call because the suspects did not get anything from him, however after speaking to me he decided to document the incident.

I conducted an investigation, at which time I determined that the incident location was not covered by surveillance cameras, I asked the other employees in the store if they saw anyone riding a bicycle and they stated they did not. I got a partial description from Bush (Description: black hoodie / dark shorts / Hgt: 5'07" / unknown weight / small afro = black T shirt / dark shorts / 507 / unknown weight / unknown hair style). Bush stated he did not notice any distinct accents or mannerisms and he was not in immediate fear of receiving serious injury. I asked Bush how close the suspects were and he stated approximately 10 feet away. I asked Bush why he parked behind the business, and he stated he was required to park there to offer Quik Trip customer the convenience of close parking.

The surrounding area was checked by officers. No one matching the descriptions provided were located.

Robbery suspect page attached to this report.

· · · Nothing further at this time.

| | | | | | | REPORT DATE |
|---|---|---|---|---|---|---|
| CASE STATUS: [X] ACTIVE | [ ] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | | 08/05/2014 |
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | | NUMBER |
| Ekure, L | | 22401 | Sgt. F. Latimore   #484 | | | 19148 |
| WHITE/RECORDS | CANARY/COMPUTER | | PINK/CID | GOLDENROD/CLEARANCE REPORT | | 07/0101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

JURY TRIAL DEMANDED

## EXHIBIT I

Robles' Verified Complaint for Damages, Page 24 of 26

AGENCY ID (ORI)

CASE NUMBER: 14076945

**SA** GA0310100

**CLAYTON COUNTY POLICE INCIDENT REPORT**

CORRECTED REPORT

| INCIDENT TYPE | INCIDENT CODE | COUNTS | PREMISE TYPE | |
|---|---|---|---|---|
| Disturbance Other | 00-03-76 | 1 | HIGHWAY | SERVICE STATION |
| V.G.C.S.A. ( Marijuana Less Than An Ounce ) | 16-13-02 | 1 | X CONVENIENCE STORE | BANK |
| | | | COMMERCIAL | RESIDENCE |
| | | | SCHOOL/CAMPUS | ALL OTHER |

**EVENT**

INCIDENT LOCATION: 93 Upper Riverdale Rd.
CITY: Riverdale   STATE: GA   ZIP CODE: 30274

WEAPON TYPE: GUN / KNIFE/CUTTING TOOL / HANDGUN/STATE / OTHER

INCIDENT DATE: 12/28/14   TIME: 0016   TO   DATE: ___   TIME: ___
STRANGER TO STRANGER: YES X   NO   UNK   ZONE: 14

**COMPLAINANT**

COMPLAINANT'S NAME: Blvins, M.
RACE: //   SEX: //   AGE: //   DATE OF BIRTH: //

STREET ADDRESS: 7911 N. McDonough St.
RESIDENCE NUMBER: //   BUSINESS NUMBER: 770-477-3747

CITY: Jonesboro   STATE: GA   ZIP CODE: 30236
LICENSE OR I.D. # / STATE ISSUED: //   EMPLOYER OR OCCUPATION: Clayton County P.D.

**VICTIM**

VICTIM'S NAME: State Of GA.
RACE: //   SEX: //   AGE: //   DATE OF BIRTH: //

STREET ADDRESS: //
RESIDENCE NUMBER: //   BUSINESS NUMBER: //

CITY: //   STATE: //   ZIP CODE: //
LICENSE OR I.D. # / STATE ISSUED: //   EMPLOYER OR OCCUPATION: //

**OFFENDER # 1**

NAME: Duncan-Ashford, Micah I.
RACE: B   SEX: M   AGE: 19   DATE OF BIRTH: ___

WANTED   STREET ADDRESS: 400 Astoria Way.
HEIGHT: 506   WEIGHT: 120   HAIR: Blk   EYES: Bro

WARRANT   CITY: McDonough   STATE: GA   ZIP CODE: 30253
LICENSE OR I.D. # / STATE ISSUED: ___

ARREST X   CHARGES: V.G.C.S.A. ( Marijuana Less Than An Ounce )
COUNTS: 1   OFFENSE CODE: 16-13-02   OFFENSE/ARREST: 2   JURISDICTION: 2
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

TOTAL NUMBER ARRESTED: 1   ARRESTED AT OR NEAR OFFENSE SCENE: YES X   NO   OFFENSE DATE: 12/28/14

00100401

**VEHICLE**

ABANDONED / STOLEN / RECOVERED / SUSPECTS / VICTIMS / LOST ARTICLE

TAG NUMBER: PDM905B   STATE: GA   YEAR: 2015
VEHICLE IDENTIFICATION NUMBER (V.I.N.): 2MEBM74FXKX618028   PLATE: ___   VIN PLATE ONLY

YEAR: 1989   MAKE: Mercury   MODEL: Grand Marquis   STYLE: 4 Door   COLOR: Tan

MOTOR SIZE (CC): ___   AUTO / MAN. / SPD.: ___   TRANSMISSION: ___   INSURED BY: ___

**PROPERTY**

VEHICLES / CURRENCY, NOTES, ETC. / JEWELRY, PREC. METALS / FURS

STOLEN / RECOVERED

CLOTHING / OFFICE EQUIPMENT / TV, RADIO, ETC. / HOUSEHOLD GOODS

IF RECOVERY REPORT, JURISDICTION OF THEFT: ___
DATE OF THEFT: ___

STOLEN / RECOVERED

FIREARMS / CONSUMABLE GOODS / LIVESTOCK / OTHER

TOTAL: ___   STOLEN / RECOVERED

STOLEN / RECOVERED

**ADDL**

GCIC ENTRY   WARRANT   MISSING PERSONS   VEHICLE   ARTICLE   BOAT   GUN   SECURITIES

**CLEAR**

REQUIRED DATA FIELDS   X CLEARED BY ARREST   EXCEPTIONALLY CLEARED   DEPT. CLEARED   UNFOUNDED   12/28/14 REPORT DATE
FOR CLEARANCE REPORT   DATE OF CLEARANCE: 12/28/14.   X ADULT   JUVENILE

**NARRATIVE**

See Page # 2

| | | | |
|---|---|---|---|
| REPORTING OFFICER: Blvins, M. | NUMBER: 22347 | APPROVING OFFICER: Lt. Lee, W.K. 454 | NUMBER: 11051 |
| WHITE/RECORDS   CANARY/COMPUTER | | PINK/CID   GOLDENROD/CLEARANCE REPORT | 030702 |

| AGENCY ID (ORI) | | | CLAYTON COUNTY POLICE | CASE NUMBER | 14076945 |
|---|---|---|---|---|---|
| 9A | GA0310100 | 00100501 | SUPPLEMENTAL REPORT | | CORRECTED REPORT |
| | | | [X] ORIGINAL REPORT  [ ] SUPPLEMENTAL REPORT | | PAGE __2__ OF __4__ |

On Sunday 12/28/14 at approx. 0016 Hrs. I responded to 93 Upper Riverdale Rd. ( Quick Trip ) In reference to an active fight

call. Upon arrival I observed several subjects standing in the area of pump # 10, who were yelling amongst themselves.

Additional officers were on scene and were separating the subjects. Contact was made with the offender ( Duncan ) who

advised that he and his non live in girlfriend ( Muhammad ) had been in a verbal altercation that escalated. Duncan advised that

the argument began over the fact that he had not bought Muhammad any presents for Christmas. Duncan advised that as the

altercation escalated the driver of the above listed vehicle ( Hill ) pulled into the Quik-trip parking lot. Duncan advised that he

and Muhammad exited the vehicle and the altercation continued. Duncan stated that the altercation escalated when Muhammad

struck him in the face ( no visible injury ), and began to throw items from the vehicle. Duncan advised that their friends who

were in the vehicle were attempting to break up the altercation as police arrived.

While speaking with the offender, there was an odor of raw marijuana coming from his person. Duncan advised that there was

no marijuana on him and advised officers that they may search him. Lt. Lee assisted me with the search of Duncan and located a

small plastic baggie containing marijuana inside of Duncan's waistband ( see supplemental ).

While assisting officers continued speaking with the other occupants of the vehicle it was discovered that there was additional

marijuana inside of the vehicle. Located in the rear seating area where Duncan had been sitting, was a blue in color " bong" and

a marijuana cigarette.

The marijuana, and "bong" were collected as evidence, and officers continued speaking with the occupants of the vehicle. Hill,

when asked confirms the statements of both Duncan and Muhammad.

Both Duncan and Muhammad advised that they would not like to seek charges against each other in reference to the altercation.

Duncan was then taken into custody ( hand cuffed behind the back and searched for weapons and illegal contraband ) incident

to arrest, and secured in a seat belt, in the rear seat of my patrol vehicle.

The offender was then transported to the Clayton County Jail by the most direct route ( Upper Riverdale Rd, to S.R.19/41 )

without incident. Upon arrival at the Jail, my service weapon and accessories were secured in the trunk of my patrol vehicle. The

offender was then turned over to the Clayton County Sheriff's Office Intake Officer with all completed paperwork ( Arrest

Booking Report, and WAA ) signed at the Jail.

My patrol vehicle was searched for weapons and illegal contraband prior to, and after transport.

Upon clearing the Jail, the collected marijuana and "bong" were placed into evidence with a completed evidence sheet.

No further.

| CASE STATUS: [ ] ACTIVE | [X] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE 12/28/14 |
|---|---|---|---|---|---|
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | NUMBER |
| Bivins, M. | | 22347 | Lt. Lee, W.K. 454 | | 11051 |
| [ ] WHITE/RECORDS | [ ] CANARY/COMPUTER | | [ ] PINK/CID | [ ] GOLDENROD/CLEARANCE REPORT | 070101 |

**CLAYTON COUNTY POLICE**
**SUPPLEMENTAL - PERSONS**

AGENCY ID (ORI) GA0310100   00100501

CASE NUMBER 14076945

☐ CORRECTED REPORT

[X] ORIGINAL REPORT   ☐ SUPPLEMENTAL REPORT

PAGE 3 OF 4

☐ **SUSPECT INFORMATION**   ☐ **JUVENILE INFORMATION**   ☐ **OTHER CONFIDENTIAL**

---

SUSPECT ☐
OFFENDER ☐
VICTIM ☐
WITNESS [X]
COMPLAINANT ☐
JUVENILE ☐
WANTED ☐
WARRANT ☐
ARREST ☐

NAME: Muhammad, Habiliah

RACE B   SEX F   AGE 20   DATE OF BIRTH 0:

STREET ADDRESS: 911 Harbor Links Ct.

RESIDENCE NO 6

BUSINESS NUMBER //

CITY Fairburn   STATE GA   ZIP CODE 30213

LICENSE OR I.D. &STATE ISSUED (

EMPLOYER OR OCCUPATION //

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW.

ADDITIONAL INFORMATION:

COMPLETE THIS FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT   WEIGHT   HAIR   EYES

OFFENDER CHARGES / ADDITIONAL CHARGES

COUNTS   OFFENSE CODE   OFFENSE/ARREST JURISDICTION
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

---

SUSPECT ☐
OFFENDER ☐
VICTIM ☐
WITNESS [X]
COMPLAINANT ☐
JUVENILE ☐
WANTED ☐
WARRANT ☐
ARREST ☐

NAME: Hill, Kainan

RACE B   SEX M   AGE 19   DATE OF BIRTH

STREET ADDRESS: 464 Fedora Way

RESIDENCE NUMBER

BUSINESS NUMBER //

CITY Atlanta   STATE GA   ZIP CODE 30331

LICENSE OR I.D. &STATE ISSUED

EMPLOYER OR OCCUPATION //

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW.

ADDITIONAL INFORMATION:

COMPLETE THIS FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT   WEIGHT   HAIR   EYES

OFFENDER CHARGES / ADDITIONAL CHARGES

COUNTS   OFFENSE CODE   OFFENSE/ARREST JURISDICTION
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

---

ADDITIONAL INFORMATION

---

CASE STATUS: ☐ ACTIVE   [X] CLEARED BY ARREST   ☐ EX. CLEARED   ☐ DEPT. CLEARED   ☐ UNFOUNDED

REPORT DATE 12/28/14

REPORTING OFFICER: Blvins, M.   NUMBER 22347

APPROVING OFFICER: Lt. Lee, W.K. 454

NUMBER 11051

WHITE/RECORDS ☐   CANARY/COMPUTER ☐   PINK/CID ☐   GOLDENROD/CLEARANCE REPORT ☐

| AGENCY ID (ORI) | 00100501 | CLAYTON COUNTY POLICE | CASE NUMBER | 14076945 |
|---|---|---|---|---|
| BA GA0310100 | | SUPPLEMENTAL - PERSONS | | CORRECTED REPORT |
| | | [X] ORIGINAL REPORT  [ ] SUPPLEMENTAL REPORT | | PAGE 4 OF 4 |

[ ] SUSPECT INFORMATION    [ ] JUVENILE INFORMATION    [ ] OTHER CONFIDENTIAL

**PERSON #**

SUSPECT [ ]  OFFENDER [ ]  VICTIM [ ]  WITNESS [X]  COMPLAINANT [ ]  JUVENILE [ ]

NAME: Lingo, Kelsi

RACE: B   SEX: F   AGE: 19   DATE OF BIRTH:

STREET ADDRESS: 7737 Bellmist Dr.

RESIDENCE NUMBER:    BUSINESS NUMBER: //

CITY: Fairburn   STATE: GA   ZIP CODE: 30213

LICENSE OR I.D. SOTATE ISSUED:    EMPLOYER OR OCCUPATION: //

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

ADDITIONAL INFORMATION:

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT:    WEIGHT:    HAIR:    EYES:

WANTED [ ]  WARRANT [ ]  ARREST [ ]

OFFENDER CHARGES / ADDITIONAL CHARGES:

COUNTS:   OFFENSE CODE:   OFFENSE/ARREST JURISDICTION:
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

---

SUSPECT [ ]  OFFENDER [ ]  VICTIM [ ]  WITNESS [X]  COMPLAINANT [ ]  JUVENILE [ ]

NAME: Bolder, Raymond

RACE: B   SEX: M   AGE: 19   DATE OF BIRTH:

STREET ADDRESS: 4265 Holiday Rd.

RESIDENCE NUMBER:    BUSINESS NUMBER: //

CITY: College Park   STATE: GA   ZIP CODE: 30349

LICENSE OR I.D. #/STATE ISSUED: G    EMPLOYER OR OCCUPATION: //

IF INDIVIDUAL IS A JUVENILE, PROVIDE PARENT NAME AND PHONE NUMBER BELOW:

ADDITIONAL INFORMATION:

COMPLETE THE FOLLOWING FOR SUSPECT, OFFENDER, AND MISSING PERSONS ONLY

HEIGHT:    WEIGHT:    HAIR:    EYES:

WANTED [ ]  WARRANT [ ]  ARREST [ ]

OFFENDER CHARGES / ADDITIONAL CHARGES:

COUNTS:   OFFENSE CODE:   OFFENSE/ARREST JURISDICTION:
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

---

**ADDITIONAL INFORMATION**

---

**CLEAR**

CASE STATUS: [ ] ACTIVE   [X] CLEARED BY ARREST   [ ] EX. CLEARED   [ ] DEPT. CLEARED   [ ] UNFOUNDED

REPORT DATE: 12/28/14

REPORTING OFFICER: Bivins, M.   NUMBER: 22347

APPROVING OFFICER: Lt. Lee, W.K. 454

NUMBER: 11051

[ ] WHITE/RECORDS    [ ] CANARY/COMPUTER    [ ] PINK/CID    [ ] GOLDENROD/CLEARANCE REPORT

070101

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 14076945 |
|---|---|---|---|---|
| 54 | GA0310100   00100501 | SUPPLEMENTAL REPORT | CORRECTED REPORT | |
| | | ORIGINAL REPORT   [X] SUPPLEMENTAL REPORT | PAGE   1   OF   1 | |

On 122714, at approximately 11:40 PM, I responded to the Quik-trip (93 Upper Riverdale Rd.) in reference to a fight call involving several subjects, male and female, around a tan Mercury vehicle at the gas pumps.

Upon my arrival Ofc. Baker had already arrived on scene and separated the parties involved. Several other units arrived a short time later to assist with the call. During the course of the investigation the offender, Micah I. Duncan-Ashford (B/M DOB: 011795) was separated from the rest of the group as he and his girlfriend had engaged in a verbal altercation.

There was an odor of marijuana detected coming from the vehicle, a 1989 Mercury Grand Marquis, Beige, Lis# PDM 9058 GA/2015. When asked, one of the occupants advised Ofc. Malautea that there was an "unused" bong under the right front passenger seat, but nothing else of evidentiary value in the vehicle that they were aware of. During a probable cause search of the vehicle a blue plastic water bong was located under the right front passenger seat. There was a small amount of suspected marijuana residue in the pipe. In the middle of the back seat I located a small marijuana cigar, or blunt, containing less than 1 oz. of suspected marijuana. There was nothing else of evidentiary value located within the vehicle.

Ofc. Malautea and Ofc. Bowie began to ask the passengers if they had anything illegal in their possession, and asking for consent to search. All four of the other occupants of the vehicle consented to searches and nothing of evidentiary value was located. I observed Ofc. Bivins as he appeared to be asking Duncan-Ashford for consent to search. As Duncan-Ashford was getting up it appeared to me that he pulled an item out of his left front pocket and placed it in his waistband on his left side as Ofc. Bivins was attempting to conduct a pat down or a search. Ashford-Duncan continued to favor his left side and attempted to keep it turned from Ofc. Bivins or he would keep his left hand pressed against the left side of his waistband. After finding the items in the vehicle Ofc. Bivins and I both explained to Ashford-Duncan that he could be arrested for possession of marijuana. I informed him of the actions that I observed and asked again if Ashford-Duncan had anything in his pants, to which he replied no. I requested Ashford-Duncan stand up and allow me to see around the waist band on the left side of his pants. Ashford-Duncan hesitantly complied, at which time I observed a small clear plastic bag down the front of his pants about at the bottom of the pocket. When I pointed the item out Ashford-Duncan tried to say that I was looking at the items in his pocket and there was nothing down his pants leg. I attempted to retrieve the item but it fell further down his pants leg. After shaking his jeans a couple of times the item fell out of his left pants leg at his foot. The item was determined to be a small clear plastic bag, tied in a knot, containing less 1 oz. suspected marijuana. Ashford-Duncan was detained by Ofc. Bivins. The suspected marijuana and drug related objects were confiscated and turned over to Ofc. Bivins for further. No further action by me as of this report. No further.

| | CASE STATUS: [ ] ACTIVE | [X] CLEARED BY ARREST | [ ] EX. CLEARED | [ ] DEPT. CLEARED | [ ] UNFOUNDED | REPORT DATE   122814 |
|---|---|---|---|---|---|---|
| | REPORTING OFFICER   Lt. Lee, W.K. 454 | NUMBER   11051 | APPROVING OFFICER | | | NUMBER |
| | WHITE/RECORDS [ ] | CANARY/COMPUTER [ ] | | PINK/CID [ ] | GOLDENROD/CLEARANCE REPORT [ ] | 070101 |

| AGENCY ID (ORI) | | CLAYTON COUNTY POLICE | CASE NUMBER | 14076945 |
| 8A   GA0310100 | 00100501 | SUPPLEMENTAL REPORT | | CORRECTED REPORT |
| | | ☐ ORIGINAL REPORT  ☒ SUPPLEMENTAL REPORT | PAGE  1  OF  1 | |

On 12/27/14 at 2342hrs., I responded to the incident location in reference to a fight call. Dispatch advised that a male and a female where fighting near a brown in color older model vehicle near the gas pumps. Officers were already on scene and had made contact with the occupants of the vehicle. I observed one of the females to have minor injury to the face but could not tell where the blood was coming from. I asked her what occurred and she stated that she and the offender got into an argument and she got mad and went to swing at him while just outside the rear passenger door. She stated that another witness grabbed her to stop her by pulling her back into the vehicle when she hit the door frame. She stated that no further altercation occurred after that.

I could smell the odor of marijuana emanating from the vehicle and persons who occupied the vehicle. I advised them to notify officers if there was any illegal contraband in the vehicle. One of the witnesses advise that there was a "bong", under the passenger seat nearest to where the offender was sitting. A search of the vehicle was conducted and the "bong", and a small blunt rolled cigar containing a green leafy substance (marijuana). Ofc. Bivins was standing by with the offender and conducted a search of his person when I observed a small clear plastic baggy containing the same substance in it. Further investigation was turned over to Ofc. Bivins.

| CASE STATUS: ☐ ACTIVE | ☒ CLEARED BY ARREST | ☐ EX. CLEARED | ☐ DEPT. CLEARED | ☐ UNFOUNDED | REPORT DATE  12/27/14 |
| REPORTING OFFICER | | NUMBER | APPROVING OFFICER | | NUMBER  1105 |
| MALAUTEA, P. | | 22672 | LT. CellHous 459 | | |
| WHITE/RECORDS | CANARY/COMPUTER | PINK/CID | GOLDENROD/CLEARANCE REPORT | | 070101 |

State Court of Fulton County
**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ALAN E. ROBLES,

    Plaintiff,

    v.

QUIKTRIP CORPORATION

    Defendant.

CIVIL ACTION FILE NO.

_____

**JURY TRIAL DEMANDED**

## EXHIBIT J

Robles' Verified Complaint for Damages, Page 25 of 25



**E-FILED**
16EV002390
5/18/2016 11:03:30 AM
LeNora Ponzo, Clerk
Civil Division

# General Civil Case Filing Information Form (Non-Domestic)

| Court | County Fulton | Date Filed 05-18-2016 |
|---|---|---|
| ☐ Superior | | MM-DD-YYYY |
| ☑ State | Docket # | |

**Plaintiff(s)**
Robles, Alan E.

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |

No. of Plaintiffs ___1___

**Defendant(s)**
Quiktrip Corporation

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |

No. of Defendants ___1___

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Shah, Parag Y.

| Last | First | Middle I. | Suffix |
|---|---|---|---|

Bar # 648177

---

**Check Primary Type (Check only ONE)**

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☑ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

---

**If Tort is Case Type:**
(Check no more than TWO)

- ☐ Auto Accident
- ☑ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☐ Other Specify _____

Are Punitive Damages Pleaded? ☑ Yes ☐ No

**E-FILED**
16EV00239
5/18/2016 11:03:30 AI
LeNora Ponzo, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALAN ROBLES,                          |          CIVIL ACTION FILE NO.

    Plaintiff,                      |

    v.                              |          _____

QUIKTRIP CORPORATION,                 |

    Defendant.                      |

---

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT QUIKTRIP CORPORATION

**COMES NOW** Plaintiff, **ALAN ROBLES**, by and through undersigned counsel in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, and requires that Defendant **QUIKTRIP CORPORATION** (hereinafter "Defendant") answer under oath the following Interrogatories, within forty-five (45) days of service, with a copy of the answers to be furnished to Plaintiff's attorneys, Parag Y. Shah & Keith N. Evra, at the Shah Law Firm, located at 1355 Peachtree Street, NE, Suite 1800, Atlanta, Georgia 30309.

### PRELIMINARY NOTES AND INSTRUCTIONS

### 1.  CLAIMS OR PRIVILEGE OR WORK PRODUCT

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular interrogatory seeks information which encompasses facts or documents which you contend to be

properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically.  In the event any information is not provided pursuant to such contentions, Plaintiff requests that Defendant identify specifically the bases for the objection and provide sufficient information so that the Court may render decision as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 2.   CLAIMS TO CONFIDENTIALITY/PROPREITARY INFORMATION

If Defendant believes that information responsive to any interrogatory is somehow confidential because it reflects trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.  If Defendant intends to withhold information on the basis of such claims to confidentiality, Defendant should contact Plaintiff *before* responding to these interrogatories and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to information for which supported claims to confidentiality have been made.  Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 3.   BREADTH/BURDEN OBJECTIONS

It is improper for Defendant to attempt the following strategy:  wait until the time has run for responding to the interrogatories herein, interpose boilerplate objections in its responses that a particular interrogatory is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the interrogatory in its responses. If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive

responses to these interrogatories, the law requires that Defendant file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections.  Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these interrogatories.  This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

### 4.  SUBSEQUENT DISCOVERY OF INFORMATION

If in response to any of Plaintiff's interrogatories Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to these Interrogatories.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Document(s)**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase

orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      **"Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      **"Identify"** with respect to any **"person"** or any reference to stating the **"identity"** of any **"person"** means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

       (b)      **"Identify"** with respect to any **"document"** or any reference to stating the **"identification"** of any **"document"** means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of

the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    **"Communication(s)"** means and refers to both written and oral exchanges including, but not limited to, verbal conversations, such as telephone calls and/or words spoken at a meeting, encounter or speech, and any writing such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings and sketches.

5.    **"Occurrence"** means factual background alleged in Plaintiff's Complaint and any amended Complaint filed in this civil action.

6.    **"You"** or **"your"** or **"Defendant"** refers to Defendant Quiktrip Corporation ("Defendant").

7.    **"Date of the incident"** or **"incident date"** refers to September 6, 2015.

8.    **"Subject incident"** **"incident"** or **"subject occurrence"** means the aggravated assault, aggravated battery, attempted armed robbery, and attempted murder (hereinafter "the crimes") and Quiktrip's "response" to said crimes on September 6, 2015 at the Quiktrip convenience store and gas station located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274 (hereinafter "the premises"), which makes the basis of this lawsuit.

9.    If any privileges are claimed with respect to any information or **documents** requested **you** are requested to provide the following information:

    (a)    identify the document;
    (b)    the general character of the document (e.g., letter, memorandum, contract, etc.);
    (c)    the date of the document;
    (d)    the person who offered or otherwise created or generated the document;
    (e)    a brief summary of the subject matter of the document;
    (f)    the location of the document; and

(g)      the nature and grounds of the privilege claim.

## **INTERROGATORIES**

1.  Please identify the individual(s) answering and signing these Answers to Interrogatories.

2.  Please identify each person who prepared, consulted, or assisted in the preparation of the responses to these interrogatories.

3.  Please identify all persons who witnessed the occurrence.  If they are, or were, employees of your company, state:

    a.  Whether they are presently employed by you;

    b.  Their present employment position with you;

    c.  Their employment position with you at the time of the occurrence.

4.  Please identify all persons who you believe to have been at the scene of the occurrence immediately before, at the time of, or immediately subsequent to the occurrence.  If they are, or were, employees of your company, state:

    a.  Whether they are presently employed by you;

    b.  Their present employment position with you;

    c.  Their employment position with you at the time of the occurrence.

5.  If any have not been identified in your responses to Interrogatory Nos. 3 and 4, please identify all persons known to you currently who you believe to have knowledge of the facts of the occurrence and/or injuries described in the Complaint.

6.  Identify all supervisory personnel whom you employed at the subject premises, specifically any supervisory personnel or management employed or in charge of overseeing the operation

of the parking lot and/or security at the subject premises at the time of the occurrence for one year prior and one year subsequent to the occurrence, and state:

    a.  Whether they are presently employed by you;

    b.  Their present employment position with you;

    c.  Their employment position with you at the time of the occurrence.

    d.  A description of their employment task(s) on the date of the occurrence.

7.  Identify all personnel whom you employed at the subject premises on the date of the occurrence, specifically anyone employed in the day to day operation of the security at the subject premises, at the time of the occurrence, for one year prior, and one year subsequent to the occurrence, and state:

    a.  Whether they are presently employed by you;

    b.  Their present employment position with you;

    c.  Their employment position with you at the time of the occurrence.

    d.  A description of their employment task(s) on the date of the occurrence.

8.  Identify all personnel responsible for safety and planning on the subject premises, including but not limited to those personnel responsible for drafting safety protocols.

9.  Identify the owner(s) and property manager(s) of the subject premises at the time of the occurrence and presently.

10. State whether you entered into a contract with any firm, company, or individual for property management or security at the subject premises.  If so, please identify all such entities, the date(s) on which you entered into the contract(s), the duration of the work performed, and the nature and purpose of the work performed there.

11. Were any reports or statements submitted by any individual to you regarding the injury to the Plaintiff or the crimes which were committed on the subject premises on the date of the occurrence?  If the answer is in the affirmative, then please:

    a.  Identify the person(s) or company who presently has possession of said statements or reports; and,

    b.  Identify each individual who submitted a report or statement.

12. Please identify any and all manuals, rules, regulations, directives, training programs, videos, policies, procedures, guidelines, or the like that were in place on the date of the occurrence regarding safety precautions, security, and/or risk management at the subject premises, including but not limited to:

    a.  The rules/procedures/etc. regarding the appropriate response(s) of your employees when presented with "SAFE PLACE" inquiries by invitees;

    b.  The rules/procedures/etc. regarding the appropriate response(s) of your employees when an invitee or employee reports a crime in progress occurring on the subject premises.

13. Please state whether you have obtained any photograph(s) and/or visual recording(s), including surveillance, of any person, place or thing relating to the claim in this case.  For the photograph(s), please state how many photographs were taken, who took the photograph(s), the date and time each photograph was taken, what each photograph depicts, and in whose possession each photograph is at this time.  For the visual recording(s), please state when each recording was taken, what each recording depicts, and in whose possession each recording at this time.

14. Identify any policy or policies of liability insurance (including excess coverage and umbrella policies) effective on the date of the occurrence, and, if any, state the named insured(s) under each policy, the name of each insurance company underwriting the risk, the policy number(s), the effective period(s) and the maximum liability limits for each person and each occurrence under each policy.

15. Identify any and all warnings, stated verbally or displayed in any form, to give notice to pedestrians and the public at large regarding the safety, security, and/or prior violent acts occurring on the subject premises available on the date of the incident.

16. Identify all security measures, if any, which were provided at the subject premises during the evening and early morning hours on the date of the occurrence which would help protect pedestrians and the public at large who might be present at the subject premises.

17. Within the last five years, has Defendant received or become aware of complaints regarding the security of the subject premises, including any complaints of violent crimes occurring on the subject premises without adequate response or security measures in place to prevent said acts.  For each complaint:

    a.  State the date of the complaint;

    b.  Identify what was alleged to have occurred and the nature of the complaint;

    c.  Identify the person making the complaint.

18. Within the past five years, has Defendant received or become aware of any claims resulting from injuries alleged to be suffered by any person(s) on the subject premises due to claims of negligent security, inadequate response by employees of Defendant to acts occurring on the property, or failure to warn the public of the dangerousness of the subject premises.  If so,

    a.  State the date of the injury;

     b.   State the date the claim was received;

     c.   Identify the injured claimant; and,

     d.   Identify claimant's attorney (if any).

19. Identify all persons who have followed and/or in any way conducted surveillance or obtained statements from Plaintiff on behalf of Defendant since the date of the occurrence describe in Plaintiff's Complaint.  For each such person:

     a.   State under whose direction the person was acting; and,

     b.   State the date and location where the surveillance was conducted.

20. Do you contend that Plaintiff had superior or equal knowledge of the foreseeability that the crimes which occurred on the incident date would likely occur on the subject premises on the incident date?  If yes, please state the reasons why you make this contention, and identify any and all non-privileged documents supporting this contention.

21. If you contend that you did not control, own, operate, maintain, or lease the subject premises at the time of the incident or that you are not a proper party in this lawsuit, then please identify your reasons why and list who you believe should be named instead with regard to your contentions.

22. Please identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following:

     a.   The subject matter upon which each expert either has, or is, expected to investigate and form an opinion;

     b.   The substance of the facts known and opinions held by each such expert; and,

     c.   A detailed summary of the grounds for such opinion.

This, the 18th day of May, 2016.

Respectfully Submitted,

Parag Y. Shah, esq.
Georgia Bar No. 648177
Keith N. Evra, esq.
Georgia Bar No. 810271
Attorneys for Plaintiff

The Shah Law Firm
1355 Peachtree Street, Suite 1800
Atlanta, Georgia 30309
(404) 844-4874
(404) 433-1136 (cell)
(404) 410-6933 (fax)
Shah@ShahLawFirm.com

**E-FILED**
16EV00239
5/18/2016 11:03:30 AI
LeNora Ponzo, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALAN ROBLES,** | \| | **CIVIL ACTION FILE NO.** |
| | \| | |
| **Plaintiff,** | \| | |
| | \| | _____ |
| **v.** | \| | |
| | \| | |
| **QUIKTRIP CORPORATION,** | \| | |
| | \| | |
| **Defendant.** | \| | |
| | \| | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUIKTRIP CORPORATION

**COMES NOW** Plaintiff, **ALAN ROBLES,** by and through undersigned counsel in the above-styled case, pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, and requires that Defendant **QUIKTRIP CORPORATION** ("Defendant") answer under oath the following Interrogatories, within forty-five (45) days of service, with a copy of the answers to be furnished to Plaintiff's attorneys, Parag Y. Shah and Keith N. Evra at the Shah Law Firm, located at 1355 Peachtree Street, Suite 1800, Atlanta, Georgia 30309.

### 1. GENERAL NOTES

Plaintiff requests that Defendant take the time to accumulate all information that is called for by this discovery request, whether it is facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate opportunity to do so, Plaintiff will consider an extension of the time, provided the extension requested is not excessive and will be used to provide for some substantive response and not merely a tool for delay.

**Plaintiff requests that you set forth in your response the text of the request for documents propounded as well as your responses or objections to that request for documents so that it is clear from the four corners of your response what documents were sought and what your answer to that particular request for documents is.** This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine what the answer to a particular request is. If your counsel would like a copy of the Requests in Word Format, they should contact the undersigned.

Plaintiff requests that each Defendant respond to these Requests for the Production of Documents individually, separately and completely, and supplement any responses to these Requests for the Production of Documents individually, separately, and completely. In supplementing, Plaintiff requests that you do not send letters to counsel identifying additional documents or information, but that you instead provide discovery responses in the form of a pleading served on all parties.

## 2. CLAIMS OR PRIVILEGE OR WORK PRODUCT

Defendant is hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify what facts or documents exist that are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular document requested in this Request for the Production of Documents in fact encompasses facts or documents which you contend to be properly withheld from Plaintiff pursuant to some claim of privilege or work product, then you are instructed to state that contention specifically. In the event any documents are withheld from production pursuant to such contentions, Plaintiff requests that Defendant prepare a privilege log identifying the specific documents withheld by

date, author, recipients, type of privilege claimed and general subject matter, along with any other evidence which you contend supports your claims, so that Plaintiff can identify specific documents to be submitted *in camera* for review and ultimate decision by the Court as to the contentions of privilege.  Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-37(d), inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings.

### 3.   CLAIMS TO CONFIDENTIALITY/PROPREITARY INFORMATION

If Defendant believes that documents responsive to this Request for the Production of Documents are somehow confidential because they contain trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner.  If Defendant intends to withhold the production of any documents on the basis of such claims to confidentiality, it should contact Plaintiff *before* responding to these requests and attempt to resolve the issue by entry into a limited and appropriate sharing protective order applicable only to documents to which supported claims to confidentiality are made.  Failure to do so, or the interposing of such objections for the purposes of delay, will be deemed by Plaintiff to be a waiver of such claims.

### 4.   BREADTH/BURDEN OBJECTIONS

It is improper for Defendant to attempt the following strategy:  wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overbroad, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses.  If Defendant seeks to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendant file a motion for protective order

prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendant to justify any such objections.  Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests.  This note is provided specifically to put Defendant on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Georgia Civil Practice Act.

### 5.  SUBSEQUENT DISCOVERY OF INFORMATION

If in response to any of Plaintiff's requests in this Request for the Production of Documents, Defendant fails to disclose any fact and then Defendant subsequently discloses such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendant, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendant's initial responses to this Request for the Production of Documents.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1.  "**<u>Document</u>**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase

orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.    "**You**" or "**your**" or "**Defendant**" refers to Defendant Quiktrip Corporation.

5.    "**Date of the incident**" or "**Incident Date**" refers to September 6, 2015.

6.    "**Subject incident**" or "**subject occurrence**" means the aggravated assault, aggravated battery, attempted armed robbery, and attempted murder (hereinafter "the crimes") and Quiktrip's "response" to said crimes on September 6, 2015 at the Quiktrip convenience store and gas station located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274 (hereinafter "the premises"), which makes the basis of this lawsuit.

## REQUEST TO PRODUCE

1.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 10.

2.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 11.

3.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 12.

4.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 13.

5.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 14.

6.  Produce all documents in your possession, control or custody regarding the complaints identified in response to Interrogatory No. 17.

7.  Produce all documents in your possession, control or custody regarding the claims identified in response to Interrogatory No. 18.

8.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 19.

9.  Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 20.

10. Produce all documents in your possession, control or custody as identified in response to Interrogatory No. 22.

11. Please produce true, accurate and complete color copies of any photographs (prints -- not Xerox copies), still or motion pictures, videos, plans, drawings, blue prints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject incident, the parties involved in the subject incident, or any of the issues in this lawsuit, to include but not be limited to the issues of liability and damages.

12. All documents that support or concern your contentions that acts or omissions of Plaintiff caused or contributed to the subject incident.

13. Please produce true, accurate and complete copies of any documents Defendant receives as a result of subpoena or request for production to a third party.

14. All documents and other tangible things relevant to the issues in this lawsuit or that support your contentions that have not already been produced.

15. Any documents and other tangible things which support any claim or defense made by Defendant in this matter.

16. A detailed privilege log regarding any claim of privilege made in response to Plaintiff's First Interrogatories and Request for Production of Documents.


This, the 18th day of May, 2016.

Respectfully Submitted,

Parag Y. Shah, esq.
Georgia Bar No. 648177
Keith N. Evra, esq.
Georgia Bar No. 810271
Attorneys for Plaintiff

The Shah Law Firm
1355 Peachtree Street, Suite 1800
Atlanta, Georgia 30309
(404) 844-4874
(404) 433-1136 (cell)
(404) 410-6933 (fax)
Shah@ShahLawFirm.com

**E-FILED
16EV00239
5/18/2016 11:03:30 AI
LeNora Ponzo, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ALAN E. ROBLES,

     **Plaintiff,**

     v.

QUIKTRIP CORPORATION,

     **Defendant.**

| | |

**CIVIL ACTION FILE NO.**

_____

**JURY TRIAL DEMANDED**

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

This is to certify that pursuant to the provisions of Uniform Superior Court Rule 5.2, Plaintiff hereby informs the Court that the following documents have been served on Defendant Quiktrip Corporation as a part of the original discovery in this case along with the Summons and Complaint:

1. Plaintiff's First Interrogatories to Defendant Quiktrip Corporation;

2. Plaintiff's First Request for Production to Defendant Quiktrip Corporation;

3. A copy of this, Plaintiff's Rule 5.2 Certificate of Service of Discovery Materials.

The undersigned attorney states that the foregoing discovery document was served upon Defendant Quiktrip Corporation, through private process server, along with the Summons and Complaint:

**Defendant Quiktrip Corporation**
**c/o CT Corporation, Registered Agent for Service**
**1201 Peachtree St. NE**
**Atlanta, GA 30361**

I further certify that, in accordance with O.C.G.A. § 9-11-29.1(a), the undersigned responsible for service of the above documents acknowledges that they are in possession of the

originals of the foregoing and the custodian thereof, the same to be held in accordance with the foregoing local rule.

This, the 18th day of May, 2016.

Respectfully Submitted,

Parag Y. Shah, esq.
Georgia Bar No. 648177
Keith N. Evra, esq.
Georgia Bar No. 810271
Attorneys for Plaintiff

The Shah Law Firm
1355 Peachtree Street, Suite 1800
Atlanta, Georgia 30309
(404) 844-4874
(404) 433-1136 (cell)
(404) 410-6933 (fax)
Shah@ShahLawFirm.com

State Court of Fulton County
**E-FILED**
16EV002390
6/17/2016 3:45:32 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES                )
                              )
    Plaintiff,           )
                              )
v.                            )    Case No. 16EV002390
                              )
QUIKTRIP CORPORATION          )
                              )
                              )
                              )
    Defendant.           )
_____ )

## ANSWER OF DEFENDANT QUIKTRIP CORPORATION
## TO PLAINTIFF'S COMPLAINT

COMES NOW QuikTrip Corporation, named as a Defendant in the above-styled action, and files its Answer to Plaintiff's Complaint.

### FIRST DEFENSE

For a First Defense, Defendant responds to the numbered paragraphs of the Complaint as follows:

### PARTIES, VENUE & JURISDICTION

**1.**

Defendant admits the allegations contained in Paragraph 1 of the Complaint.

**2.**

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.

**3.**

Defendant admits this is one proper venue for this action.

1

## STATEMENT OF FACTS

4.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant admits that at the time of the incident in question, it occupied and managed the QuikTrip store located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

Defendant admits it operated a business on the premises, open to lawful invitees. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint.

13.

Defendant admits that on the date of this incident, QuikTrip maintained the subject QuikTrip store located at 93 Upper Riverdale Road, Riverdale, Clayton County, Georgia 30274. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint regarding "parking lot adjacent to both the pumps and convenience store, walkways, means of egress and ingress from the premises" as those terms are vague and undefined.

14.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant admits it partners with the "Safe Place" program to designate its stores as Safe Place sites for at-risk youth. QuikTrip denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

**COUNT ONE – NEGLIGENCE:**

**WITH ACTUAL OR CONSTRUCTIVE KNOWLEDGE THAT AN ATTACK WAS TAKING OR GOING TO TAKE PLACE, DEFENDANT FAILED TO INTERVENE TO PROTECT PLAINTIFF**

21.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint as set forth above.

22.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

4

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant admits to any duty required by law, but denies that Paragraph 26 is an accurate representation of any such duty.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT TWO – NEGLIGENCE:

## DEFENDANT FAILED TO EXERCISE ORDINARY CARE TO PROTECT PLAINTIFF ON ITS PREMISES FROM FORSEEABLE DANGEROUS CONDUCT OF OTHERS

30.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint as set forth above.

31.

Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.

Defendant admits to any duty owed to its invitees required by law, but denies that Paragraph 34 is an accurate statement of any such duty and is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34 of the Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

### COUNT THREE – NEGLIGENCE:

### WITH ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF NUMEROUS PRIOR VIOLENT CRIMES OCCURRING ON ITS PREMISES, DEFENDANT MISLED THE PLAINTIFF INTO A BELIEF THAT THE DANGEROUS OR HAZARDOUS CONDITIONS HAD BEEN REMOVED

37.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint as set forth above.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

38. [sic]

Defendant denies the allegations contained in Paragraph 38 [sic] [duplicate number] of the Complaint.

39.

Defendant admits it partners with the "Safe Place" program to designate its stores as Safe Place sites for at-risk youth. QuikTrip denies the allegations contained in Paragraph 17 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

**COUNT FOUR – NEGLIGENCE PER SE**

46.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 45 of the Complaint as set forth above.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 and its subparts of the Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of the Complaint.

**COUNT FIVE – DAMAGES**

8

57.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 56 of the Complaint as set forth above.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## COUNT SIX – PUNITIVE DAMAGES

64.

Defendant herein reasserts and incorporates by reference its responses to Paragraphs 1 through 63 of the Complaint as set forth above.

65.

Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.

Defendant denies that Plaintiff is entitled to the relief requested.

67.

Any and all allegations not specifically responded to herein are denied.

## SECOND DEFENSE

For a Second Defense, Defendant asserts that the incident described in the Complaint was a result of Plaintiff's failure to exercise ordinary care for his own safety.

## THIRD DEFENSE

For a Third Defense, Defendant asserts the defense of mutual combat.

## FOURTH DEFENSE

For a Fourth Defense, Defendant asserts that it breached no duty owed to Plaintiff.

## FIFTH DEFENSE

For a Fifth Defense, Defendant asserts that no act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

## SIXTH DEFENSE

For a Sixth Defense, Defendant asserts that to the extent the evidence supports it, Plaintiff may have assumed the risk of damages.

## SEVENTH DEFENSE

For a Seventh Defense, Defendant asserts that the Plaintiff's damages, if any, were proximately caused by the intentional act or negligence of a third party over whom this Defendant had no control or legal responsibility, with the result that Plaintiff is not entitled to recover against this Defendant.

## EIGHTH DEFENSE

For an Eighth Defense, Defendant asserts that Plaintiff's injuries were the result of a criminal act of a person(s) not a party to this lawsuit and that Defendant is not liable to the Plaintiff for the criminal actions of that person(s).

## NINTH DEFENSE

For a Ninth Defense, Defendant asserts that the alleged actions of third parties were not foreseeable to this Defendant.

## TENTH DEFENSE

For a Tenth Defense, Defendant asserts that Plaintiff cannot show by clear and convincing evidence that this Defendant engaged in conduct sufficient to warrant punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## ELEVENTH DEFENSE

For an Eleventh Defense, Defendant asserts that Plaintiff is not entitled to recover punitive damages from this Defendant.

WHEREFORE, having fully answered, Defendant requests that this case go forward and that it receive a judgment in its favor, with all costs cast against Plaintiff, and such other and further relief as the Court deems just and proper under the circumstances.

This 17th day of June, 2016.

Respectfully submitted,

/s/ Nicole C. Leet
Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No.: 133044
Myada E. Baudry
Georgia Bar No.: 806296
Attorneys for Defendant QuikTrip Corporation

11

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404-870-7439 (Baudry)
404 870-7374 fax
e-mail: mrust@grsmb.com
nleet@grsmb.com
mbaudry@grsmb.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 16EV002390
                                        )
QUIKTRIP CORPORATION                    )
                                        )
                                        )
                                        )
        Defendant.                      )
_____    )

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Answer of Defendant**

**QuikTrip Corporation to Plaintiff's Complaint** upon all counsel of record via

EFileGA/Odyssey Filing System to:

Parag Y. Shah
Keith N. Evra
The Shah Law Firm
1355 Peachtree Street
Suite 1800
Atlanta, GA 30309

This 17th day of June, 2016.

/s/ Nicole C. Leet
Nicole C. Leet
Georgia Bar No.: 133044
Attorney for Defendant QuikTrip Corporation

13

State Court of Fulton County
**E-FILED**
16EV002390
6/17/2016 3:45:32 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES          )
          )
    Plaintiff,       )
          )
v.               )    Case No. 16EV002390
          )
QUIKTRIP CORPORATION   )
          )
          )
          )
    Defendant.     )
          )

## QUIKTRIP CORPORATION'S DEMAND FOR TWELVE PERSON JURY

COMES NOW QuikTrip Corporation, Defendant in the above-styled civil action, and pursuant to O.C.G.A. § 15-12-122(a)(2), hereby demands that this case be tried by a jury of twelve persons.

This 17th day of June, 2016.

/s/ Nicole C. Leet
Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No. 133044
Attorneys for Defendant QuikTrip Corporation

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404 870-7374 fax
e-mail: mrust@grsmb.com
nleet@grsmb.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ALAN E. ROBLES                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 16EV002390
                                        )
QUIKTRIP CORPORATION                    )
                                        )
                                        )
                                        )
        Defendant.                      )
_____)

**CERTIFICATE OF SERVICE**

I further hereby certify that I have this day served a copy of the foregoing **QUIKTRIP CORPORATION'S DEMAND FOR TWELVE PERSON JURY** upon all counsel of record via EFileGA/Odyssey Filing System as follows:

Parag Y. Shah
Keith N. Evra
The Shah Law Firm
1355 Peachtree Street
Suite 1800
Atlanta, GA 30309

This 17th day of June, 2016.

/s/ Nicole C. Leet
Nicole C. Leet
Georgia Bar No. 133044
Attorney for Defendant QuikTrip
Corporation