IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALAN E. ROBLES          )
                             )
       Plaintiff,         )
                             )
v.                         )     Case No. 1:16-CV-02050-MLB
                             )
QUIKTRIP CORPORATION   )
                             )
                             )
                             )
       Defendant.      )
_____ )

## <u>DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY DAUBERT MOTION/MOTION TO EXCLUDE DEFENDANT'S EXPERT</u>

COMES NOW Defendant QuikTrip Corporation, by and through counsel, and moves to strike Plaintiff's <u>Daubert</u> Motion/Motion to Exclude Defendant's Expert as untimely and in violation of a Court Order.

**I.    Plaintiff's Motion in Limine to Exclude Defendant's Expert/ <u>Daubert</u> Motion is Untimely and Violates the Court's Order Setting the Deadline for <u>Daubert</u> Motions Almost Ten Months Ago.**

Plaintiff's <u>Daubert</u> Motion is untimely, as is his "Motion in Limine" that is a <u>Daubert</u> Motion with another title, as they both directly violate an Order of the Court.

Repeated extensions and delays with Plaintiff's own expert's deposition culminated in an Order from Judge Duffey compelling Plaintiff's expert to appear

for a deposition, and explicitly setting the Daubert Motion deadline for June 19, 2017. [Doc. 70]. The Order explicitly stated no further continuances would be granted. [Doc. 70].

Here, Plaintiff has not even attempted to move for a continuance to allow his untimely Daubert Motion or Motion in Limine that is a Daubert Motion with another title. Rather Plaintiff seeks to defy a Court Order with semantics, by naming a Daubert Motion a "Motion in Limine." Plaintiff's Motion in Limine to exclude Defendant's expert explicitly cites Daubert and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) as well as Fed. R. Evid. 403 and 702. This is not a mere motion in limine, but a Daubert Motion that is directly controlled and prohibited by the Court's Order to be filed by June 19, 2017. Although it is unclear whether it is in addition to or in the alternative of this misnamed Motion in Limine, Plaintiff also files a portion of the Motion in Limine titled as a Daubert Motion. Both motions should be stricken as they violate the Court's Order setting scheduling deadlines[1] and no good cause has been shown to allow such an exception to the Order.

---

[1] There is no conflict between the Court's authority to set deadlines, including for filing motions such as Daubert Motions, and Fed. R. Evid. 702, as Fed. R. Evid. 702 itself sets forth no procedural requirements. See Advisory Committee Note to 2000 Amendment to Fed. R. Evid. 702.

The district court in a civil action has a duty to issue a scheduling order setting deadlines to file motions. Fed. R. Civ. P. 16(3). Judge Duffey, after numerous discovery issues, set a final deadline of June 19, 2017 for the filing of Daubert Motions. [Doc. 70]. Plaintiff is now trying to defy that Order and file a Daubert Motion almost ten months after the deadline set by the Court. Plaintiff has not shown good cause for not filing such a Motion until well after the deadline. Fed. R. Civ. P. 16(b) (requiring good cause to extend a deadline).

A "belief that both experts should be allowed to testify to the jury in this case" is not justification or good cause for failing to comply with court deadlines if, as is now asserted, Plaintiff believes an expert should be excluded on Daubert grounds. There is has been no new information or discovery to change Defendant's expert's report. The motion could easily have been presented by the ordered date. Plaintiff simply was not diligent. Plaintiff did not even request a deposition of Defendant's expert to inquire into any of the opinions of Defendant's expert. Nor did Plaintiff seek leave to file a late motion soon after Defendant filed its Daubert Motion. Only now, when faced with the exclusion of his own expert for unreliable opinions, Plaintiff seeks extraordinary remedies with no justification or "good cause" shown.

The primary consideration in determining whether a party has shown "good cause" is "diligence of the moving party." Grochowski v. Phoenix Constr., 318

F.3d 80, 86 (2d Cir. 2003). "Good cause" has been described as entailing that "scheduled deadlines cannot be met despite a party's diligence." Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997)(citing 6A Wright, Miller & Kane, Fed. Practice and Procedure §1522.1 at 231 (2nd Ed. 1990)). While the court in its discretion may consider other factors, diligence remains the central focus of the court's inquiry, and good cause must be found. See Fed. R. Civ. P. 16, advisory cmte. note (1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); S&W Enters., LLC v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003) ("[The plaintiff's] explanation for its delay []… - inadvertence – is tantamount to no explanation at all" and is not good cause);  Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (holding that Rule 16(b)'s "good cause" standard focuses on a party's diligence); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."); Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998) (finding that once the deadline had passed, good cause required to modify scheduling order and no good cause shown by mere delay). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief [under Rule 16(b)]." Johnson, 975 F.2d at 609.

Defendant properly met all of the Court's deadlines, including properly seeking leave of Court when a deadline was in jeopardy of not being met due to delay by other persons despite diligence of counsel. [See Doc. 65]. Now Plaintiff attempts to sandbag Defendant by attempting to disguise an untimely Daubert Motion as a Motion in Limine, which allows only one week for a response by Defendant.

This tactic is not what was contemplated by the Court in setting deadlines for both the filing of Daubert Motions and Motions in Limine. Daubert Motion deadlines were set by Court Order far enough in advance to allow proper briefing and response[2], and gave more than adequate time (after multiple extensions of discovery) for both parties to examine and inquire into each expert's opinions. Plaintiff simply chose not to do so. Plaintiff has violated the Order setting the deadline for Daubert Motions, and as such, his disguised "Motion in Limine" Daubert Motion, and named Daubert Motion should be stricken as untimely, with no good cause shown as to the failure to comply with the Court's Order. See Desir v. Austin, 2015 WL 4546625 (E.D.N.Y. July 28, 2015)(holding an extension of the summary judgment deadline not warranted because no good cause shown for failure to comply with the court's deadline); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992)("Disregard of the [scheduling] order would

---

[2] Plaintiff's counsel even received a consent extension of time to respond to the Daubert Motion filed by Defendant. [Docket entry on Doc. 78].

undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."); <u>Feliciano-Hill v. Principi</u>, 439 F.3d 18, 24-25 (1st Cir. 2006) (plaintiff's objection to admission of defense expert testimony was untimely where she waited until moments before that testimony to object even though she had received doctor's report five months earlier; <u>Daubert</u> generally contemplates a gatekeeping function, not a "gotcha" junction); <u>Alfred v. Caterpillar, Inc.</u>, 262 F.3d 1083, 1087 (10th Cir. 2001)(finding <u>Daubert</u> generally contemplates a 'gatekeeping' function, not a 'gotcha' function therefore the court may reject <u>Daubert</u> motions as untimely).

**WHEREFORE** Defendant submits that Plaintiff's Motion in Limine to Exclude Defendant's Expert/<u>Daubert</u> Motion should be stricken as violating a Court Order with no good cause shown for the almost ten month dilatory delay in filing.

This  _6th_  day of April, 2018.

Respectfully submitted,

/s/ Nicole C. Leet
Michael J. Rust
Georgia Bar No. 621257
Nicole C. Leet
Georgia Bar No. 133044
Attorneys for Defendant QuikTrip
Corporation

6

**Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
404-870-7375 (Rust)
404-870-7434 (Leet)
404 870-7374 fax
e-mail:      mrust@grsmb.com
             nleet@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALAN E. ROBLES                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Case No. 1:16-CV-02050-MLB
                                  )
QUIKTRIP CORPORATION              )
                                  )
                                  )
                                  )
        Defendant.                )
_____ )

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, copies of **Defendant's Motion to Strike Plaintiff's Untimely Daubert Motion/Motion to Exclude Defendant's Expert** were electronically served with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

Parag Y. Shah
Elizabeth George
The Shah Law Firm
1355 Peachtree Street
Suite 1800
Atlanta, GA 30309

This  6th  day of   April  , 2018.

8

/s/ Nicole C. Leet
Nicole C. Leet
Georgia Bar No. 133044
Attorney for Defendant QuikTrip
Corporation